UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | January 12, 2018 |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
DEFENDANT FROM ELICITING HIS OWN INTERVIEW STATEMENTS**

The Government respectfully requests that the Court issue an order precluding the defendant David Demos from introducing, through cross-examination or otherwise, his own prior out-of-court statements to the Government.

**BACKGROUND**

Prior to his indictment, the Government interviewed defendant on three separate occasions. The first interview was at defendant's home in April 2014, where he was not represented by an attorney. The second and third interviews occurred in January 2016 and March 2016, respectively, at the U.S. Attorney's office, where defendant was accompanied by his attorney and spoke under proffer protection. During the course of these three interviews, defendant made potentially exculpatory self-serving statements, including with respect to his intent to defraud and the materiality of his misrepresentations.

**APPLICABLE LAW**

Under Rule 801(d)(2)(A), the Government may offer a defendant's inculpatory prior out-of-court admissions as evidence of guilt.[1] Fed. R. Evid. 801(d)(2)(A) ("A statement is not hearsay

---

[1] Here, the parties' proffer agreement expressly authorizes the Government to introduce defendant's interview statements at trial to rebut any defense evidence or argument. Until we hear the defense's evidence and argument, it is impossible to say whether the Government will seek to do so, and, if so, which admissions will be relevant.

if…[it] is offered against a party and is [] the party's own statement."); *see also, e.g., United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("[U]nder Rule 801(d)(2)(A), a defendant's statement offered by the Government is not hearsay, because it is simply a statement of the opposing party.") (internal quotes omitted).

In contrast, a defendant generally may not introduce his own out-of-court statements for the truth of the matter asserted. *See United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are 'hearsay, and . . . not admissible'") (citation omitted); *Marin*, 669 F.2d at 84 ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). A defendant may not use his prior out-of-court statements as a substitute for his own testimony. *See United States v. Davidson,* 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004) (precluding defendant from introducing a hearsay letter in an "attempt to get [the defendant's] side of the story in front of the jury without him[self] testifying and opening him[self] up to cross-examination").

In some instances, a defendant's out-of-court statement may be offered to show "state of mind," *see* Fed R. Evid. 803(3), but only where the statement offered was made contemporaneously with the allegedly criminal acts. *See United States v. Cardascia*, 951 F.2d 474, 487-88 (2d Cir. 1991).

## ARGUMENT

Defendant should be precluded from eliciting his own interview statements to the Government, either through cross-examination of the Government's witnesses or through direct examination of law enforcement witnesses in a defense case. Such statements are inadmissible hearsay not subject to an exception. If defendant wants to provide the jury with his personal

version of facts, he must take the stand.[2] Allowing defendant to offer his interview statements through other witnesses would provide an end-run around the adversarial process by allowing him to "testify" without being subject to the "oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and most importantly, the right of the opponent to cross examine." *Williamson v. United States*, 512 U.S. 594, 598 (1994). The Court should not allow this.

## CONCLUSION

For the reasons set forth above, the Court should preclude defendant from referring to or eliciting from other witnesses his own interview statements.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

      /s/
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

---

[2] Even if defendant were to testify in his own defense, his interview statements would still be inadmissible hearsay under Rule 801(d)(1).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                __/s/_____
                                                HEATHER CHERRY
                                                ASSISTANT UNITED STATES ATTORNEY