UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | January 12, 2018 |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING EXERCISE OF PROSECUTORIAL DISCRETION**

The Government respectfully moves that the Court issue an order pursuant to Federal Rule of Evidence 403 precluding the defendant David Demos from presenting evidence or argument concerning the lack of prosecution of purportedly similarly-situated individuals or speculating as to the Government's motive for prosecuting him. Such a defense, challenging the reason for the Government's exercise of its prosecutorial discretion, is not properly presented to a jury and should be precluded.

**ARGUMENT**

The Court should preclude the defense from introducing evidence or argument concerning the Government's decision to bring charges against Demos and not others purportedly similarly-situated to Demos. Such evidence would be irrelevant to the issues to be decided by the jury—including whether Demos's misrepresentations were material or whether he acted with criminal intent—and stands to create substantial prejudice.

It would be inappropriate for Demos to attempt to paint this case as a selective or vindictive prosecution targeting a defendant or conduct that would not otherwise be prosecuted. Selective prosecution is not a defense on the merits to the criminal charge itself, but one based on "defects in instituting the prosecution," Fed. R. Crim. P. 12(b)(3), that must be made by motion before trial. *Id; see also United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983)

("In this Circuit, a defendant who advances a claim of selective prosecution must do so in pretrial proceedings."); *United States v. Taylor*, 562 F.2d 1345, 1356 (2d Cir. 1977) (same). Such a claim is irrelevant and never properly tried to the jury.

The Government's charging decisions against others are likewise irrelevant. The leading Second Circuit case dealing with the use of prosecutorial discretion is *United States v. Regan*, 103 F.3d 1072 (2d Cir. 1997). In *Regan*, a police officer charged with perjury sought to defend himself at trial by claiming that the grand jury investigation in which he lied was "illegitimate" and a Government trap. *See id*. at 1081. Prior to trial, then-District Court Judge Chin precluded such a defense, finding the defendant's claim that the Government had "improper motives" in prosecuting him was not relevant to his guilt or innocence and thus was a matter "for the Court and not the jury." *See United States v. Regan*, No. 95 Cr. 29 (DC), 1995 WL 479416, at *2 (S.D.N.Y. Aug. 14, 1995). On appeal, the Second Circuit upheld Judge Chin's order and approved of its reasoning, finding that despite Regan's attempt to characterize his claim as a defense on the merits, his allegation of "outrageous government conduct" was "ultimately separate from the issue of factual guilt." *Regan*, 103 F.3d at 1082. The Second Circuit analogized his claim to one of selective prosecution, and held that Regan's complaint was really that there was a "defect in the institution of the prosecution," and thus must be decided by the court rather than tried to the jury. *Id*. The court noted that trying the matter of the propriety of the Government's conduct before the jury would improperly "add a new element to the crime," distracting the jurors from evaluation of the defendant's guilt. *Id*. at 1081.

Similarly, in *United States v. Stewart*, No. 03 Cr. 717(MGC), 2004 WL 113506 (S.D.N.Y. Jan. 26, 2004), the court considered and rejected defense efforts to "present[] arguments or evidence that would invite the jury to question the Government's motives in

investigating and indicting [Martha] Stewart." *Id*. at * 1.  Because "[s]uch arguments are essentially claims of selective prosecution," the court ruled that the claim "must be directed to the court, not the jury, because it raises an issue that is independent of the question of the defendant's guilt or innocence." *Id*. (citing *Regan*, 103 F.3d at 1082).  Moreover, in addressing the defendant's "wish[] to elicit from witnesses who are cooperating with the Government their understanding of the Government's eagerness to obtain evidence against Ms. Stewart," the court ruled that "any evidence that raises questions of prosecutorial bias against Stewart has no bearing on the issues properly before the jury, including the credibility of cooperating witnesses." *Id*.

Moreover, even if presenting evidence concerning the use of prosecutorial discretion were permissible, introducing the subject to the jury would create substantial prejudice.  The Government's response to any such argument would virtually require presentation of evidence concerning why certain investigative or prosecutorial decisions were made, topics that have nothing to do with the charged crimes.  Any argument regarding prosecutorial decision-making would therefore cause needless confusion of the relevant issues in violation of Rule 403 of the Federal Rules of Evidence.

Accordingly, Demos should not be permitted—through his own testimony, cross-examination of Government witnesses, or argument—to speculate as to the Government's motive for prosecuting him or refer to the absence of charges against others.

## **CONCLUSION**

For the reasons set forth above, the Court should preclude the defendant from presenting evidence or argument concerning the lack of prosecution of purportedly similarly-situated

individuals or speculating as to the Government's motive for prosecuting him.

                                                  Respectfully submitted,

                                                  JOHN H. DURHAM
                                                  UNITED STATES ATTORNEY

                                                  _____/s/_____
                                                  JONATHAN N. FRANCIS
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  Federal Bar No. phv05083
                                                  jonathan.francis@usdoj.gov
                                                  HEATHER L. CHERRY
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  Federal Bar No. phv07037
                                                  heather.cherry@usdoj.gov
                                                  157 Church Street, 25th Floor
                                                  New Haven, CT  06510
                                                  Tel.: (203) 821-3700

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

                                              /s/
                            JONATHAN N. FRANCIS
                            ASSISTANT UNITED STATES ATTORNEY