UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | January 12, 2018 |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND ARGUMENT SUGGESTING THE ABSENCE
OF CRIMINAL ACTIVITY IN UNCHARGED TRANSACTIONS**

The Government respectfully moves this Court for an order prohibiting the defendant David Demos from introducing evidence pertaining to "other good acts" or the supposed absence of criminal activity in uncharged securities transactions. Just as a bank robber cannot introduce evidence of all the times she went into a bank and did not rob it, here Demos may not present evidence of uncharged trades in which he did not break the law.

**ARGUMENT**

Demos is charged with making fraudulent statements to victims to obtain unearned compensation for himself and his firm on RMBS trades. The Superseding Indictment charges six specific trades as securities fraud, and the Government anticipates that it will introduce other uncharged fraudulent trades that were executed as part of the scheme. At trial, Demos will have ample opportunity to attack the Government's theory as to each transaction about which the Government offers specific testimony or evidence. However, any evidence that shows Demos engaged in other trades that were not fraudulent is irrelevant and, thus, inadmissible under Fed. R. Evid. 401. Even if such evidence had some marginal relevance to Demos's motive or intent, it would be substantially outweighed by its tendency to waste time and to confuse the jury. Fed. R. Evid. 403. Furthermore, if that evidence were somehow relevant to Demos's character, it would be barred by Fed. R. Evid. 405(a) (prohibiting use of specific acts to prove character), and

Fed. R. Evid. 404(b) (prohibiting use of specific acts to show character for propensity purposes).

## I. THE ABSENCE OF CRIMINAL CONDUCT IN UNCHARGED TRANSACTIONS IS IRRELEVANT

Because "[e]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant," *United States v. Boykoff*, 67 F. App'x 15, 20 (2d Cir. 2003) (quoting *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978)), the Court should exclude any evidence relating to Demos's allegedly "innocent," uncharged transactions.

Second Circuit precedent holds that the lack of criminality in uncharged transactions is irrelevant to whether Demos is guilty of the charged fraud scheme.  For instance, in *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000), the Second Circuit affirmed the trial court's decision to preclude evidence of trips to Jamaica by a defendant—charged with importing cocaine—during which he did not engage in drug activity, reasoning that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."  *See also United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) (affirming conviction of defendant for preparing false immigration asylum applications, holding evidence that he also prepared legitimate ones was "simply irrelevant"); *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990) (tapes purporting to show defendants' innocuous conduct were irrelevant and inadmissible).

Applying this precedent, trial courts in the Second Circuit have excluded evidence of uncharged innocuous conduct.  *See, e.g.*, *United States v. Fiumano*, No. 14-CR-518, 2016 WL 1629356, at *7 (S.D.N.Y. Apr. 25, 2016) ("The principle is rather elementary.  A defendant charged with robbing a bank in Manhattan on April 22 cannot offer as evidence to disprove the charged crime that . . . he did not rob the Manhattan branch on April 20, 21, 23, and 24, because this evidence is irrelevant to the charge that he robbed the Manhattan bank on April 22."); *United*

*States v. Nekritin*, No. 10-CR-491, 2011 WL 2462744, at *5 (E.D.N.Y. June 17, 2011) (excluding evidence that defendant legitimately billed for some Medicare and Medicaid covered procedures, where indictment charged fraudulent billing practices "with respect to a limited number of patients");[1] *United States v. Perez*, No. 09-CR-1153, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (excluding evidence that defendant acted legitimately when preparing some asylum applications, where indictment charged fraudulent preparation of others). Likewise, this Court should exclude evidence of Demos's bond transactions that are allegedly non-criminal because such evidence is not relevant to the charged conduct in this case.

## II. ANY MARGINAL RELEVANCE THIS EVIDENCE MIGHT HAVE IS SUBSTANTIALLY OUTWEIGHED BY THE RISK OF CONFUSING THE JURY.

Even if evidence of Demos's allegedly innocuous conduct was relevant to the charged crime, which it is not, the Court should exclude the evidence under Rule 403.

If Demos were to introduce evidence of purportedly innocuous uncharged transactions, the jury would first have to scrutinize those trades to decide for itself whether or not he engaged in criminal conduct in each of those instances. This process would be time-consuming, and runs the risk of creating a "trial within a trial" as to each trade. *See United States v. Bowe*, 360 F.2d 1, 16 (2d Cir. 1966) (upholding district court's exclusion of defendant's evidence where "it is apparent . . . that the introduction of the proffered testimony would have opened up a trial within a trial"). Such evidence should, therefore, be excluded because it stands to improperly confuse the issues, mislead the jury, create undue delay and waste time, all in service of little, if any, probative value. *See United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984)

---

[1] The *Nekritin* court noted a possible exception to this rule where a defendant was charged with "ceaseless, all-encompassing criminal conduct." 2011 WL 2462744, at *5. Here, in contrast, the Government charged Demos with a limited number of bond transactions as executions of a fraudulent scheme or as containing false statements.

(upholding district court's exclusion under Rule 403 of defendant's evidence about uncharged conduct); *cf. United States v. Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (upholding district court's limitations on defendant's cross-examination with respect to uncharged conduct under Rule 403).

### III. INNOCUOUS CONDUCT IN UNCHARGED TRANSACTIONS IS INADMISSIBLE PROPENSITY EVIDENCE OF DEFENDANTS' GOOD CHARACTER

Since character evidence "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time," character cannot be proven through evidence of specific acts. Fed. R. Evid. 405 advisory committee's notes; Fed. R. Evid. 405(a) (limiting evidence of character to testimony as to reputation, or testimony offering an opinion as to character).  Under Rule 405, evidence of specific acts is limited to cross-examination, *id.*, or to cases where character "is an essential element of a charge, claim, or defense," Fed. R. Evid. 405(b).

Any attempt by Demos to prove his non-criminal character by introducing evidence of his purportedly innocuous conduct in uncharged transactions would violate Rule 405(a), which prohibits the use of specific acts' evidence under these circumstances.  For instance, in *United States v. Benedetto*, the Second Circuit held that "the defense improperly attempted to establish the meat inspector defendant's good character by reference to specific good acts" when it introduced testimony that he did not take bribes at other plants.  571 F.2d 1246, 1247-48 (2d Cir. 1978).  It would be equally improper here for the defense to introduce evidence about specific instances where Demos did not make misrepresentations or perpetrate a fraudulent scheme in an attempt to support an inference that his character makes it unlikely that he did so in the charged transactions.

Further, specific act evidence is not admissible under Rule 405(b)'s limited exception for when substantive charges make character an issue.  *See United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997); *see also* 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal*

- 4 -

*Practice and Procedure—Evidence* § 5267 (1st ed. 1978) ("relatively few" cases fall under Rule 405(b)).  In this case, the elements of the charged crimes turn on intent and knowledge, but not character.  *See Doyle*, 130 F.3d at 542 (treating intent and knowledge as elements that can be refuted by specific character acts would "distort[] Rule 405 beyond recognition").

Excluding this evidence is also consistent with Rule 404(b), which forbids the use of acts other than those involving the charged crimes "to prove the character of a person in order to show action in conformity therewith."  *See United States v. Quattrone*, 441 F.3d 153, 191-92 (2d Cir. 2006) (affirming exclusion under Rule 404(b) of legitimate emails, where defendant charged with obstruction via a specific email).  Although this rule permits the admission of prior acts for other purposes, here, any attempt by Demos to introduce evidence of his allegedly lawful conduct in uncharged transactions could serve no other purpose than asking the jury to draw an improper propensity inference.

## CONCLUSION

The Court should prohibit Demos from introducing any evidence or presenting any argument to the jury regarding the purported absence of criminal activity in uncharged transactions.

- 6 -

      Respectfully submitted,

      JOHN H. DURHAM
      UNITED STATES ATTORNEY

      _____/s/_____
      JONATHAN N. FRANCIS
      ASSISTANT UNITED STATES ATTORNEY
      Federal Bar No. phv05083
      jonathan.francis@usdoj.gov
      HEATHER L. CHERRY
      ASSISTANT UNITED STATES ATTORNEY
      Federal Bar No. phv07037
      heather.cherry@usdoj.gov
      157 Church Street, 25th Floor
      New Haven, CT  06510
      Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                /s/
                  JONATHAN N. FRANCIS
                  ASSISTANT UNITED STATES ATTORNEY