UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | January 12, 2018 |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
EVIDENCE OR ARGUMENT REGARDING FAIR MARKET VALUE**

The Government respectfully requests that the Court issue an order precluding the defendant David Demos from introducing any evidence or argument that bonds fraudulently traded in the scheme were priced at fair market value.

## BACKGROUND

From November 2011 until February 2013, Demos allegedly made fraudulent statements to victims to obtain unearned compensation on RMBS trades for himself and Cantor Fitzgerald ("Cantor"). Demos perpetrated this scheme by misrepresenting information relevant to victims' price negotiations: falsely overstating Cantor's purchase price and understating Cantor's sale price, causing the buying victim to pay more money and the selling victim to accept less. A portion of the profits from this scheme flowed directly to Demos, whose compensation was based on the profitability of his trades.

Information about bond trades is not publicly available; no one (other than the parties) knows the price at which a bond was bought or sold. In fact, even a seller might never know the price the buyer paid, and a buyer might never know the price the seller accepted. Such information was in the exclusive control of the broker-dealer, which had no obligation to share it. The fact that buy and sell prices were not publicly available made it possible for Demos to make price misrepresentations during negotiations.

In order to evaluate whether to trade a particular RMBS and at what price, Cantor's customers, including the victims, analyzed the fundamental attributes of the bond, often using mathematical models resulting in a range of prices at which they perceived a trade to be attractive. In this case, the price at which the victim ultimately paid, if a buyer, or ultimately received, if a seller, was affected by Demos's lies, which induced victims to trade at less favorable prices, albeit ones still within their acceptable range of prices. In the opaque, thinly-traded RMBS market, bonds have no independently ascertainable "fair market value"; they only have the price at which a willing buyer and seller agree to trade.

## ARGUMENT

In *United States v. Litvak*, the Second Circuit upheld Judge Hall's decision to exclude testimony that RMBS bonds traded in a scheme analogous to that charged in this case were priced within the range of fair value:

> Whether the prices were "fair" was not an element of any of the crimes with which Litvak was charged and the potential confusion from such testimony might have outweighed any probative value. The principal issues at trial were whether a reasonable investor might have found the misstatements important and whether Litvak intended to deceive the purported victims. This testimony would not have addressed either; the District Court did not exceed its allowable discretion in concluding that whether the price the alleged victims paid was within a range of "fairness" was not relevant to determining if the misstatements themselves were important to a reasonable investor or whether Litvak intentionally deceived the counterparties' representatives.

808 F.3d 160, 185-86 (2d Cir. 2015).

As in *Litvak*, Demos is charged with lying about prices in order to generate extra profit for himself and his firm. Thus, applying the Second Circuit's decision in *Litvak*, evidence concerning the fair market value, the price context of the market, or the expected or reasonable range of prices for bonds should be excluded both under Rule 401 as irrelevant to the charges

- 3 -

and under Rule 403 as substantially more prejudicial than probative.[1]  *Id*.  There is no safe harbor under the federal securities laws for otherwise fraudulent transactions that a defendant can prove were executed within a fair or "expected" or "reasonable range" of prices.

Accordingly, the Court should issue an order precluding Demos from introducing evidence or arguing that bonds traded as part of his scheme were priced at fair market value, within the context of the market, or within an expected or reasonable range.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

      /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

---

[1] The Government does not object to the introduction of information actually known by victims at the time of Demos's fraudulent trades.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

  /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY