UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | January 12, 2018 |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
EVIDENCE OR ARGUMENT REGARDING OTHER BROKER-DEALERS**

The Government respectfully requests that the Court issue an order precluding the defendant David Demos from introducing evidence or argument regarding events or practices at broker-dealer firms other than Cantor Fitzgerald ("Cantor"), absent evidence that either RMBS investors or Demos was aware of them at the time.

## BACKGROUND

From November 2011 until February 2013, Demos allegedly made fraudulent statements to victims to obtain unearned compensation on RMBS trades for himself and Cantor. Demos perpetrated this scheme by misrepresenting information relevant to victims' price negotiations: falsely overstating Cantor's purchase price and understating Cantor's sale price, causing the buying victim to pay more money and the selling victim to accept less.

At the defense's request, the Government has produced voluminous materials gathered or created in the course of other investigations into allegations of similar fraud schemes at other broker-dealer firms trading fixed income products. Some of those investigations have resulted in charges against traders similarly situated to Demos for misrepresentations like those charged against Demos. *See United States v. Litvak*, 3:13-cr-19 (JCH) (2013 securities fraud indictment against Jefferies trader resulting in conviction in 2014 and, after retrial, 2017); *United States v. Katke*, 3:15-cr-38 (RNC) (2015 plea to conspiracy to commit securities fraud by RBS trader);

*United States v. Shapiro, et al.*, 3:15-cr-155 (RNC) (2015 conspiracy, securities fraud, and wire fraud indictment against one Nomura supervisor and two traders resulting in 2017 acquittal of one defendant, conviction of second, and mixed verdict against third); *United States v. Siegel*, 3:15-cr-231 (RNC) (2015 plea to conspiracy to commit securities fraud by RBS supervisor); *United States v. Dinucci*, 17-cr-69 (RNC) (2017 plea to conspiracy to commit securities fraud by Nomura trader).

## ARGUMENT

Evidence concerning acts or events at broker-dealers other than Cantor—including admitted or alleged fraud by other firms' traders, or another firm's attempts at to remediate or prevent fraud—should be precluded under Rules 401 and 403 unless Demos can first establish that either investors similarly-situated to his victims or he were aware of such fraud at the time of the charged scheme.[1]  That other broker-dealers made misrepresentations like Demos's does not tend to make any fact at issue in this trial "more or less probable than it would be without th[at] evidence."  Fed. R. Evid. 401.

While the Government has the burden of proving each element of securities fraud, the principal disputed issues at trial are likely to be materiality and intent.  As a matter of logic, that traders at other firms may have committed similar crimes (unbeknownst to their customers or Demos) does not bear on any relevant fact in this case, including whether a reasonable investor would have found Demos's misstatements important or whether Demos acted with the intent to deceive his victims.

---

[1] To be clear, the Government does not seek to preclude evidence that others at Cantor made misrepresentations like Demos, which evidence the Second Circuit held in an analogous case could be probative of good faith.  *United States v. Litvak*, 808 F.3d 160, 190 (2d Cir. 2015).

If Demos can establish some connection between the facts of this case and events at other broker-dealers such that the other fraudulent trades are relevant to an element of the crime, then evidence of those events may be admissible. But absent such a link, the defense should not be permitted to ask the jury to speculate that crimes by other traders at other firms tended to have some impact on either what a reasonable investor would consider important or on Demos's state of mind.

Moreover, the Court should exclude evidence of fraud by other traders under Rule 403. Demos cannot develop an improper "everybody else did it" defense by introducing evidence of unconnected fraud or attempts to prevent fraud at other firms. Such evidence would almost certainly confuse the issues, mislead the jury, create undue delay and waste time, all in service of little, if any, probative value. Fed. R. Evid. 403. Specifically, allowing the defense to accuse other broker-dealers of making misrepresentations like Demos's carries with it the enormous risk of confusing and misleading the jury with respect to the task before them and would force the Government to litigate a series of "trials within a trial" as to whether other traders actually engaged in similar fraudulent conduct.

## CONCLUSION

The Court should issue an order under Rules 401 and 403 precluding evidence or argument regarding fraud by other broker-dealer firms unless the defense first establishes that either Demos or the RMBS investor was aware of such conduct at the relevant time.

- 4 -

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        _____/s/_____
        JONATHAN N. FRANCIS
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv05083
        jonathan.francis@usdoj.gov
        HEATHER L. CHERRY
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv07037
        heather.cherry@usdoj.gov
        157 Church Street, 25th Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                /s/
                              JONATHAN N. FRANCIS
                              ASSISTANT UNITED STATES ATTORNEY