UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | January 12, 2018 |

**MEMORANDUM IN SUPPORT OF DEFENDANT DEMOS'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE AND ARGUMENT RELATED TO UNCHARGED TRADES**

The Government has provided notice that it intends to introduce uncharged trades into evidence at Mr. Demos's trial.  The law of this Circuit is clear: evidence of uncharged conduct is considered "other acts" evidence pursuant to Federal Rule of Evidence 404(b).  It is equally clear that under 404(b), the evidence the Government seeks to adduce is inadmissible.  Indeed, the Government, in effect, acknowledges its inability to satisfy the admissibility test under Rule 404(b), and advised Mr. Demos that it does not intend to offer any Rule 404(b) evidence in its case in chief. *See* Def. Demos's Mem. of Law in Supp. of Demos's Supp. Mot., Exhibit A (ECF 59-1) [hereinafter "Def. Supp. Mot. Exhibit A"].

Rather than relying on Rule 404(b), the Government claims that the evidence of uncharged trades it intends to elicit falls outside of the reach of Rule 404(b) altogether.  Any such exception to Rule 404(b)'s directives must meet the standards articulated in *United States v Gonzalez*, 110 F.3d 936 (2d Cir. 1997).  Namely, *Gonzalez* provides an exception to Rule 404(b), if and only if, the crimes meet one of following three conditions: the crimes "[1] arose out of the same transaction or series of transactions as the charged offense, [2] . . . [are] inextricably intertwined with the evidence regarding the charged offense, or [3] . . . [are] necessary to complete the story of the

crime on trial." *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir. 2000) (quoting *United States v. Gonzalez,* 110 F.3d 936, 942 (2d Cir. 1997)).

The Government cannot meet a single *Gonzalez* exception and, indeed, the Government, has not and cannot provide any serious argument under *Gonzalez*. Instead, the Government advises that it "will certainly introduce evidence in its case-in-chief concerning [Mr. Demos's] acts, misrepresentations and omissions in connection with bond transactions not referenced in the Indictment which were part of the charged scheme to defraud. Def. Supp. Mot. Exhibit A. There simply is no doctrinal support for such a proposition whatsoever. There is no opinion in the Second Circuit – or any other Circuit – that advances the proposition the Government urges the Court to accept.

The evidence of uncharged trades that the government intends to elicit is classic 404(b) evidence. It is inadmissible propensity evidence – pure and simple. Its admission is not justified under any 404(b) exceptions. And, furthermore, the Government is unable to escape a 404(b) analysis because it cannot satisfy either of the three prongs set forth in *Gonzalez*.

## ARGUMENT

## I.   Evidence of Uncharged Trades is Evidence of "Other Acts" Under Rule 404(b)

The Second Circuit has held that evidence of uncharged offenses is considered "other acts" evidence under Federal Rule of Evidence 404(b) unless the crimes meet the high standard that they "[1] arose out of the same transaction or series of transactions as the charged offense, [2] . . . [are] inextricably intertwined with the evidence regarding the charged offense, or [3] . . . [are] necessary to complete the story of the crime on trial." *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir. 2000) (quoting *United States v. Gonzalez,* 110 F.3d 936, 942 (2d Cir. 1997); *see also United States v. Kassir*, No. 04-CR-356 JFK, 2009 WL 976821, at *2 (S.D.N.Y. Apr. 9, 2009) ("to avoid Rule

404(b) analysis, evidence of uncharged criminal activity must do more than provide context or be relevant; it must meet the *Gonzalez* criteria, such as by being inextricably intertwined with the charged conduct"). In this limited circumstance, the uncharged crime is considered "part of the very act charged." *United States v. Quinones,* 511 F.3d 289, 309 (2d Cir. 2007).

However, this is a high bar to meet with court's ruling that unless it is "***manifestly clear*** that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *United States v. Nektalov,* 325 F.Supp.2d 367, 372 (S.D.N.Y.2004) (emphasis added). Furthermore, the burden is on the government to "explain[] why details of the uncharged [conduct] are necessary to understand the charged transaction[s]" by showing how it fits into one of the three *Gonzalez* categories. *United States v. Stein*, 521 F. Supp. 2d 266, 270-71 (S.D.N.Y 2007); *see also United States v. Basciano*, No. 03-CR-929, 2006 U.S. Dist. LEXIS 8711, at *4-5 (E.D.N.Y. Feb. 17, 2006).

The Government's theory of this case is that the evidence of the uncharged trades meets this high bar because it is part of the scheme of the charged trades. *See* Govt. Mem. in Opp. to Def. Supp. Mot., at 7 (the Government's header states: "The Court Should Deny The Motion To Preclude Evidence of Uncharged Conduct Offered to Prove the Alleged Scheme.") [ECF 64]. Moreover, as described in the Government's memorandum, the Government additionally wrote in their March 6, 2017 email to the defense that it "does not currently intend to offer any 404(b) evidence in its case-in-chief. Def. Supp. Mot. Exhibit A. Understanding that this evidence does not qualify for admission under Rule 404(b), the Government is left trying to argue that these uncharged trades somehow meet the high burden of being part of the same scheme as the uncharged trades. As demonstrated in the following arguments, this is a burden the Government cannot hope to meet.

3

### a. The Uncharged Trades Did Not Arise Out of the Same Transaction or Series of Transactions as the Charged Offenses

In this case, the uncharged trades clearly did not arise "out of the same transaction or series of transactions." *United States v. Kaiser*, 609 F.3d 556, 570 (2d Cir. 2010). Courts in this Circuit have held that even if the activity was similar, "separate [trades or attempted trades] made with respect to different individuals at different times" does not fall into this first category. *United States v. Newton*, No. S101-CR-635 (CSH), 2002 WL 230964, at *3 (S.D.N.Y. Feb. 14, 2002).

Morevoer, the Court in *Kassir* further differentiated itself from *Carboni* because the uncharged conduct in *Kassir* was a "discrete offense" which was "not undertaken to conceal or further the charged conduct." *Kassir,* 2009 WL at *3. So too here, the uncharged crimes were discrete offenses which did not arise out of the same transaction since they were not undertaken to conceal or further the charged trades.

Similarly, in *United States v. Towne,* 870 F.2d 880 (2d Cir.1989), the court found that "[t]he continuous possession of the same gun does not amount to a series of crimes." *Id.* at 886. Here, the uncharged trades do not "constitute a single offense" with the charged crimes since they were completely separate transactions. *Id.*

Recognizing the futility of arguing for the admission of the uncharged trades under the first *Gonzalez* category, the Government's response was to subtlety change the limiting language of *Gonzalez's* first category, without any doctrinal support whatsoever. The Government claims that the uncharged trades "*at least pertain[]* to the same series of transactions." Govt. Mem. in Opp. to Def. Supp. Mot. at 11. (emphasis added) [ECF 64]. That is not the language the Second Circuit has consistently used; rather the correct standard is whether the uncharged trades "*arose out of* the same transaction or series of transactions" as the charged trades. *See, e.g.*, *Carboni,* 204 F.3d at 44 (emphasis added). For this standard, the answer is unequivocally no. Therefore, the evidence of

uncharged trades cannot be admitted as "part of the very act charged" under the first *Gonzalez* category. *Quinones,* 511 F.3d at 309.

        **b.**  <u>**Uncharged Trades Are Not Inextricably Intertwined With Evidence of the Charged Offenses**</u>

Numerous Courts in the Second Circuit have found uncharged crimes not "inextricably intertwined" when they merely provided context or were relevant to the charged crimes. *See, e.g., United States v. Townsend,* No. 06-CR-34, 2007 U.S. Dist. LEXIS 32639 (S.D.N.Y. Apr. 30, 2007) (ruling that even when the uncharged crimes were "clearly relevant to the background" of the charged offense it was not inextricably intertwined); *Nektalov,* 325 F.Supp.2d at 370; *United States v. Ferguson,* 246 F.R.D. 107, 115 (D. Conn. 2007); *see also United States v. McQueen*, 54 F. App'x 28, 30 (2d Cir. 2003) ("Federal Rule of Evidence 404(b) was not violated when testimony regarding defendant's uncharged criminal acts was admitted because defendant's statements regarding those acts arose out of the same occurrence as the charged offense."). Even if the uncharged trades provide context or are relevant to the charged offenses, it is undeniable that they do not do more, and that is not enough to meet the exacting standard.

*Kaiser* is illustrative of this point. In *Kaiser*, the uncharged conduct related to income and agreements that extended into the years where the defendant was charged with concealing revenue. The uncharged crimes had "bearing on whether Kaiser lied to auditors about the existence of prepayments and written contracts." *Kaiser*, 609 F.3d at 571. Therefore, the Second Circuit held that "it would have been impossible to intelligibly present a case about much of what went on after April of 2000 without starting at the beginning." *Id.* In our case, the Government appears to be alluding to evidence of wholly separate transactions, whose occurrence in no material way depended on the occurrence of the transactions described in the Superseding Indictment's six counts. Therefore, evidence of the uncharged trades is not inexplicably intertwined with the

charged trades.

In its Memorandum in Opposition to Defendant's Supplemental Motion, the Government attempts to distinguish this strong precedent from *Kaiser*. First, the Government tries to argue that, unlike in *Kaiser,* the uncharged trades occurred during the same time period as the charged trades. Govt. Mem. in Supp. of Opp. to Def. Supp. Mot. at 11. [ECF 64]. This argument carries no weight. *Kaiser* simply stands for the proposition that, only when it is necessary to share the uncharged crimes with the jury to intelligibly tell the story of the crime, do the uncharged crimes cease to be considered "other acts" evidence. When the uncharged crimes occurred is not an important point in *Kaiser*'s holding and the Second Circuit gave no indication that they would have used a different and less stringent standard had the uncharged crimes occurred during the same time period as the charged crimes. *See Kaiser*, 609 F.3d at 571. Additionally, the Second Circuit in *United States v. Levy*, found that the trial court erred in admitting evidence of an uncharged sale of heroin by as defendant as intrinsic evidence, *which occurred the same day as the charged sale*, without conducting a 404(b) analysis. 731 F.2d 997, 1003 (1984).

Second, the Government attempts to make a distinction between "extraneous" crimes and crimes that are "intrinsic" to the charged crime. Govt. Mem. in Supp. of Opp. to Def. Supp. Mot. at 12. [ECF 64]. The Government has no case law to cite for this novel proposition because none exists. The Second Circuit has never made such a distinction. Furthermore, the Court in *Kaiser* ruled that the uncharged crimes were "direct proof of the charged conspiracy." *Kaiser*, 609 F.3d at 570. Just one page before this doctrinally unsupported argument, the Government claims that David's uncharged trades must be allowed in as "direct proof of the alleged scheme." Govt. Mem. in Supp. of Opp. to Def. Supp. Mot. at 11. [ECF 64]. How exactly the evidence in *Kaiser* qualifies as "extraneous" while the evidence in this case is "intrinsic" when both are "direct proof" of the

charged crime is a question the Government cannot answer. The truth is that *Kaiser* is strong precedent for the defense and the Government is left reaching for a justification to distinguish this precedent which clearly shows that the uncharged trades in this case were not "inexplicably intertwined" with the charged trades. Therefore, the evidence of uncharged trades cannot either come in under the second *Gonzalez* category.

### c.   <u>Uncharged Trades Are Not Necessary to Complete The Story of The Crimes</u>

Evidence of the uncharged trades are not necessary to complete the story of the crime, because the alleged crimes are self-explanatory. *See Carboni,* 204 F.3d at 44 (2d Cir. 2000). The uncharged conduct is not necessary to give "coherence to the basic sequence of events" which surround the charged offense. *Gonzalez,* 110 F.3d at 942. For example, in *Gonzalez*, without the uncharged evidence of a failed burglary, evidence of the defendants running down the street with their guns drawn would not have made sense. *Id.* Similarly, the Second Circuit has held that evidence that the defendant was in the prostitution business and controlled other prostitutes was "necessary to complete the story of the crime on trial" because without it there would be no explanation for victim's actions so the crime would be unprovable. *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1481 (U.S. 2013); *see also United States v. Ferguson*, 246 F.R.D. 107, 114 (D. Conn. 2007).

However, here the charged offenses are self-explanatory. The basic sequence of events is coherent on its face. No juror needs greater explanation to understand that the alleged crimes in each of the charged trades are that Mr. Demos made misrepresentations in the course of negotiations. *United States v. Midyett*, 603 F. Supp. 2d 450, 460 (E.D.N.Y. 2009) (ruling that evidence of uncharged crimes are inadmissible when the crime is "straightforward" and can be fully understood without reference to the uncharged crime). There is simply nothing in this case

that the jury would find "baffling" that could be explained by the introduction of the uncharged trades. *See Kassir,* 2009 WL at *3 (finding that prior attendance at jihad camps was "not essential to understanding the sequence of events surrounding the charged conduct" of attempting to establish a jihad camp in Oregon).

This third category cannot be an avenue for the Government to admit evidence of uncharged trades because telling the complete story of the charged trades in no way relies on evidence of any other trades. Instead, as the Court in *Newton* summed it up:

> The fact that [the defendant] may have committed similar fraudulent acts in close temporal proximity to the charged crimes furnishes an element of context, but it is certainly not crucial information without which the jury will be confused or the government's theory of the case unfairly curtailed. Nor can it be said that the uncharged and charged crimes arose out of the same transaction or series of transactions. While the activity was similar, these were separate [trades or attempted trades] made with respect to different individuals at different times.

*Newton*, 2002 WL 230964, at *3; *see also Levy*, 731 F.2d at 1003 (ruling that when the uncharged crime "occurred at different locations, at different times and with different people" from the charged crime, admissibility must be adjudicated under Rule 404(b)).

The Government's argument in response to the defense's motion to exclude such evidence from the indictment is that it is part of their alleged scheme. Govt. Mem. in Supp. of Opp. to Def. Supp. Mot. [ECF 64] However, while they cite the *Gonzalez* factors, the Government devotes no time to explaining how Mr. Demos's actions in the uncharged trades fit into one of the three categories (the only case law they cite is *Kaiser* in their unsuccessful attempt to distinguish the instant case from *Kaiser*). *Id.*; *see also Kassir*, 2009 WL 976821, at *2 (ruling that evidence of uncharged crimes "must meet the *Gonzalez* criteria," to not be classified Rule 404(b) evidence). Instead, they use circular reasoning arguing that because the uncharged trades were done "in furtherance" of their alleged scheme, they must fit into one of the three categories, and, therefore,

this evidence constitutes scheme evidence. Govt. Mem. in Supp. of Opp. to Def. Supp. Mot. at 8-12. [ECF 64]. The Government's final sentence of their response is indicative of its severe misapprehension of the relevant law: "[b]ecause the six charged trades were executed in furtherance of an alleged scheme to defraud, and Demos's misrepresentations in uncharged trades are evidence of that scheme, the Court should deny his motion to preclude." *Id.* at 12. The Government is forced to contort the plainly *articulated* Gonzalez standards because it recognizes, as shown above, that Mr. Demos's uncharged trades do not fit into any of the three categories necessary for uncharged crimes to be admitted as part of a scheme.

Because the evidence of the uncharged trades does not fit into any of the three *Gonzalez* categories, this evidence is "other act" evidence which must be evaluated under Rule 404(b).

## II.   Evidence of the Uncharged Trades is Not Admissible Under Rule 404(b).

Recognizing the futility of arguing for admission of this uncharged crime evidence under Rule 404(b), the Government disclosed in an email to defense counsel that they did not "intend to offer any 404(b) evidence" and instead placed all of their eggs in the equally untenable basket of arguing that the discrete and insular uncharged crimes meet the high *Gonzalez* standard. Def. Supp. Mot. Exhibit A. The Government, as the proponent of the admissibility of evidence under Federal Rule of Evidence 404(b), has the burden of articulating a proper purpose of such evidence. *See Stein*, 521 F. Supp. 2d at 270. Under Rule 404(b), the court must consider whether (1) the prior crimes evidence was "offered for a proper purpose"; (2) the evidence was relevant to a disputed issue; [and] (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice, pursuant to Rule 403. *See Huddleston v. United States*, 485 U.S. 681, 691(1988); *see also United States v. Downing,* 297 F.3d 52, 58 (2d Cir.2002).

### a.  **Evidence of the Uncharged Trades Are Not Offered For a Proper Purpose**

Even under the Second Circuit's inclusionary approach to Rule 404(b) the only reason for admitting these uncharged crimes is as inadmissible propensity evidence. *See, e.g., United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011). Specified admissible reasons are "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404; *see also United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1875658, at *7 (E.D.N.Y. Apr. 22, 2015) (finding that the Government had no acceptable reason under Rule 404(b) to introduce uncharged crimes). While the Government has the burden of proving admissibility, it is clear that there are no allowable reasons here. *See Stein*, 521 F. Supp. 2d at 270.

Understandably, the Government has not argued motive, opportunity, preparation, knowledge, identity, absence of mistake, or lack of accident. The parties agree that Mr. Demos made misrepresentations in the course of negotiations. As well, it is self-evident that neither mistake nor accident is apposite.

Intent is equally unavailable under Rule 404(b). *See United States v. Williams*, 577 F.2d 188, 191 (2d Cir. 1978) ("other crimes evidence is inadmissible to prove intent when that issue is not really in dispute"). Mr. Demos does not contest that he intended to make misrepresentations in the course of negotiations. The single, but dispositive, disagreement on intent goes to the necessary *mens rea* for the crime itself; that is, whether Mr. Demos intended to violate the law and defraud his counterparties. It is axiomatic that the sort of "intent" evidence that constitutes a proper purpose and, thus, permits admission in evidence does *not* include proof of *mens rea* or criminal intent. Mr. Demos must aver some contrary intent to have opened the door to such an admission in evidence under Rule 404(b).  He has not done so here.  To the contrary, there is no genuine

argument about Mr. Demos's intent.  The only argument here is *whether* his intent was criminal, which will turn on whether the misrepresentations at issue are material. A contrary intent, by contrast, occurs when a defendant firmly puts intent in issue.  The classic example is when a defendant argues that he did not intend a culpable act, but rather, it was an accident.  That is not the case here.  Mr. Demos intended his actions.   The only relevant questions represent a complicated mixed facts-law issue: (1) whether the misrepresentations are material under applicable law and (2) whether the Mr. Demo's intent is culpable intent.  No uncharged trade provides any clarity on the foregoing.

The evidence that Mr. Demos made misrepresentations in the course of RMBS bonds trades to just the charged offenses cannot help the Government prove intent to commit "something the law forbids." *Shapiro* Jury Instructions, Tr. at 2651. Since Mr. Demos is affirmatively taking the "issue of his intent or knowledge out of dispute" the rationale of intent cannot justify the inclusion of this evidence. *United States v. Colon*, 880 F.2d 650, 659 (2d Cir.1989); *see also United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (ruling that other acts evidence was only admissible because counsel refused to state that knowledge or intent would not be disputed at trial).

Additionally, the evidence of uncharged trades is not admissible to show proof of a plan. The Rule 404(b) exception allowing for evidence of other acts to demonstrate a "plan" is applicable in two situations. *See Levy*, 731 F.2d at 1004.  The first is "evidence introduced . . . '[t]o complete the story of the crime on trial by proving *its immediate context of happenings near in time and place*.'" *Levy*, 731 F.2d at 1004 (quoting *United States v. O'Connor*, 580 F.2d 38, 42 (2d Cir. 1978) (emphasis added). The second is when the evidence of the "plan" is "sufficiently probative of a definite project directed toward completion of the crime in question*." O'Connor*, 580 F.2d at 42;

*see also United States v. Russo*, No. 16 CR. 441 (DAB), 2017 WL 2590200, at *1 (S.D.N.Y. June 14, 2017) ("The prior acts neither comprise an 'inseparable transaction' with the charged offense nor demonstrate 'the existence of a definite project intended to facilitate completion of the crime in question.'"). When past conduct does not fall into one of these two categories, "the Government may not introduce Defendant's past conduct as evidence of a common scheme or plan." *Russo*, 2017 WL 2590200, at *1.

In *O'Connor*, the Second Circuit found that evidence that the appellant took three other bribes did not "complete the story of the crime . . . by proving its immediate context" or provide evidence of a "definite project directed toward completion of the crime in question." 580 F.2d at 42. Thus, the Court barred the admission of the evidence. So too here, the uncharged trades were completely separate from the charged offenses and therefore fails to provide the Government with an ability to argue they complete the story of the crime. Since the charged offenses "were entirely separate, later transactions . . . [t]he other-crimes evidence . . . simply is not probative of the existence of any plan. *United States v. Manafzadeh*, 592 F.2d 81, 88 (2d Cir. 1979). "Thus the evidence is not admissible under a theory of common scheme or plan." *Id.*

Moreover, this other evidence is not admissible "to prove a signature crime, *i.e.,* a *modus operandi* where the crimes are so nearly identical in method as to ear-mark them as the handiwork of the accused," *United States v. Mills*, 895 F.2d 897, 907 (2d Cir. 1990), since Mr. Demos is not disputing his identity. *See O'Connor*, 580 F.2d at 42 (ruling that since "identity had not been placed in issue" this was an insufficient purpose to admit evidence of uncharged crimes under Rule 404(b)). Finally, since there is no disagreement that Mr. Demos intended to make misrepresentations in the course of RMBS bond negotiations the uncharged trades cannot be admitted to demonstrate "a pattern of activity." *Curley*, 639 F.3d at 59.

12

Instead, this evidence "goes to criminal propensity alone, [which is] precisely what Rule 404(b) prohibits." *United States v. Scott,* 677 F.3d 72, 80 (2d Cir.2012). For example, the Government argued to the Jurors in their rebuttal summation in *United States v. Shapiro* the following: "[a]nd remember that these are a selection of the trades; that *we could be here for six months if we bring you every trade*." *Shapiro* Tr. Vol. XIV at 2945 (emphasis added). This was despite the pre-trial agreement that neither side would characterize the universe of uncharged and unpresented trades. *See id.* at 2969. Indeed, there was no other reason besides showing criminal propensity for the Government to break that pre-trial agreement. *See Nektalov,* 325 F.Supp.2d at 371 (explaining that admitting uncharged crimes would lead to the jury viewing them as evidence of a propensity to commit the crime). Accordingly, the Government in the instant case was correct in emailing defense counsel that they did not "intend to offer any 404(b) evidence" since this evidence must be excluded.

### III.   Evidence of Uncharged Trades Are Not Relevant And Therefore Must Be Excluded

Furthermore, this evidence is simply not relevant to the case at bar. *See United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994) (ruling that even under the Second Circuit's inclusionary approach the evidence must be relevant). The Second Circuit has consistently ruled that "[i]f the other-act evidence does not provide a reasonable basis for inferring knowledge or intent, its offer for that purpose should be rejected on grounds of relevance." *United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994); *see also United States v. Afjehei,* 869 F.2d 670, 674 (2d Cir.1989); *United States v. Peterson,* 808 F.2d 969, 974 (2d Cir.1987). As explained above, knowledge and intent are not at issue here. Mr. Demos does not dispute that he had knowledge of the misrepresentations during the negotiations. Therefore, evidence of the uncharged crimes are not relevant in the instant case, and the Court must exclude this inadmissible evidence.

**IV.**  **Even if Evidence of the Uncharged Trades Are Relevant They Must Be Excluded Because The Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice to Mr. Demos**

Even if the court finds that the evidence has a proper purpose under Rule 404(b) and is relevant the court "must still perform the balancing analysis envisioned by Rule 403" which provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or "confusing the issues." *United States v. Rowland*, No. 3:14CR79 JBA, 2014 WL 3908008, at *2 (D. Conn. Aug. 11, 2014) (citing *United States v. Afjehei,* 869 F.2d 670, 674 (2d Cir.1989)); *see also United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009). The United States Supreme Court defined "unfair prejudice" as evidence having "an undue tendency to suggest decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 193 (1997). The Supreme Court in *Old Chief* provided the example of evidence, which would lead the jury to "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." *Id.* at 180. The Second Circuit in *McCallum* applied this principle to evidence of uncharged crimes and ruled that even with the "most careful instructions from the court" evidence of uncharged crimes "easily lends itself to generalized reasoning about a defendant's criminal propensity and thereby undermines the presumption of innocence" *Id.* at 476.

Therefore, the risk of prejudice is particularly high in this case.  "Admission of this evidence of very similar uncharged criminal activity . . . will undoubtedly create a danger of unfair prejudice because it may lead the jury to believe that is more likely" that Mr. Demos committed the crime. *Newton*, 2002 WL 230964, at *4. The Government's argument in *Shapiro* that "we could be here for six months if we bring you every trade" shows just how prejudicial this argument is. *Shapiro* Tr. Vol. XIV at 2945. Allowing such evidence, in that Mr. Demos's actual

misrepresentations were a "daily occurrence" and go well beyond the charged crimes, will permit the jury to believe that even if the Government fails to prove all the elements of the charged crimes, they should find him guilty due to the sheer mass of the alleged crimes even though those crimes are not charged. *Id.* at 2973; *see also Litvak II Appellee Brief* at 28, 39, 42 (arguing that the jury in *Litvak* could have found materiality based on uncharged trades). This evidence is highly prejudicial because it is exactly the sort of "invalid propensity evidence" that Rule 404(b) forbids the jury from using. *United States v. Rajaratnam*, No. S1 13 CR. 211 NRB, 2014 WL 2696568, at *3 (S.D.N.Y. June 10, 2014).

On the other side of the equation, this evidence has little probative value. All the Government can use these uncharged crimes to prove are "vague assertions" regarding Mr. Demos's conduct. *United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1875658, at *7 (E.D.N.Y. Apr. 22, 2015). As detailed above, this evidence is not probative for issues under Rule 404(b) including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* All it goes to show is that David exhibited similar behavior across all of his RMBS trading. As this proves nothing but propensity to act in this way, this evidence has no probative value. Accordingly, under Rule 403, the Court must exclude this evidence.

## CONCLUSION

For the foregoing reasons, Defendant Demos moves this Honorable Court *in Limine* to preclude the Government from introducing evidence of uncharged trades, pursuant to Federal Rules of Evidence 401, 403, 404(b), and the standard for exception from Rule 404(b), as pronounced by the Second Circuit in *United States v. Gonzalez.*

Respectfully submitted,


DAVID DEMOS


By:   _/s/ George Leontire_____

      Jose Baez
      The Baez Law Firm
      40 SW 13th Street, Suite 901
      Miami, FL 33130
      (305) 999-5111
      jose@baezlawfirm.com

      George Leontire
      The Baez Law Firm
      66 N. Second Street
      New Bedford, MA  02108
      (855) 223-9080
      george@baezlawfirm.com

      Ronald S. Sullivan, Jr.
      6 Everett Street
      Cambridge, MA 02138
      (617) 496-4777
      prof.ron.sullivan@gmail.com

      – and –

      Michael L. Chambers, Jr. (ct28580)
      100 Wells Street, Suite 2C
      Hartford, Connecticut 06103
      (860) 231-9535
      chamberslegalservices@gmail.com

      His Attorneys