UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| v. | : | |
| DAVID DEMOS, | : | |
| Defendant. | : | January 12, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM MAKING INFLAMMATORY CHARACTERIZATIONS OF MR. DEMOS'S CONDUCT**

Defendant Demos respectfully requests this Court issue an order to preclude the Government from making inflammatory characterizations of Mr. Demos's conduct because such characterizations are prejudicial and not necessary to prove any of the elements of Securities Fraud. Specifically, Mr. Demos requests the Court preclude the Government from stating for example, that Mr. Demos "cannot lie," "lied," "lied to mislead," and that he "must speak truthfully."

**BACKGROUND**

In similar prosecutions, the Government has put forth the theory during trial that lying about significant things is an equivalent standard to misrepresentation of material information. For example, in *Litvak*, Assistant United States Attorney ("AUSA") Francis argued to the jury:

> He wasn't happy with the amount of profits he was making on his RMBS bond trades. So he lied to increase those profits. That's not a negotiating tactic. That's a crime. It is called securities fraud.

*Litvak* Tr. 17-21, 1353. Moreover, in *United States v. Shapiro*, AUSA Novick characterized the Securities Fraud determination as he argued to the Jury. He stated that "[y]ou cannot lie about significant things in order to take other people's money. It's a simple straightforward rule. It's not a novel idea." *United States v. Shaprio* Tr., Vol. XIII, Page 2675.

# ARGUMENT

Defendant Demos respectfully requests this Court issue an order to preclude the Government from making inflammatory characterizations because such characterizations are prejudicial and not necessary to prove any of the elements of Securities Fraud.

I. **The Government's Characterization of Mr. Demos's Conduct as Lies Must be Precluded As Prejudicial And Unrelated to The Elements of Securities Fraud**

The decision whether to admit potentially prejudicial evidence is entrusted to the sound discretion of the district judge. *United States v. Gantzer*, 810 F.2d 349, 251 (2d Cir. 1987). The Court may prohibit the use of pejorative terms, pursuant to Federal Rule of Evidence 403, when the characterizations are inflammatory and unnecessary to prove a claim. *Highland Capital Management, L.P. v. Schneider*, 551 F.Supp.2d 173, 193 (S.D.N.Y. 2008); *see Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.,* No. 04 Civ. 10014(PKL), 2009 WL 3111766, at *7 (S.D.N.Y. Sept.28, 2009) (prohibiting use of the term "tax haven"); *A.I.A. Holdings, S.A. v. Lehman Bros.,* No. 97 Civ. 4978 (LMM), 2002 WL 31655287, at *2–3 (S.D.N.Y. Nov.21, 2002) (prohibiting use of the phrase "rat trading"). In *Highland*, the District Court granted a motion *in limine* precluding parties from "characterize[ing] admissible evidence and testimony as 'securities fraud,' 'illegal,' 'insider trading,' 'inside information,' and 'market manipulation' on Rule 403 grounds." *Id.* The Court allowed the parties to use the term "material nonpublic information to characterize inside information." *Id.*

Lying per se and being untruthful per se are not violations of the Securities Fraud Act. Indeed, to find a criminal violation of securities fraud, in this context, the Government must prove the following four elements:

(1) In connection with the purchase or sale of the security identified in that count, the defendant —
    (a) employed a device, scheme, or artifice to defraud, or

> (b) made an untrue statement of a fact or omitted to state a fact which made what was said, under the circumstances, misleading, or
> (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;
>
> (2) The statement or conduct related to a fact that would be material to a reasonable investor in the non-agency RMBS market;
>
> (3) The defendant acted willfully, knowingly, and with the intent to defraud; and
>
> (4) The defendant knowingly used, or caused to be used, any means or instruments of interstate commerce in furtherance of the fraudulent conduct.

*United States v. Shapiro*, 3:15-CR-155 (RNC), Jury Instructions at 19. Additionally, the Jury Charge specified "[u]nder the relevant statutes, not every false statement in connection with a purchase or sale of securities is a crime. Rather, making a false statement in connection with a purchase or sale of securities is criminal only if it concerns a 'material' fact." *Id.* at 22.

Moreover, the use of constant characterizations of Mr. Demos's conduct as lies would prejudice Mr. Demos because the lines between the distinct concepts of illegality and immorality will be blurred. Illegal conduct is dictated and informed by society, and deciphers the behaviors that are demanded of people in society. Whereas, immoral conduct is a private and individual issue, that each person in society dictates the limits for based on their own moral code. The Government's attempt to blur the requirements of the Securities Fraud statute requiring a material misrepresentation, as a "significant lie" would prejudice Mr. Demos, because immoral actions are not necessarily illegal or criminal acts. And Jurors are required to carry out their duties based on a fair and impartial consideration of the evidence and the charges.

Essentially, the Government is required to prove that Mr. Demos made a material misrepresentation in connection with the purchase or sale of a security. The Government can put forth evidence and argument to prove a material misrepresentation was made without referring to his conduct specifically as lying. The Government's use of this terminology functions to divert the

3

Jurors attention to concepts of immorality, and contemplates a finding by Jurors that because Mr. Demos lied he committed Securities Fraud.

## CONCLUSION

Defendant Demos respectfully requests this Court issue an order to preclude the Government from making inflammatory characterizations of Mr. Demos's conduct, specifically lying, because such characterizations are prejudicial and not necessary to prove any of the elements of Securities Fraud.

Respectfully submitted,

DAVID DEMOS

By: _/s/ George Leontire_

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr. (ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103

(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys