UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | January 12, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S MOTION
*IN LIMINE* TO EXCLUDE SPECULATIVE "HINDSIGHT" EVIDENCE FROM
COUNTERPARTIES TESTIMONY**

Pursuant to the Federal Rules of Evidence 602 and 701, Defendant Demos moves for an order *in limine* to prohibit the Government from eliciting testimony from the counterparties about how the information about Mr. Demos's misrepresentations, in hindsight, would have affected their decision to enter the relevant transactions.

In the instant case, Jurors must decide whether Mr. Demos's misrepresentations are material. Specifically, a misrepresentation is only material where it is so significant "that it alters the total mix of information." *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988) (citing and adopting the standard set forth in *TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976)* requiring "…that to fulfill the materiality [element] 'there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available").

In an attempt to meet its burden, the Government may elicit testimony from the counterparties that truthful representations would have been material to their transactions with Mr. Demos. However, many of the Government witnesses have admitted that they barely remember the details of their transactions with Mr. Demos, if they remember them at all.

Consider for instance the testimony in *Shapiro* of Eric Marks, of Ellington, a key witness for half of the charges against David:

> Q. And fair to say that essentially when you're answering the questions about what, if any, significance anything Mr. Peters said to you had at the time, it's a retrospective analysis, right? Meaning that first, you don't remember this in great detail, correct?
> A. Correct.

*Shapiro* Tr. at 2428. A second Government witness, Vladimir Lemin of Magnetar, similarly testified in the retrial in *Litvak*, that he does not remember how he made his decision:

> Q. Okay. And if you don't remember a particular trade, it is impossible to identify all the factors that went into that trade?
> A. It's impossible to identify those weights that you referred to in your previous question and how important were the particular factors for this particular trade if I don't recall the trade.
> Q. You can't remember the relative importance of the factors for the trades, for example, that the Government asked you about?
> A. Yesterday?
> Q. Yes, sir.
> A. I do not remember those weights, no.
> Q. And to figure that out would require speculation and guesswork?
> A. *Since I don't have independent recollection, I guess I would have to resort to speculation, correct.*

*Litvak* Tr. at 704-705 (emphasis added). The materiality inquiry neither invites nor allows for speculative testimony. As discussed below, hindsight testimony about what a witness thinks he or she "would have done" in an alternate history is inadmissible speculation because it is based neither on the witnesses' personal knowledge nor on the witnesses' perception.

## ARGUMENT

Under Federal Rules of Evidence 602 and 701, the Government may not elicit testimony from the counterparties about how information regarding Mr. Demos's misrepresentations, in hindsight, would have affected their decisions to enter the relevant transactions. All but one counterparty testified before the Grand Jury that they have limited or no memory of these

2

transactions. Accordingly, these witnesses would testify not to what their thought processes were at the time, but rather, they would speculate about what they think, in hindsight, they may have done with new information. This testimony is inadmissible speculation.

### I. Counterparties Testimony Based Neither on Their Personal Knowledge Or Perception Must Be Excluded

Witnesses must have personal knowledge about which they testify. Fed. R. Evid. 602. A lay witness may not testify in the form of an opinion unless such testimony is "rationally based on the witness's perception." Fed. R. Evid. 701. If a witness is not testifying to facts that he or she perceived, the testimony must "result[ ] from a process of reasoning familiar in everyday life." *United States v. Natal*, 849 F.3d 530, 537 (2d Cir.), cert. denied, 138 S. Ct. 276 (2017) (quoting *United States v. Cuti*, 720 F.3d 453, 459 (2d Cir. 2013) (quoting Fed. R. Evid. 701 advisory committee's note, 2000 amend.)). Indeed, in the Jury Instructions from *Shapiro*, Judge Chatigny instructed the following: "You must assess whether a false statement was material in light of the norms and practices in the non-agency RMBS market that existed at the time of the transaction and not based on hindsight." *Shapiro* Tr. at 2648-49.

The government may not elicit testimony about what a witness "would have done had the situation been different from what it actually was. Such an answer is too speculative to be admissible." *Elyria-Lorain Broadcasting v. Lorain Journal Co.*, 298 F.2d 356, 360 (6th Cir. 1961); *see Smith v. BNSF Railway Co.*, 2011 WL 4346341 at *7 (W.D.Okla. Sept. 15, 2011) ("Thus, a lay witness's opinion testimony which constitutes speculation as to what might have been done or what might have occurred is 'not based on his first-hand perception of actual events,' and thus does not satisfy the requirements of Fed. R. Evid. 701.") (quoting *Magoffe v. JLG Industries, Inc.*, 375 Fed. Appx. 848, 859 (10th Cir. April 7, 2010)). Indeed, it is clear that "[s]peculative testimony as to what a witness would have done under different circumstances

cannot possibly be based on the witness's perception." *Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 105 (D.D.C. 2007) (granting plaintiff's motion in limine to exclude testimony about how a witness would have responded to a hypothetical request to drive his car); *see Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993).

## II. Witness Testimony of What They Would Have Done in Hindsight With Different Knowledge Must Be Excluded

Courts routinely exclude hypothetical testimony about what a witness would have done in an alternate history with different knowledge or in different circumstances, on the grounds that such testimony is speculative, and therefore in violation of Federal Rules of Evidence 602 and 701. For example, in product liability suits, several Circuits have affirmed District Courts exclusion of testimony that if a product had a warning label the witness would have acted differently. *See e.g. Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 15 n.8 (1st Cir. 2001) (the First Circuit affirmed the District Court's exclusion of the witness's testimony because it was "speculative and not based on [the witness's] contemporaneous perceptions"); *see Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) (the Fifth Circuit affirmed the District Court's exclusion of lay witness testimony "as to what [the witness] *would have done* had he seen the warning label … [b]ecause such testimony would not have been based upon [the witness's] perception, but upon his self-serving speculation"); *Kloepfer v. Honda Motor Co.*, 898 F.2d 1452, 1459 (10th Cir. 1990) (the Tenth Circuit held that the District Court did not err in excluding proffered testimony that the witness would have obeyed a proper warning because it was speculative and self-serving); *Messenger v. Bucyrus-Erie Co.*, 507 F. Supp. 41, 43 (W.D. Pa. 1980), aff'd, 672 F.2d 903 (3d Cir. 1981) (the Third Circuit affirmed the District Court's exclusion of lay witness testimony of what the witness believed he would have done if an allegedly defective product had a warning device).

The Second Circuit allows "hindsight" testimony only if such testimony is "based on undisputed . . . rules [that leave] little room for . . . speculation." *United States v. Cuti*, 720 F.3d 453, 458 (2d Cir. 2013). Indeed, the Second Circuit allows the retroactive application of established rules, but it does not allow untethered speculation. The Second Circuit explicitly considered the admissibility of hindsight testimony in *Cuti,* where the Defendant was convicted of securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b–5 and 18 U.S.C. § 2 and making false statements in two SEC filings in violation of 15 U.S.C. §§ 78m(a) & 78ff, 17 C.F.R. § 240.13a–1 and 18 U.S.C. § 2. 720 F.3d at 455, n.1. The defendant appealed, claiming that the district court erred in admitting testimony from two accountants about how "knowledge of . . . facts, already admitted into evidence, would have caused them to alter their accounting treatment." *Id*. at 455-59. The Second Circuit affirmed, holding that a lay witness may testify to "how, if he had known [an] independently established fact, it would have affected his conduct or behavior." *Id*. at 459. The court explained, "'what-if-you-had-known' questions that present withheld facts to a witness are especially useful to elicit testimony about the impact of fraud." *Id*. (citing *United States v. Orr*, 692 F.3d 1079, 1096–97 (10th Cir.2012); *United States v. Laurienti*, 611 F.3d 530, 549 (9th Cir.2010); *United States v. Jennings*, 487 F.3d 564, 582 (8th Cir.2007); *United States v. Ranney*, 719 F.2d 1183, 1187–88 (1st Cir.1983); *United States v. Bush*, 522 F.2d 641, 649–50 (7th Cir.1975).

*Cuti* is plainly distinguishable from the present case. The witnesses in *Cuti*, although not called as experts at trial, were both accountants and thus "fact witnesses of a unique sort." *Cuti*, 720 F.3d at 458. The court allowed the testimony because it "was based on undisputed accounting rules. These limitations left little room for the witnesses to engage in speculation and ensured that their testimony fell near the fact end of the fact-opinion spectrum." *Id*. at 458.

"[T]he applicable accounting rules were explained in detail, the reasoning process that the witnesses employed in answering the hypotheticals was straightforward and transparent to the jurors, who could readily discern whether the responses given were reliable." *Id*. In the present case, speculative hindsight testimony about how the witnesses would have acted with different knowledge is not based on the application of "undisputed . . . rules," and "the reasoning process that the witnesses employed in answering the hypotheticals" would not be "straightforward and transparent to the jurors." *Id*. at 458. Unlike in *Cuti*, there are no established and undisputed principles to guide the Government's witnesses, and thus, there are no "limitations [that leave] little room for the witnesses to engage in speculation." *Id*. To the contrary, the nature of this inquiry would allow *much* room for the witnesses to engage in speculation.

Courts applying *Cuti* do not admit hindsight testimony if it is not based on the application of established rules discernable to the jury. *See Phillips v. Duane Morris, LLP*, No. 13-CV-01105-REB-MJW, 2015 WL 72336, at *2 (D. Colo. Jan. 5, 2015) (declining to extend *Cuti* to allow a lay witness to testify to a hypothetical question regarding whether she would have agreed to authorize payment had she known of certain unknown facts at the time payment was requested). Here, the answer to hypothetical questions by the counterparties is not based on undisputed rules that can be discerned by the jury and applied to the facts based on "a process of reasoning familiar in everyday life." Fed. R. Evid. 701 advisory committee's note, 2000 amend. This indicium of reliability is wholly absent, and instead, we have witnesses who admit that they do not remember the specifics of the transactions at issue. As such, the hindsight testimony is based not on consistent and verifiable rules, but some individualized assessment fully discernable by no one, not even the testifying witness. Therefore, this testimony is not admissible.

**CONCLUSION**

      Mr. Demos moves this Honorable Court to exclude testimony from the Mr. Demos's counterparties about how information regarding Mr. Demos's misrepresentations, in hindsight, would have affected their decision to enter the relevant transactions, because the testimony is not based on the witnesses' personal knowledge or on the witnesses' perception, it must be excluded.

      Respectfully submitted,

      DAVID DEMOS

By:   */s/ George Leontire*

      Jose Baez
      The Baez Law Firm
      40 SW 13th Street, Suite 901
      Miami, FL 33130
      (305) 999-5111
      jose@baezlawfirm.com

      George Leontire
      The Baez Law Firm
      66 N. Second Street
      New Bedford, MA  02108
      (855) 223-9080
      george@baezlawfirm.com

      Ronald S. Sullivan, Jr.
      6 Everett Street
      Cambridge, MA 02138
      (617) 496-4777
      prof.ron.sullivan@gmail.com

      – and –

      Michael L. Chambers, Jr. (ct28580)
      100 Wells Street, Suite 2C
      Hartford, Connecticut 06103
      (860) 231-9535
      chamberslegalservices@gmail.com

      His Attorneys