UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| v. | : | |
| DAVID DEMOS, | : | |
| Defendant. | : | January 12, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE, ELLICTING TESTIMONY, OR OTHERWISE REFERENCING THE INDICMENT, TRIAL, AND CONVICTION OF JESSE LITVAK OR MICHAEL GRAMINS**

Pursuant to Federal Rules of Evidence 401 and 403, Defendant Demos respectfully moves for an order *in limine* to preclude the Government from introducing into evidence or otherwise referencing the indictment, trial, and conviction of Jesse Litvak or Michael Gramins. *See United States v. Litvak*, 808 F.3d 160 (2d Cir. 2015); *United States v. Litvak*, Case No. 3:13-CR-19 (JCH) (D. Conn. 2014); *United States v. Litvak*, Case No. 3:13-CR-19 (JCH) (D. Conn. 2017); *see also United States v. Shapiro*, 3:15-CR-155 (RNC) (D. Conn. 2017).

Jesse Litvak is the former Managing Director of Jefferies LLC ("Jefferies"). In 2013, Mr. Litvak was indicted on securities fraud charges based on his conduct in the RMBS market. Initially, Mr. Litvak was wrongfully convicted and those convictions were reversed by the Second Circuit on Appeal. *United States v. Litvak*, 808 F.3d 160, 167-69, 190 (2nd 2015). At a subsequent trial Mr. Litvak was convicted of a single count of securities fraud, and this verdict remains the subject of an active appeal. *United States v. Litvak*, Case No. 3:13-CR-19 (JCH) (D. Conn. 2017). The trial of Mr. Litvak was conducted within this District and received significant media attention. *See, e.g.*, Chris Dolmetsch, *Ex-Jefferies Trader Gets 2 Years for Lying on Prices, Again*, Bloomberg (April 26, 2017, 5:32 PM).

Michael Gramins was the Executive Director of the RMBS desk, at Nomura Securities International, and principally oversaw Nomura's trading of bonds composed of sub-prime and option ARM loans. Mr. Gramins was indicted alongside Ross Shapiro and Tyler Peters. Gramins was found guilty on one count of conspiracy to commit securities and wire fraud, and not guilty of one count of securities fraud and five counts of wire fraud. The Jury did not reach a verdict for one count of securities fraud, and one count of wire fraud. *See, e.g.* Department of Justice, United States Attorney's Office, District of Connecticut, Press Release: *Former Nomura RMBS Trader Convicted of Fraud Conspiracy*, https://www.justice.gov/usao-ct/pr/former-nomura-rmbs-trader-convicted-fraud-conspiracy (June 15, 2017); *United States v. Shapiro*, 3:15-CR-155 (RNC) (D. Conn. 2017).

## ARGUMENT

I. **Evidence, Testimony, and References to Mr. Litvak or Mr. Gramins Indictment or Conviction Must Be Excluded Because They Are Irrelevant and Would Be Substantially More Prejudicial Than Probative**

The Government cannot demonstrate the relevance of Mr. Litvak, or Mr. Gramin's indictment or conviction to any of the conduct alleged against Mr. Demos. References to Mr. Litvak or Mr. Gramins would suggest to the jurors that similar conduct is generally prosecuted, and that since Mr. Litvak and Mr. Gramins were convicted, Mr. Demos must also be guilty. Moreover, any references to Mr. Litvak and Mr. Gramins would be improper because the indictments and convictions would not have any tendency to make a fact in Mr. Demos's trial more or less probable. Therefore, evidence, testimony, and any reference to Mr. Litvak and Mr. Gramins indictments or convictions should be excluded under Federal Rule of Evidence 401.

Moreover, the fact that other RMBS traders were charged and convicted would invariably lead jurors to speculate that Mr. Demos must be convicted for securities fraud. In other words,

Jurors may conclude that Mr. Demos's conduct is illegal on an improper basis. Jurors could base that conclusion on the conviction of different RMBS bond traders, rather than the allegations against Mr. Demos. Therefore, evidence, testimony, and any reference to Mr. Litvak's or Mr. Gramin's indictment or conviction are too prejudicial in light of their non-existent probative value and must be excluded, pursuant to Federal Rule of Evidence 403.

## CONCLUSION

Pursuant to Federal Rules of Evidence 401 and 403, Defendant Demos respectfully moves for an order *in limine* to preclude the Government from introducing into evidence or otherwise referencing the indictment, trial, and convictions of Jesse Litvak or Michael Gramins.

Respectfully submitted,

DAVID DEMOS

By:  */s/ George Leontire*

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777

prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr. (ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys