UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | January 12, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE AND REFERENCES TO TARP, PPIP, THE
FINANCIAL CRISIS, AND PASSIVE INVESTOR IDENTITY**

Pursuant to Federal Rules of Evidence 401 and 403, Defendant Demos respectfully moves for an order *in limine* to preclude the Government from introducing evidence or making references concerning the following: (1) the United States Government's Troubled Asset Relief Program ("TARP"), including specifically the United States Treasury Department's Public-Private Investment Program ("PPIP"), as well as analogous or equivalent references to the 2007 financial crisis, including investment by the Treasury Department, Government, or taxpayer money in PPIP investment vehicles; and (2) the identities of the underlying passive investors in the funds managed by the counterparty firms.

As established in *United States v. Litvak*, 808 F.3d 160 (2d Cir. 2015), evidence and testimony regarding TARP, PPIP, and the 2007 financial crisis is irrelevant to the securities fraud charges against Mr. Demos. Mr. Demos did not interact with the Federal Government during the underlying transactions that are the subject of this indictment; nor did Mr. Demos interact with public or private pensions funds, educational institutions, charities, or any of the other passive investors whose funds were managed by the three hedge funds in the indictment.

Regarding TARP, PPIP, and investment of Treasury Department or taxpayer funds, Counts I and II of the indictment involve a counterparty selected to manage a Public-Private Investment Fund, Marathon Asset Management ("Marathon"). Neither of the non-agency RMBS bonds, and therefore the Marathon-managed public assets were unconnected to these transactions, there is no evidence, nor has the government ever alleged, that Count 1 came out of a PPIP fund or that Count 2 went into one. Accordingly, this evidence must be barred under Rules 401 and 403 of the Federal Rules of Evidence.

Similarly, the Government should be barred from introducing evidence or eliciting testimony regarding the identities of passive investors in counterparty funds. Such evidence and testimony has no probative value and risks substantial prejudice to Mr. Demos by leading jurors to believe that Mr. Demos's market conduct implicates their own economic well-being, or the well-being of non-commercial or unsophisticated parties. In fact, Mr. Demos's market conduct at issue occurred exclusively between Mr. Demos and the three hedge funds, who are "Qualified Institutional Buyers." *See* SEC Rule 501 of Regulation.

To the extent the Government references the identities of passive investors, due process considerations give Mr. Demos the right to introduce evidence and inquire into the actual damages experienced by such investors. Given the extraordinary number of investors in the institutional counterparties, such information is likely to be unwieldy, and to date the Government has provided no such information in its disclosures to Mr. Demos. Therefore, the identities of passive investors must also be barred under Rules 401 and 403 of the Federal Rules of Evidence.

## BACKGROUND

The market conduct at issue within the indictment concerns transactions involving non-agency Residential Mortgage Backed Securities ("RMBS"). During his employment at Cantor

Fitzgerald & Co. ("Cantor"), Mr. Demos specialized in trading subordinate or mezzanine bonds, primarily non-investment grade and often at deep discounts to par because the tranches were typically exposed to the first level of default.

In the midst of the 2007 financial crisis, and as part of TARP, the United States Treasury Department created PPIP to stabilize certain securities markets by acting as a passive, limited partner and authorizing the purchase of certain "troubled assets," including RMBS bonds. However, PPIP funds were only eligible to legacy mortgage- and asset-backed securities originated prior to 2009 with a rating of AAA at origination. Moreover, there have been no allegations or indications that the RMBS bonds traded by Mr. Demos were PPIP funds.

Many highly sophisticated parties are precluded from purchasing the non-investment grade RMBS bonds traded by Mr. Demos because of the associated risk of principal loss. For example, mutual funds and insurance companies cannot generally purchase non-agency RMBS rated below investment grade. In practice, Mr. Demos's counterparties were typically the most risk tolerant hedge funds in the world who specialized in esoteric and highly speculative illiquid investments. In the transactions described within the indictment, Mr. Demos communicated only with fund managers from Marathon, Ellington Financial, LLC, and DW Partners, LP. Significantly, Mr. Demos never interacted with the passive investors whose funds were being managed by these three hedge funds.

The Government has indicated it will not seek to elicit testimony concerning TARP, PPIP, or the 2007 financial crisis. The Government's witness and exhibit lists do not include representative passive investors, and the Government has repeatedly assured Mr. Demos that it will not attempt to argue that the jurors were harmed by David's alleged market conduct. See, e.g., Govt. Mem. Opp. Grp. I Mot. 22 (ECF 51) ("[t]he Government has no intention of arguing that

3

jurors were victims of or harmed by the charged fraud, as Demos needlessly worries"). Nevertheless, Mr. Demos brings this Motion from an abundance of caution and based on the conduct of the Government in the Litvak and Shapiro prosecutions.

**ARGUMENT**

I. **Evidence and Testimony Concerning TARP, PPIP, and the 2007 Financial Crisis Must Be Excluded Because it is Irrelevant, Confusing, and Unfairly Prejudicial**

The Government has no legitimate rationale to introduce evidence or elicit testimony concerning TARP or PPIP, and any attempt by the Government to associate Mr. Demos with the 2007 financial crisis is meritless. The only charge at issue in this prosecution is securities fraud, *see* Superseding Ind. ¶¶ 14-26. The Government's theory of this case is that misrepresentations made by Mr. Demos in non-agency RMBS trade negotiations between Cantor and institutional counterparties were fraudulent because the counterparties, if they had been aware of these misrepresentations, may have engaged in additional negotiations with Mr. Demos.

Evidence and testimony regarding TARP, PPIP, or the 2007 financial crisis does nothing to bolster this theory. There is no different standard of materiality in a securities fraud case based on whether the Government is a passive investor in an investment fund that is allegedly subjected to securities fraud. Materiality is tested by an objective standard based on a reasonable investor in the relevant market. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (holding that "there must be a substantial likelihood that the disclosure of the omitted fact[s] would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available" concerning the investment); *TSC Industries v. Northway*, 426 U.S. 438, 445 (1976) ("The question of materiality, it is universally agreed, is an objective one, involving the significance of an omitted or misrepresented fact to a reasonable investor.").

Indeed, *United States v. Litvak* held that the 2007 financial crisis and the United States' Government's intervention through TARP and PPIP were irrelevant to the underlying elements of securities fraud, including materiality, in *Litvak's* similar prosecution. 808 F.3d 160 (2d Cir. 2015). Moreover, unlike Jesse Litvak, Mr. Demos is not accused of transacting with Public-Private Investment Funds—the underlying bonds in the indictment were never PPIP eligible, and none of the Marathon-managed public assets were connected to transactions with Mr. Demos.

Reference to the 2007 financial crisis, TARP, and PPIP in this trial will confuse jurors and create unfair prejudice against Mr. Demos, because he had no role in the financial crisis and he did not profit from the Government's unpopular bailout programs. Any possible probative value of evidence and testimony related to the financial crisis is outweighed by the danger of unfair prejudice, confusion of the issues, and risk of misleading the jury. *See* Fed. R. Evid. 403. Even if TARP, PPIP, and the financial crisis were relevant to this prosecution, which they are not, such evidence and testimony should be excluded on this basis alone. Therefore, pursuant to Rules 401 and 403 of the Federal Rules of Evidence and based on the aforementioned considerations, this Court should bar references to TARP, PPIP, and the 2007 financial crisis.

### II. Testimony Concerning the Identities of the Underlying, Passive Investors in the Counterparty Funds Must be Excluded Because it is Irrelevant and Prejudicial

David further moves for an order *in limine* barring the Government from eliciting evidence concerning the identities, by name or category, of passive investors in the counterparty funds, including public and private pension funds, charities, and educational institutions. Such evidence has no bearing on the elements of securities fraud and risks substantial prejudice arising from speculation by Jurors that their personal financial interests or the financial interests of sympathetic investors were implicated by Mr. Demos's alleged market conduct.

Testimony concerning the identities of passive investors should be barred, pursuant to Rule 401, because such testimony is irrelevant to the offenses charged. The allegations in the indictment concern whether specific, sophisticated investment firms were the victims of securities fraud because of purported misrepresentations made by Mr. Demos in negotiations for the purchase and sale of non-agency RMBS, on behalf of Cantor. Based on the Government's witness list, the testimony to be offered concerning the trades and negotiations by the counterparties will be that of professional asset managers and private investment fund managers employed at the time by the counterparties.

The identity and sophistication of the passive investors sheds no light whatsoever on whether individuals at the counterparty institutions, charged with making investment decisions on behalf of these passive investors, behaved in accordance with the standards of a reasonable investor. There will be ample evidence from individuals employed by counterparty institutions as to the sophistication of their investment process. By contrast, the identity of passive investors adds nothing to this assessment and is confusing and prejudicial.

Even if the Court accepted the premise that the relative sophistication of passive investors in a fund is relevant to assessing whether the counterparties behaved reasonably, the identity of passive investors should be barred from admission under Rule 403, because any marginal probative value is greatly outweighed by substantial and unfair prejudice. *See* Fed. R. Evid. 403. For example, noting that passive investors included pension funds, endowments, educational institutions and charities carries an undue risk that Jurors will improperly perceive their own interests as intertwined with those of the passive investors. Courts inside and outside of the Second Circuit routinely characterize such evidence as improper. *See United States v. D'Anna*, 450 F.2d 1201, 1205-06 (2d Cir. 1971) (prosecutor's statement that jury should "consider the fact that they

as citizens carry an additional burden when someone does not pay his taxes" was "improper"); *United States v. Lotsch*, 102 F.2d 35, 37 (2d Cir. 1939) (in bank fraud prosecution, prosecutor's statement that "since the United States guaranteed bank deposits, the money lent to these borrowers came out of the jurors' pockets" was "plainly an improper remark"); *United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) ("Remarks invoking the individual pecuniary interests of jurors as taxpayers are universally viewed as improper."); *United States v. Trutenko*, 490 F.2d 678, 679 (7th Cir. 1973) ("[A]ppeal[ing] to the pecuniary interest of the jurors [is] unquestionably an unacceptable predicate for an argument in a criminal trial") (footnote omitted).

There is no reason to single out pension funds, charities, educational institutions or other specific categories of investors from the hosts of investors in counterparty institutions. The identity of passive investors is both irrelevant to this prosecution and inflammatory. For example, the Government in summation in *Litvak I* argued as follows*: "*You heard about how Jesse Litvak lied and cheated their investors out of money. Their investors who are pension funds, mutual funds, 401(k)s. And in the case of the PPIP funds, the United States Treasury." *Litvak* Tr. at 1354; *see also Shapiro* Tr. at 2675-76 ("[I]t's particularly true if you're in an industry responsible for, tasked with control of, the wealth of people and all the critical institutions you heard about during the course of this trial, things like pension funds, endowments, charities."). Such argument and evidence has no place in Mr. Demos's trial. Accordingly, the identities of passive investors must be barred under Rules 401 and 403 of the Federal Rules of Evidence.

## CONCLUSION

Mr. Demos is not accused of committing securities fraud against Government programs, public or private pensions funds, educational institutions, charities, or any of the other passive investors whose funds were managed by the counterparty firms.  The market conduct at issue

7

was directed exclusively at highly sophisticated, hedge funds. For these reason, and pursuant Federal Rules of Evidence 401 and 403, Defendants David Demos respectfully moves *in limine* to preclude the Government from introducing evidence or eliciting testimony concerning the following: (1) TARP, PPIP, analogous or equivalent references to the 2007 financial crisis including investment by the Treasury Department, Government, or taxpayer money in PPIP investment vehicles; and (2) the identities of the underlying passive investors in the funds managed by the counterparty firms.

        Respectfully submitted,

        DAVID DEMOS

    By:  */s/ George Leontire*

        Jose Baez
        The Baez Law Firm
        40 SW 13th Street, Suite 901
        Miami, FL 33130
        (305) 999-5111
        jose@baezlawfirm.com

        George Leontire
        The Baez Law Firm
        66 N. Second Street
        New Bedford, MA  02108
        (855) 223-9080
        george@baezlawfirm.com

        Ronald S. Sullivan, Jr.
        6 Everett Street
        Cambridge, MA 02138
        (617) 496-4777
        prof.ron.sullivan@gmail.com

        – and –

        Michael L. Chambers, Jr. (ct28580)
        100 Wells Street, Suite 2C

Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys