UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | January 12, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING MR.
DEMOS'S TOTAL COMPENSATION, CANTOR'S PROFITS,
AND REFERENCES TO VICTIMS LOSSES IN THE MILLIONS**

Defendant David Demos respectfully submits this memorandum of law in support of his Motion *in Limine* to preclude the Government from introducing evidence and argument relating to (1) Mr. Demos's total compensation from Cantor Fitzgerald & Co. ("Cantor"), including total compensation, base salary, and discretionary or non-discretionary bonus's, because it is irrelevant; (2) any compensation Mr. Demos received while employed at Cantor because it cannot be admitted to prove motive; (3) Cantor's profits as equivalent to David's profits, because it's a false equivalency; and (4) that the victim's sustained millions of dollars of losses, because it is prejudicial.

One, pursuant to Federal Rules of Evidence 401 and 403, the Government must be precluded from introducing evidence of Mr. Demos's total compensation because the Government cannot show that his total compensation was derived from the alleged criminal conduct. Moreover, even if this evidence has marginal relevance, its introduction would be substantially more prejudicial to Mr. Demos than probative to the issues. Evidence of Mr. Demos's total compensation, base salary, and discretionary or non-discretionary bonus's does not specifically differentiate compensation attributed to the alleged criminal conduct, as evidence of Mr. Demos's

1

scheme to defraud. Therefore, such evidence is irrelevant to the allegedly unlawful conduct described in the Superseding Indictment. Moreover, if the Court finds that the evidence is marginally relevant, the evidence is highly likely to cause unfair prejudice to Mr. Demos. Evidence of Mr. Demos's total compensation will inflame the jury, and create a substantial risk of class and wealth prejudice. Accordingly, the Government should be precluded from introducing evidence and argument related to Mr. Demos's total compensation, base salary, and discretionary or non-discretionary bonus's. Mr. Demos therefore requests that the Government be precluded from entering any Government exhibits which describe David's total compensation. ███████

███████████████████████████████████████

███████████████████████████

Two, pursuant to Second Circuit precedent, the Government should be precluded from entering any evidence of Mr. Demos's compensation from the alleged scheme to demonstrate motive. The Second Circuit has indicated its rejection of "incentive compensation as evidence of motive sufficient to support a strong inference of scienter." *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 54 (2d Cir. 1995). Therefore, any compensation from Mr. Demos's received while employed at Cantor, including any compensation from the alleged criminal conduct must be excluded.

Three, the Government must also be precluded from introducing any evidence or argument that the profits earned by Cantor on individual trades of residential mortgage-backed securities ("RMBS") are equivalent to Mr. Demos's earned profits. Moreover, any related characterizations, i.e. that these profits "went into his pocket," should also be prohibited. It is indisputable that the profits earned from the trades listed in the Superseding Indictment were retained by Cantor and did not flow directly to Mr. Demos. The Government stated "[b]y lying about Cantor's price, [Mr.

Demos] is alleged to have inflated victims' purchase prices and deflated their sale prices, all so Cantor (and he) could take more money from his unwitting victims." Govt. Opp. to Def. Grp I Mot., at 25 (ECF 51). Here, the Government makes the false equivalency that Cantor's profits are akin to Mr. Demos's profits while employed at Cantor, and Mr. Demos expects that the Government intends to introduce evidence and argument at trial which makes the same false equivalency. Pursuant to Federal Rules of Evidence 401 and 403 this evidence must be excluded.

Finally, Mr. Demos requests this Court preclude the Government from presenting in its opening statement, during trial, and closing argument, that Mr. Demos caused "victims to sustain millions of dollars of losses." And to preclude the Government from introducing evidence that the counterparties losses were in the millions, without first laying the proper foundation for such losses.

## ARGUMENT

Evidence is relevant if has "any tendency to make a fact that is of consequence to the determination of the action more or less probably than it would be without the evidence." Fed. R. Evid. 401. For the purposes of admission or exclusion, assessments of relevancy are committed to the sound discretion of the district court. *George v. Celotex Corp.*, 914 F.2d 26, 28 (2d Cir. 1990); *see US v. Gupta*, 747 F.3d 111, 137 (2d Cir. 2014). Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

The term "unfair prejudice" applied to a criminal defendant, arises from relevant evidence which has the capacity to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). This prejudice "may be created by the tendency of the evidence to prove some adverse fact not in issue,

3

or unfairly to excite emotions against the defendant." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).

I. **Evidence of Mr. Demos's Total Compensation, Base Salary, and Discretionary or Non-Discretionary Bonus's Must be Excluded Because it is Substantially More Prejudicial Than Probative**

Pursuant to Federal Rules of Evidence 401 and 403, the Government must be precluded from introducing evidence of Mr. Demos's total compensation because the Government cannot show that his total compensation was derived from the alleged criminal conduct. Indeed, in the *Litvak* retrial, the District of Connecticut ruled that the Government failed to establish the relevance of the total amount of Jesse Litvak's compensation.

> The second form of relief sought by Litvak in this Motion in limine is to "exclude evidence about Mr. Litvak's total compensation." Def.'s Compensation Mem. at 6 (Doc. No. 358-1). The court agrees with Litvak that the government has, to date, failed to establish the relevance of the total amount of his compensation. The court also agrees with Litvak that the admission of this evidence could be highly prejudicial to Litvak, as it could "inflame the jury by appealing to class prejudice," id., which is highly improper, see United States v. Stahl, 616 F.2d 30, 32-33 (2d Cir. 1980). Thus, the court grants Litvak's Motion in limine and excludes evidence of his total compensation under Rules 401 and 403 of the Federal Rules of Evidence. The court notes, however, that this Ruling is without prejudice to the government renewing its attempt to introduce this evidence, if the government can establish relevance and lay a proper foundation for the evidence's admission.

*Litvak Rulings Re: Motions in Limine,* at 18 (June 28, 2016) (ECF 432).

In the instant case, Mr. Demos's total compensation from Cantor was based on hundreds of trades Mr. Demos executed on behalf of Cantor, of which only six trades constitute indicted and alleged charged conduct. Allowing Jurors to hear about Mr. Demos's total compensation from Cantor will confuse the Jurors and create unfair class prejudice against him.

II. **Evidence and Argument Relating to Mr. Demos's Compensation or Total Compensation He Received While Employed at Cantor Must be Excluded**

4

The Government should be precluded from entering any evidence of Mr. Demos's compensation from the alleged scheme to demonstrate motive. Among the elements for the Government to establish its case against Mr. Demos they must prove beyond a reasonable doubt that he acted with intent to defraud, "deliberately us[ing] deception to induce another to act to his detriment," and to do "something the law forbids" and prove that he did not "h[o]ld an honest belief his actions were permissible." *See Shapiro* Jury Instructions, Tr. at 2649, 2651. The defendant's compensation from the alleged scheme or total compensation cannot be used to demonstrate motive. The Second Circuit has frequently reiterated its rejection of "incentive compensation as evidence of motive sufficient to support a strong inference of scienter" as it recognized that a majority of corporate executives "are compensated with stock options and incentive bonuses." *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 54 (2d Cir. 1995); *see also Malin v. XL Capital Ltd.*, 499 F.Supp.2d 117, 158–59 (D. Conn. 2007) (the Court rejected the Plaintiffs' attempt to introduce Defendants' large incentive bonuses to support an inference of scienter since the "receipt of incentive compensation, including performance-based bonuses, does not, by itself, establish motive."); *Ferber v. Travelers Corp.*, 785 F.Supp. 1101, 1107–08 (D. Conn 1991) (where the Plaintiffs in a securities fraud suit against insurance company's officers and directors attempted to introduce the individual defendants' compensation tied to yearly corporate financial performance to demonstrate fraudulent intent but the court rejected this reasoning and held that "[i]t does not logically follow that because executives have components of their compensation keyed to performance, one can infer fraudulent intent.").

[redacted]

▬▬▬▬▬▬▬ Therefore, the Government should be precluded from entering any evidence of Mr. Demos's compensation from the alleged scheme to demonstrate motive.

### III. Evidence and Argument of Cantor's Profits as Equivalent to Mr. Demos's Profits Must be Excluded Because it is Substantially More Prejudicial Than Probative

The Government must also be precluded from introducing any evidence or argument that the profits earned by Cantor on individual trades of Residential Mortgage-Backed Securities ("RMBS") are equivalent to Mr. Demos's earned profits. Moreover, any related characterizations, i.e. that these profits "went into his pocket," should also be prohibited. It is indisputable that the profits earned from the trades listed in the Superseding Indictment were retained by Cantor and did not flow directly to Mr. Demos. The Government makes the false equivalency that Cantor's profits are akin to Mr. Demos's profits while employed at Cantor, and Mr. Demos expects that the Government intends to introduce evidence and argument at trial which makes the same false equivalency. *See* Govt. Opp. to Def. Grp I Mot., at 25 (ECF 51) ("By lying about Cantor's price, [Mr. Demos] is alleged to have inflated victims' purchase prices and deflated their sale prices, all so Cantor (and he) could take more money from his unwitting victims."). Therefore, pursuant to Federal Rules of Evidence 401 and 403 this evidence must be excluded. In Litvak II, the Court ruled that the government be barred from referring to the profits on trades conducted by Litvak as "his profits".

> The first form of relief sought by Litvak specifically asks that the government and its witnesses be barred from referring to the profits on trades conducted by Litvak as "his profits," because Litvak contends that "[a]ny suggestion that proceeds from the trades at issue went directly into Mr. Litvak's pocket . . . has no basis in fact and can only confuse the jury." Def.'s Compensation Mem. at 4 (Doc. No. 358-1). In its Opposition and again at oral argument, the government contended that referring to profits on trades as the profits of an individual trader is industry shorthand; everyone understands that the profits on a given trade do not go directly into the trader's pocket, which means that referring to the profits on a trade as the trader's profits, while technically inaccurate, is "innocuous." Gov't's Compensation Opp. at 4-5 (Doc. No. 388). The government also conceded that it could not, and would not,

6

>argue as a matter of fact that Litvak retained every dollar of profit on every trade he completed. Given the government's concession that it will not argue that profits on the trades at issue in this case were actually Litvak's profits, the court grants absent objection from the government Litvak's request that the government be barred from so arguing, but denies Litvak's request that the court preclude witnesses from using the phrase "his profits" in their testimony. Like Litvak's Motion in limine that sought to preclude witnesses from stating that they understood Litvak to be working on their behalf, see supra at 4, this request is, in essence, an attempt to limit the ability of lay witnesses to testify, in their own words, to their own experiences and perceptions. The court declines to police the language of the witnesses in this manner.

*Litvak Rulings Re: Motions in Limine,* at 18 (June 28, 2016) (ECF 432).

The Government must be precluded from offering evidence or insinuating at trial that the profits earned by Cantor on individual RMBS trades were actually the Mr. Demos's profits. It is uncontroverted that this was not the case. These incorrect and unsubstantiated statements by the government are highly prejudicial and misleading. They should be excluded pursuant to Rules 401 and 403.

IV. **Presentation in the Government's Opening Statement and Evidence That the Counterparties Losses Were in the Millions Must be Excluded**

Finally, Mr. Demos requests this Court preclude the Government from presenting in its opening statement, and during trial, that Mr. Demos caused "victims to sustain millions of dollars of losses." And to preclude the Government from introducing evidence that the counterparties losses were in the millions, without first laying the proper foundation for the loss calculation.

Indeed, the Superseding Indictment alleges that "[a]s a result of this scheme, [Mr. Demos] caused victims to sustain millions of dollars of losses." Sup. Ind. ¶ 17. The Government states that the allegation is "simply an aggregation of the loss calculations for each fraudulent trade committed by Demos as part of his scheme." Govt. Opp. to Def. Grp I Mot., at 26. (ECF 51). However, the Government has the obligation to establish a proper foundation to admit loss

calculation evidence, and not merely use such prejudicial language until such time as the evidence has been properly admitted to support the Government's factual assertion.

## CONCLUSION

For the foregoing reasons, Defendant Demos respectfully requests that the Court grant his motion in limine to preclude the government from introducing evidence and argument including: (1) Mr. Demo's total compensation from Cantor, including total compensation, base salary, and discretionary or non-discretionary bonus's; (2) any compensation Mr. Demos received while employed at Cantor cannot be admitted to prove motive; (3) Cantor's profits as equivalent to Mr. Demos's profits; and (4) that the victim's sustained millions of dollars of losses.

Respectfully submitted,

DAVID DEMOS

By:   */s/ George Leontire*

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

9

          Michael L. Chambers, Jr. (ct28580)
          100 Wells Street, Suite 2C
          Hartford, Connecticut 06103
          (860)231-9535
          chamberslegalservices@gmail.com

          His Attorneys