UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | January 18, 2018 |

**GOVERNMENT'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO
DISCLOSE THE GRAND JURY'S LEGAL INSTRUCTIONS**

The United States respectfully submits this opposition to the defendant David Demos's

Motion to Disclose the Grand Jury Legal Instructions [Dkt. #127] and accompanying

Memorandum [Dkt. #128, hereinafter "Discl. Mem."].  The Court should deny defendant's

unsupported motion; in the alternative, the Court should review the requested grand jury

instructions *in camera*.

## I.      PROCEDURAL HISTORY

On August 15, 2017, Demos filed an omnibus Motion to Dismiss [Dkt. #72] and

accompanying Memorandum of Law [Dkt. #73, hereinafter "Def. Group II Mem."], which

alleged, *inter alia*, misconduct before the grand jury.  Def. Group II Mem. at 85-100.[1]  The

Government opposed that motion [Dkt. #85, hereinafter "Govt. Group II Opp."], pointing out

that, in several instances, Demos had misstated and mischaracterized portions of the grand jury

testimony, and providing the Court with a copy of the transcript.  Govt. Group II Opp. at 19.

Demos replied on October 17, 2017 [Dkt. #99], and the Court heard several hours of argument—

including on Demos's misconduct motion—on December 14, 2017.  Two weeks later, Demos

filed this motion.

---

[1] The Government provided all grand jury testimony and exhibits to Demos in discovery.

Demos now moves for disclosure of the Government's legal instructions to the grand jury.  In making his request, Demos fails to identify any "particularized need" for this additional production, other than his desire to engage in a fishing expedition in the mislaid hopes that the Government delivered an improper instruction.  Although Demos has no valid basis to cast aside the secrecy afforded to grand jury proceedings, if the Court would like to put the issue to rest, it should review the instructions *in camera*.

## II.     ARGUMENT

"The discretion of a trial court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial judge can make." *In re Petition of Craig*, 131 F.3d 99, 104 (2d Cir. 1997).  Courts weigh the need for disclosure against the public interest in maintaining secrecy over such proceedings.  *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979).  Where, as here, the grand jury's investigation has concluded, the interest in secrecy is reduced, but not eliminated.  *See Douglas Oil Co.*, 441 U.S. at 222; *see also United States v. Sobotka*, 623 F.2d 764, 767 (2d Cir. 1980) ("We conclude that while the necessity here be less compelling in view of the termination of the grand jury, nonetheless some necessity need be shown by the party seeking disclosure.").

Federal Rule of Criminal Procedure 6(e)(1) provides that grand jury transcripts shall remain in the control of the attorney for the Government "unless the court orders otherwise." Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter "at the request of the defense who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Even when applications for disclosure properly relies on an exception to grand jury secrecy, courts are

reluctant to unseal material relating to grand jury proceedings, unless the applicant is able to demonstrate a "particularized need" for that information. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *United States v. Moten*, 528 F.2d 654, 662 (2d Cir. 1978) ("Grand jury proceedings are traditionally conducted in secret . . . [and] the burden is on the party seeking disclosure to show a 'particularized need' that outweighs the need for secrecy.").

Where an applicant's purported "particularized need" rests upon a claim of prosecutorial misconduct, the misconduct allegations must be set forth with specificity. *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010)) ("A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct."). Conclusory or speculative allegations of misconduct are not enough. *United States v. Santoro*, 647 F. Supp. 153, 173 (E.D.N.Y.1986), *aff'd*, 880 F.2d 1319 (2d Cir.1989); *see also Anilao v. Spota*, 918 F. Supp. 2d 157, 174 (E.D.N.Y. 2013) ("[U]nspecific allegations of need or mere speculation are not adequate."); *United States v. Wilson*, 565 F. Supp. 1416, 1436-37 (S.D.N.Y. 1983) ("[S]peculation and surmise as to what occurred before the grand jury is not a substitute for fact."). Defendants are not entitled to disclosure of grand jury materials "in order to engage in a fishing expedition in hopes of uncovering an impropriety or defect in the proceeding where he has no basis to conclude that an impropriety or defect exists." *United States v. Abounnajah*, No. CR-91-00146, 1991 WL 42895, at *2 (E.D.N.Y. Mar. 26, 1991); *see also United States v. Stern,* No. 03 CR. 81, 2003 WL 22743897, at *3 (S.D.N.Y. Nov. 30, 2003) ("[A]bsent any indication of government impropriety that would defeat that presumption [of regularity], this court has no roving commission to inspect grand jury minutes, and will not fashion one.").

Even an error in the Government's legal instructions would not necessarily justify dismissing the indictment. *See United States v. Faltine*, No. 13-cr-315 (KAM), 2014 WL 4370811, at *6 (E.D.N.Y. Sept. 2, 2014) ("[E]ven if a grand jury was improperly instructed, that error is not a basis for the defense obtaining the Grand Jury minutes since (absent a showing of prejudice to defendants due to the error) errors in Grand Jury proceedings alone are not a basis for dismissal of an Indictment."); *United States v. Larson*, No. 07 CR 304S, 2012 WL 4112026, at *4 (W.D.N.Y. Sept. 18, 2012) ("Regarding the instructions given to the Grand Jury, even if it was improperly instructed, that error is not a basis for the defense obtaining the Grand Jury minutes, since (absent a showing of prejudice to defendants due to the error) errors in Grand Jury proceedings alone are not a basis for dismissal of an Indictment.") (citations omitted). The prejudice required for dismissal cannot not shown where grand jury instructions are not "flagrantly misleading or so long as all the elements are at least implied." *United States v. Smith*, 105 F. Supp. 3d 255, 262 (W.D.N.Y. 2015) (internal citations omitted).

### A. The Government Has Not Made Any Misstatements of Law That Would Support Disclosure of Grand Jury Instructions

Demos argues that, because the Government has made "continual misstatements on the law of securities fraud," Discl. Mem. at 1, the Court should infer that the Government made similar misstatements during the grand jury's legal instructions, *id*. at 6-7. But Demos's premise is incorrect; the Government has consistently stated the correct willfulness and materiality standards for securities fraud.

### 1. The Government Has Not Misstated the Law on Willfulness

Demos speculates that the Government may have misstated the willfulness standard for securities fraud in the grand jury, based on the rebuttal summation in the later trial of *United States v. Shapiro*.

- 4 -

There are several obvious disconnects between the two cases.  First, the *Shapiro* trial occurred months after the grand jury indicted Demos (in December 2016) and superseded (in March 2017).  Second, in *Shapiro*, the defendants were charged with securities fraud and wire fraud, which complicated the Court's instructions.  Third, the argument that Demos points to was a rebuttal summation by a different prosecutor, rather than a prepared statement.  *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (rebuttal summation is "not a 'detached exposition,' with every word 'carefully constructed . . . before the event[,] but rather an argument requiring "improvisation") (citations omitted).

Even if the rebuttal argument in *Shapiro* was persuasive evidence from which to infer what happened before the *Demos* grand jury, it proves only that the Government is prone to accurately state the law.  Willfulness for securities fraud under 15 U.S.C. §§ 78j(b) and 78ff (aside from insider trading offenses) requires knowledge of wrongfulness, but not knowledge of illegality.  The Second Circuit considered this distinction in *United States v. Kaiser*, and held that its prior decisions did "not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct." *United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010).  The court's decision left no doubt that it had specifically rejected the higher willfulness standard sought by the defendant.  *Id.* at 568 ("We do not agree, however, that 'willfulness' requires proof that the defendant knew that his actions were illegal.").

Consistent with this law, in its rebuttal summation in *Shapiro*, the Government responded to the defense's inaccurate version of the willfulness standard with an accurate statement.  Specifically, the Government correctly pointed out that "the jury instructions do not say you have to know it's illegal.  They don't say that." *United States v. Shapiro*, 3:15-CR-155 (RNC),

Trial Tr. [Dkt #463] at 2941.  Not only was this true, but it was obvious; as Judge Chatigny stated the parties prior to summation, "I don't think the Second Circuit case law requires the Government to prove that the defendants knew their conduct was unlawful[.]"  *Id.* at 2617. While Judge Chatigny responded to the defendants objections that the Government's statements were potentially misleading with a clarifying instruction, *id.* at 3008-09, importantly, he did not find any misconduct in the Government's rebuttal.[2]

Thus, Demos's speculation that the Government may have erroneously instructed the grand jury on willfulness is premised on unconnected circumstances where the Government accurately stated the willfulness standard.  This cannot provide the basis for disclosure of grand jury transcripts.  *Anilao*, 918 F. Supp. 2d at 174 ("[U]nspecific allegations of need or mere speculation are not adequate."); *Wilson*, 565 F. Supp. at 1436-37 ("[S]peculation and surmise as to what occurred before the grand jury is not a substitute for fact.").

### 2.  The Government Has Not Misstated the Law on "Materiality"

Similar to his first claim, Demos speculates that the Government may have misstated the legal standard for materiality before the grand jury, based on the Government's statements in this case, in *Shapiro* and in *United States v. Litvak*, 3:13-CR-019 (JCH).  Discl. Mem. at 7-8.  Again, Demos's premise is wrong, and thus his conclusion is a non sequitur.

Specifically, Demos claims that the Government misstated the law by writing that "[i]n this Circuit, '[a] misrepresentation is material under Section 10(b) of the Securities Exchange

---

[2] It is unlikely that a brief, accurate statement about the Court's instructions in response to an inaccurate defense argument could constitute such misconduct.  *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir. 1981) (relevant facts in weighing misconduct include "whether the improper comments were 'minor aberrations in a prolonged trial' or cumulative evidence of a proceeding dominated by passion and prejudice,'" "the extent to which the misconduct was intentional," and "the extent to which the statements were made in response to defense contentions").

Act and Rule 10b-5 where there is a substantial likelihood that a reasonable investor would find the . . . misrepresentation important in making an investment decision.'"  Discl. Mem. at 7 (quoting Govt. Group II Opp. at 10).  In fact, the language the Government used was a quotation from the Second Circuit's decision in *United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015), which in turn quoted *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013).  Judge Hall used this same construction of materiality in her charge to the jury in both *Litvak* trials.  *United States v. Litvak*, 3:13-CR-019 (JCH), Jury Charge [Dkt. #225, 3/5/14] at 49 ("A false statement, or an omitted fact that made what was said misleading under the circumstances, is material if there is a substantial likelihood that a reasonable investor would consider it important in making his or her investment decision.") and Jury Charge [Dkt. #523, 3/29/17] at 48 ("In order to be material, there must be a substantial likelihood that a reasonable investor would find the misrepresentation important in making an investment decision.").  The materiality language that Demos objects to is simply a clearer version of the first of two materiality formulations in *TSC Industries, Inc. v. Northway, Inc.*:

> What the standard does contemplate is a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder.  Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.

426 U.S. 438, 449 (1976).  Even if Demos prefers the latter, less-accessible "total mix" formulation, he cannot seriously claim that the Government misstated the law by quoting the Second Circuit's primary phrasing of materiality.

As above, Demos's speculation that the Government improperly instructed the grand jury regarding materiality is premised on an instance where the Government accurately stated Second

Circuit precedent.  Unfounded conjecture is not a valid basis for disclosure of grand jury instructions.  *Wilson*, 565 F. Supp. at 1436-37.

### B. Demos Has Not Alleged Any "Prosecutorial Error" That Support Disclosure of Grand Jury Instructions

The balance of Demos's memorandum is dedicated to recycling misconduct arguments from his Group II motion.  Discl. Mem. at 9-18.  The Government has previously addressed those claims and incorporates that prior response by reference.  *See* Gov.'s Group II Opp. at 16-20.  That said, Demos's misconduct argument is particularly unavailing as the basis for disclosure of grand jury instructions.[3]

Here, Demos previously claimed that the indictment must be dismissed because Government counsel personally vouched for the criminality of Demos's conduct and misled jurors through "half-answers, deflecting critical inquiries by grand jurors, and misstating the facts."  *See* Discl. Mem. at 10.  None of the statements or exchanges contained in Demos's allegations demonstrate a "particularized need" for the grand jury's legal instructions.  Where a defendant's claim is that the grand jury was presented with unreliable, incomplete or misleading information, this constitutes an impermissible challenge to the adequacy or quality of the evidence presented to the grand jury that cannot result in dismissal.  *See United States v. Williams*, 504 U.S. 36, 54-55 (1992) ("A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete'

---

[3] Demos once again relies heavily on the inapposite case of *United States v. Hogan*, 712 F.2d 757 (2d Cir. 1983).  *See* Discl. Mem. at 4, 9-12.  In *Hogan*, evidence of misconduct included the prosecutor characterizing the target as a "real hoodlum" who should be indicted "as a matter of equity," and introducing testimony that the target was a "suspect" in an unrelated murder and had committed crimes irrelevant to the drug charges presented to the grand jury.  *Id.* at 760.  That prosecutor also told grand jurors about rumors of misconduct while the target had served as a police officer, related that he had read various newspaper articles about a bribery scheme, and suggested that the "high ranking officer" referenced in those articles was the target.  *Id.*  No similar circumstances exist here.

or 'misleading.'"); *Bank of Nova Scotia v. United States*, 487 U.S. 250, 260-61 (1988) (a district court's finding of misleading and inaccurate evidence "boils down to a challenge to the reliability or competence of the evidence presented to the grand jury.  We have held that an indictment valid on its face is not subject to such a challenge.").

 Moreover, each of Demos's claims have been fully briefed and argued based upon the already-disclosed grand jury testimony.  *See, e.g.*, Discl. Mem. at 12.  In fact, only one of Demos's allegations even refers to the grand jury instructions at all.  ████████████████

████████████████████████████████████████

████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█ *See also United States v. Silver*, 103 F. Supp. 3d 370, 381-82 (S.D.N.Y. 2015) ("[I]t could not have been a surprise to any member of the grand jury that heard this matter and voted a true bill that the U.S. Attorney's Office—including the U.S. Attorney who signed the Indictment on which they were asked to vote—believed [the defendant] to be guilty.").

████████████████████████████████████████

████████████████████████████████

III.    CONCLUSION

For reasons set forth above, Demos has failed to satisfy his burden of showing a "particularized need" for the grand jury instructions, and the Government respectfully requests that the Court deny his motion.  Nonetheless, if the Court would like to assure itself of the regularity of the grand jury proceedings, the Government respectfully requests that the Court order an *in camera* review.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 18, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY