UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | February 2, 2018 |

### DEFENDANT DEMOS'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING EXERCISE OF PROSECUTORIAL DISCRETION

Defendant David Demos respectfully submits this memorandum of law in opposition to the Government's motion *in limine* to preclude evidence or argument concerning the purported exercise of prosecutorial discretion. *See* Govt. Mot. to Preclude Evidence Concerning Exercise of Prosecutorial Discretion. (ECF 135) (hereinafter "Govt. Mot."). In their motion, the Government seeks to preclude Mr. Demos "from presenting evidence or argument concerning the lack of prosecution of purportedly similarly-situated individuals or speculating as to the Government's motive for prosecuting him." *Id.* at 1.

### ARGUMENT

Mr. Demos maintains that other RMBS traders and salespeople made misrepresentations about price to customers similar to those allegedly made by Mr. Demos. Most of these other individuals have not been charged. The Government purportedly anticipates that Mr. Demos will attempt to bring a selective prosecution defense before the jury. It then cites a number of cases establishing the unremarkable proposition that a selective prosecution claim is one for the Court, not for the Jury. This is so because "a selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the

charge for reasons forbidden by the Constitution." *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (*quoting United States v. Armstrong*, 517 U.S. 456, 463 (1996)). Mr. Demos does not intend to argue that the prosecutors brought these charges because of a constitutionally impermissible reason.

However, evidence relating to the fact that other RMBS traders and salespeople made misrepresentations to counterparties similar to those at issue in this case and had never been disciplined or prosecuted is highly relevant for a number of reasons. First, this type of evidence is relevant to Mr. Demos's knowledge and intent. Second, this type of evidence is relevant to materiality. Third, the credibility of witnesses, who are RMBS trades or salespeople, that made misrepresentations themselves, is an appropriate issue for the Jury's consideration. Therefore, Mr. Demos may explore the potential biases of these witnesses in light of the evidence that other traders and salespeople participated in the market conduct that the Government alleges is criminal. The Government's motion does not challenge or even allude to any other potential argument or grounds for precluding such evidence, focusing entirely on the selective prosecution claim—which Mr. Demos has no intention of making.

## CONCLUSION

The Government's motion should be denied, because Mr. Demos has no intention of offering "Evidence or Argument Concerning Purported Selective Prosecution."

    Respectfully submitted,

    DAVID DEMOS

By:  */s/ George Leontire*

    Jose Baez
    The Baez Law Firm

40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com


George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr.
(ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys