UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | February 1, 2018 |

**DEFENDANT DEMOS'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISCLOSE THE GRAND JURY LEGAL INSTRUCTIONS**

The Government's opposition memorandum largely rests on the claim that Mr. Demos has not shown a particularized need for a more fulsome disclosure of the Grand Jury transcripts, particularly those sections that capture the legal instructions provided to the Grand Jurors.

The flaw in the Government's arguments in its opposition is evident. It insists on a showing of particularized need that can only be accomplished by a review of the entire Grand Jury transcript. That is, the Government challenges Mr. Demos's request on the ground that it cannot point to particular examples of misleading legal instructions in a transcript to which Mr. Demos does not have access. This, by definition, is circular. Mr. Demos cannot point to the Grand Jury transcript with the degree of granularity implied by the Government's opposition. Such a standard ensures that no accused can ever successfully meet a particularized need standard sufficient to warrant production of Grand Jury transcripts. Instead, Mr. Demos points, with particularity, to known sections of the Grand Jury transcripts that contain prejudicial error, and couples that with recorded instances of the Government misstating Federal Securities laws.

Significantly, even in its opposition, the Government misstates the securities law by insisting on a false equivalence between materiality and importance. Information "important" to an investor is not sufficient to visit criminal liability on Mr. Demos. Importance, alone, is not a

category that the law recognizes as a basis for culpability under the securities laws. *See City of Pontiac Policemen's & Firemen's Retirement System v. UBS, AG*, 752 F.3d 173, 185 (2d Cir. 2014) ("But while importance is undoubtedly a *necessary* element of materiality, importance and materiality are not synonymous."). Instead, the law requires that the misrepresentation be *so* important that it "significantly altered the total mix of information."  The Government's repeated insistence that a mere finding of importance to an investor, as a legally significant category, is sufficiently troubling to impel this Court to order disclosure of the Grand Jury transcripts.

Contrary to the Government's claim, Mr. Demos has met his obligation and raised issues from the record, to which he has access, that gives rise to an inference of prejudicial error.  In his papers, Mr. Demos demonstrates instances where the Government, *inter alia*, has (1) consistently and repeatedly misstated the law of willfulness and materiality; (2) ███████████████████████ (3) ████████████████████████████████████████ (4) ███████ ████████████████████████████████ and, (5) ████████████████████████████████████████ The foregoing resolves the ██████████████████████████████ balance between the need for disclosure of Grand Jury transcripts and the requisites of Grand Jury secrecy in favor of the Court ordering disclosure and reviewing the legal instructions provided to the Grand Jury.

## CONCLUSION

For the above reasons, this Honorable Court should order the Government to disclose the Grand Jury legal instructions.

Respectfully submitted,

DAVID DEMOS


By:   _/s/ George Leontire_____

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr. (ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys