UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant | : | March 5, 2018 |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Demos has utilized the jury instructions from US v. Ross Shapiro, Michael Gramins, and Tyler Peters, Case No. 3:15-CR-155 (RNC). The Government, Defense and the Court in that matter spent a great deal of time crafting the jury instructions and Mr. Demos believes it is in the best interest of judicial economy to submit the instructions in that case for consideration by the court in this matter.

Defendant Demos has maintained the same organization of instructions in these proposed instructions as the Court did in the *Shapiro* case. The conspiracy and wire fraud counts in *Shapiro* are not relevant in this matter; accordingly such instructions were noted as deleted in these instructions.

Finally, Defendant Demos has provided the Court with a redlined version comparing the *Shapiro* instructions with these instructions to allow the Court to quickly determine differences between the two sets of instructions. *See* Redlined *Shapiro* Instructions, **Exhibit A.**

Please note we did not compare the index because the *Shapiro* index listed several instructions that did not exist in the *Shapiro* instructions.  We compared the actual instructions submitted to the Jury.

## JURY INSTRUCTIONS

1. OPENING INSTRUCTIONS

PART I:  GENERAL INSTRUCTIONS

2.      INSTRUCTIONS TO BE CONSIDERED AS A WHOLE
3.      SUMMARY OF THE CASE
4.      ROLE OF JUDGE
5.      ROLE OF THE ATTORNEYS
6.      DUTY OF THE JURY
7.      PARTIES MUST BE TREATED AS EQUALS
8.      PREJUDICE, BIAS, SYMPATHY
9.      THREE BASIC RULES IN CRIMINAL CASES
     a.      The Presumption of Innocence
     b.      Prosecution Alone Has Burden of Proof
     c.      Proof Beyond a Reasonable Doubt
10.     "PROVE" AND "FIND"

PART II:  INSTRUCTIONS REGARDING THE CHARGED OFFENSE

11.     SECURITIES FRAUD
     a.      Introduction
     b.      The Statutes and Regulation
     c.      The Elements of the Offense
     d.      Securities Fraud – First Element
     e.      Securities Fraud – Second Element
     f.      Securities Fraud – Third Element
     g.      Securities Fraud – Fourth Element
12.     WIRE FRAUD--- *Deleted Not Applicable*
13.     AIDING AND ABETTING LIABILITY---*Deleted Not Applicable*
14      CONSPIRACY TO COMMIT SECURITIES AND WIRE FRAUD---
     *(Deleted Not Applicable)*
15      NO AGENCY

PART III:  INSTRUCTIONS FOR DELIBERATION

16.     FORMS OF EVIDENCE
17.     DIRECT AND CIRCUMSTANTIAL EVIDENCE
18.     DECIDING WHAT TESTIMONY TO BELIEVE
     a.      General Instructions
     b.      Prior Inconsistent Statements
     c.      Un-contradicted Testimony
     d.      Bias and Hostility
19.     GOVERNMENT WITNESS – NOT PROPER TO CONSIDER GUILTY
     PLEA *(if such a witness testifies)*

20.   DEFENDANT'S RIGHT NOT TO TESTIFY
21.   DEFENDANT HAS NO OBLIGATION TO PRESENT EVIDENCE
22.   FAILURE TO NAME A DEFENDANT *Deleted Not Applicable*
23.   SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED--
      *(Deleted)*
24.   UNCALLED WITNESSES
25.   DEFENSE THEORY OF CASE

## 1.   OPENING INSTRUCTIONS

Members of the jury, I will now instruct you on the applicable law.  These instructions will be available to you in writing when you deliberate, but I ask you to please give me your attention now as I present the instructions here in open court in the presence of the parties.

The instructions will be in three parts: first, instructions on general rules concerning the role of the Court and the duty of the jury in a criminal case; second, instructions concerning the elements of the offenses charged in the indictment in this case - - in other words, the facts the Government must prove beyond a reasonable doubt to obtain a conviction; and third, some rules and guidance for your deliberations.

When you retire to the jury room to deliberate, you will have a written copy of these instructions, along with a form for recording your verdict.  You will also receive the exhibits that have been admitted into evidence during the trial.

### PART I:  GENERAL INSTRUCTIONS

## 2.   INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You should not single out any one part of these instructions and ignore the rest. Instead, you should consider all the various instructions as a whole and consider each one in light of all the others.  You must not read into these instructions or into anything I have

said or done any suggestion from me as to what your verdict should be.  That is a matter entirely up to you.

3.    **SUMMARY OF THE CASE**

This is a criminal case brought by the United States Government against David Demos.  The charges against the defendant are contained in a document called an indictment.  As I explained at jury selection, an indictment is the mechanism provided by law for bringing a criminal charge before a court for trial.  As I have emphasized, an indictment is merely an accusation.  It is not evidence of guilt and may not be regarded as evidence of guilt.

In addition, the defendant is not on trial for any conduct that is not alleged in the indictment.

The indictment alleges that the defendant, while employed as a bond trader at Cantor Fitzgerald & Co., violated federal statutes prohibiting securities fraud.  The indictment alleges that the defendant agreed to make, and did make, false statements of material fact to customers of Cantor in connection with transactions involving Residential Mortgage Backed Securities or RMBS.  As the indictment alleges, RMBS bonds are collections of mortgages and home equity loans that are grouped together and sold as packages between and among large institutional investors.  Unlike stocks traded on public stock exchanges, RMBS bonds are not traded on a public exchange.  Instead, buyers and sellers of RMBS bonds use broker-dealers, like Cantor, to carry out purchase and sale transactions that are negotiated on an individual basis.

The indictment alleges that the defendant did defraud Cantor's customers by making false statements of material fact in the course of negotiations in order to obtain secret, unearned compensation on RMBS trades as follows.

1.     When a buyer agreed to buy a bond at a price equivalent to that which Cantor paid for the bond plus ticks "on top", the defendant falsely inflated the price Cantor had paid in order to fraudulently induce the buyer to pay a higher overall price, thereby providing Cantor with extra, unearned profit at the buyer's expense.

2.     When a seller understood that Cantor had negotiated a sale price for a bond with a buyer, the defendant falsely deflated the price the buyer had agreed to pay in order to fraudulently induce the seller to sell the bond at a lower price, thereby providing Cantor with extra, unearned profit at the seller's expense.

3.     In selling bonds from inventory, the defendant misrepresented that Cantor was buying a bond from a fictitious third party in order to fraudulently induce the customer to pay "on top" compensation.

The defendant has pleaded not guilty to the charges in the indictment and he is presumed innocent of the charges. In this trial, it will be your responsibility to determine whether the Government has proven the charges beyond a reasonable doubt.

**4.     <u>ROLE OF JUDGE</u>**

As the presiding judge at this trial, I perform basically two functions: first, I decide what evidence is admissible for the jury's consideration; and second, I provide the jury with instructions on the applicable law.  As I have explained, you must follow the law as given in these instructions whether you agree with it or not.

During the course of the trial, I ruled on various objections concerning the admissibility of evidence.  A lawyer has an obligation to object when opposing counsel asks a question of a witness the lawyer thinks is improper or offers evidence the lawyer thinks is inadmissible.  You are not to concern yourselves with why a lawyer made an objection or why I ruled as I did.  If an objection to a question asked of a witness was sustained, you must disregard the question.  If an objection was overruled, you must treat the witness's answer to the question like any other evidence in the case.

From time to time during the trial, counsel requested conferences with me outside the hearing of the jury.  You should not show any prejudice against a party because such a conference was requested and you must refrain from speculation about any communications between the lawyers and me held outside your presence and hearing.

**5.    ROLE OF THE ATTORNEYS**

In our adversary system of justice, we rely on counsel to represent their clients vigorously within the bounds permitted by applicable law.  Under our system, the attorney's responsibility as an advocate for his or her client includes offering evidence, making objections, requesting conferences with the judge, and presenting arguments to the jury.

In this case, the Government is represented by a team of lawyers supported by assistants, and the defendant is represented by his own team of lawyers and assistants.

The defendant should not be prejudiced in any way because we are having a trial. The defendant is entitled to a verdict reflecting careful consideration of the evidence.

Numerous attorneys have actively participated in the trial.  The number of attorneys and assistants is not unusual for a case of this type and you should not let the

number of representatives in the courtroom affect you.  Counsel on both sides have consulted and cooperated with each other in an effort to save time and avoid duplication. That they consulted and cooperated in this way is normal and proper and has no bearing on any of the issues you are called on to decide.

Especially in a trial involving numerous lawyers, one cannot help but notice the various personalities and styles of the attorneys.  However, it is important for you to recognize that a trial is not a contest among attorneys.  Any opinion you might have formed regarding any of the lawyers in the case should not enter into your deliberations.

**6.**     **DUTY OF THE JURY**

Your duty as jurors is to decide whether the Government has met its burden of proving guilt beyond a reasonable doubt as to the charges in the indictment.  Under your oath as jurors, you are to be guided solely by the evidence and the applicable law as I give it to you, and the question you must ask with regard to each charge in the case is simply this: Has the Government proven guilt beyond a reasonable doubt or has it failed to do so?  It is for you alone to decide whether or not the Government has met its burden of proving guilt beyond a reasonable doubt.

The indictment is comprised of nine different counts.  Each count charges a separate offense.  As to each count, you must return a separate verdict.  Your verdict of guilty or not guilty with regard to a charge against the defendant must be based solely on the evidence or lack of evidence as to the defendant's guilt or innocence.  Your verdict with regard to a charge against the defendant does not control your verdict as to any other charge in the case.

To prove the defendant guilty of an offense charged in the indictment, the Government must prove each element of the offense beyond a reasonable doubt.  In your deliberations, you must analyze each charged offense in detail, element by element.  The defendant may be found guilty of an offense only if the Government has proven each and every element of the offense as to the defendant beyond a reasonable doubt.

In determining whether the Government has met its burden of proof as to any given charge, you must analyze the evidence in a fair and impartial manner.  Remember, the evidence consists of the testimony of the witnesses, the exhibits, and the stipulations of the parties.  Nothing else.  What the lawyers have said in their opening statements, in their questions to witnesses, in their objections, and in their closing arguments is not evidence.  What I say is not evidence.  Anything you might have seen or heard outside the courtroom is not evidence.  And any testimony or exhibits that I have instructed you to disregard is not evidence.

If after fair and impartial consideration of the evidence, or lack of evidence, regarding a charge in the indictment, you have a reasonable doubt about the defendant's guilt, you should not hesitate for any reason to return a verdict of not guilty.  On the other hand, if you are satisfied that the Government has met its burden of proving guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to return a verdict of guilty.

## 7.  PARTIES MUST BE TREATED AS EQUALS

That this case is brought in the name of the United States does not mean the Government is entitled to greater consideration than that accorded the defendant.  By the same token, the Government is entitled to no less consideration.  Rather, both parties, the

Government and the defendant, stand as equals under the law and must be treated as equals by the jury.  Moreover, the question before you can never be: Will the Government win or lose the case?  The Government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

8.   **PREJUDICE, BIAS, SYMPATHY**

Under your oath as jurors, you must decide the issues entrusted to you based on fair and impartial consideration of the evidence and without bias or prejudice of any kind. If you let prejudice, bias, sympathy or other emotions interfere with your clear thinking about the evidence, there is a risk you will not arrive at a just verdict.

In reaching your decision, it would be improper for you to consider any personal feelings you might have about the race, sex, age, lifestyle or other features of the parties, the witnesses, the lawyers or anybody else involved in the case.  It also would be improper for you to be influenced by any feelings you might have about the nature of the charges in this case, or the wisdom of the laws the defendant is charged with violating.

Your responsibility is to determine whether the Government has proven guilt beyond a reasonable doubt.  Your verdict must be based solely on the evidence or lack of evidence regarding a given charge, and must reflect dispassionate analysis of the evidence.  Again, the key question you must answer – as to each charge is whether the Government has met its burden of proving each element of the offense beyond a reasonable doubt.

9.   **THREE BASIC RULES IN CRIMINAL CASES**

As we have discussed, there are three basic rules in a criminal case.

a.   **The Presumption of Innocence**

The first basic rule is the presumption of innocence.  Under the Constitution, an accused is presumed innocent of a criminal charge.  The presumption of innocence can be overcome only by legally admissible evidence establishing guilt beyond a reasonable doubt.  The defendant was protected by the presumption of innocence when the trial began.  He continues to be protected by the presumption of innocence now.  And you must give the defendant the benefit of presumption of innocence during your deliberations.  In other words, you must presume that the defendant is not guilty of a charge unless and until such time, if ever, that you become convinced his guilt has been proven beyond a reasonable doubt.

**b.     Prosecution Alone Has Burden of Proof**

The second basic rule involves the burden of proof.  The burden of proof in a criminal case is always on the Government.  The burden of proof never shifts to the defendant.  The defendant in a criminal case has no burden to prove he is not guilty.  The law does not require a defendant to testify, call witnesses, produce evidence or even cross-examine witnesses for the Government.  That defense counsel have cross-examined witnesses called by the Government and offered other evidence does not mean the defendant has assumed a burden of proof on any issue in the case.  Again, the burden of proof remains on the Government at all times.

**c.     Proof Beyond a Reasonable Doubt**

The third basic rule is that the Government must prove each and every element of an alleged offense beyond a reasonable doubt.  The Government is not required to prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

What is a reasonable doubt?  It is a doubt based on reason and common sense, the kind of doubt that would make a reasonable person hesitate to act.  Accordingly, proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would not hesitate to rely on it in the most important of his or her affairs.

In determining whether the Government has met its burden of proving guilt beyond a reasonable doubt, a jury may consider whether there is a lack of evidence with regard to an element of the offense.  A lack of evidence may provide a reasonable doubt upon which a jury decides to find the defendant not guilty.

If after fair and impartial consideration of all the evidence, and any lack of evidence, you have a reasonable doubt as to the defendant's guilt on a given charge, it is your duty to find him not guilty.  On the other hand, if after fair and impartial consideration of all the evidence, and any lack of evidence, you are satisfied that his guilt has been proven beyond a reasonable doubt, you should find him guilty.  If you view the evidence as reasonably permitting either of two conclusions, guilty or not guilty, you must find the defendant not guilty.

**10.**   **"PROVE" AND "FIND"**

Throughout these instructions, I use the word "prove" with reference to the Government's burden.  Whenever I say that the Government must "prove" a fact to you, I mean that it has to prove that fact beyond a reasonable doubt, as I have explained that term to you.  Similarly, when I say that you are required to "find" a fact in order to return a guilty verdict, I mean that you must find that the fact has been proven beyond a reasonable doubt.

**PART II:  INSTRUCTIONS REGARDING THE CHARGED OFFENSES**

I will now provide instructions regarding the offenses charged in the indictment.

The indictment alleges violations of a number of federal criminal statutes.  Under our system, conduct does not constitute a federal crime unless it violates a statute enacted by Congress.  Federal criminal statutes are compiled and published in a series of bound volumes called the United States Code.

A criminal statute serves several important functions.  First, it defines the elements of the crime, in other words, the facts the Government must prove in order to establish that the statute has been violated.  Second, it provides notice to the public that the conduct prohibited by the statute is punishable as a crime, thereby reducing the risk of inadvertent or innocent violations.  And third, by spelling out the elements or facts the Government must prove beyond a reasonable doubt to establish a violation, the statute provides a check against arbitrary or discriminatory enforcement.

In this case, count one through six of the indictment charges the defendant with the crime of securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

These instructions will cover each statute and describe the essential elements of the crime defined by each statute.  Bear in mind that conduct is a crime only if it is defined as such by a statute.  A feeling that something wrong has been done is insufficient to support a criminal conviction, and not every instance of unfairness or sharp business practice constitutes a federal crime.  For each charge, you must analyze the evidence and determine whether the Government has or has not met its burden of proving all the essential elements of the offense as defined by the statute.

I will instruct you on the law related to securities fraud.

11.     <u>**SECURITIES FRAUD – COUNTS 1-6**</u>

    **a.**     **Introduction**

Counts one through six allege that the defendant committed violations of the securities laws.  These counts allege that the defendant made false statements of material fact in connection with the purchase or sale by Cantor of certain RMBS bonds.  Each count involves a different transaction as follows:

| COUNT | DATE | DESCRIPTION |
|:---:|---|---|
| 1 | May 11, 2012 | LXS 2005-5n 3A2 |
| 2 | July 6, 2012 | AMSI 2003-8 M2 |
| 3 | June 29, 2012 | FFML 2005-FF12 M1 |
| 4 | September 26, 2012 | CNF 2001-1-M1 |
| 5 | September 26, 2012 | CNF 2001-2 M1 |
| 6 | January 4, 2013 | CSFB 2003-8 CB1 |

Again, you must consider each count separately.

    **b.**     **The Statutes and Regulation**

The offenses charged in these counts arise under the Securities Exchange Act of 1934, which is codified in Title 15 of the United States Code.

Section 78j(b) of Title 15 provides, in relevant part:

> *It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange –*
>
> *(b)   To use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as*

> *necessary or appropriate in the public interest or for the protection of investors.*

Section 78ff(a) of Title 15 provides, in relevant part:

> *Any person who willfully violates any provision of this chapter . . ., or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter [shall be guilty of a crime].*

Rule 10b-5 provides:

> *It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,*
>
> *(a) To employ any device, scheme, or artifice to defraud,*
>
> *(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or*
>
> *(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.*

**c.   The Elements of the Offense**

In order to sustain its burden of proof under counts one through six with regard to the defendant, the Government must prove beyond a reasonable doubt the following four elements:

(1) In connection with the purchase or sale of the security identified in that count, the defendant –

(a) employed a device, scheme, or artifice to defraud, or

(b) made an untrue statement of a fact or omitted to state a fact which made what was said, under the circumstances, misleading, or

(c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

(2) The statement or conduct related to a fact that would be material to a reasonable investor in the non-agency RMBS market;

(3) The defendant acted willfully, knowingly, and with the intent to defraud; and

(4) The defendant knowingly used, or caused to be used, any means or instruments of interstate commerce in furtherance of the fraudulent conduct.

I will now explain these elements in greater detail.

**d.      Securities Fraud – First Element**

The first element the Government must prove with regard to the offense alleged in counts one through six is that, in connection with the purchase or sale of the RMBS bonds identified in the count you are considering, the defendant did one or more of the following:

(1) employed a device, scheme, or artifice to defraud;

(2) made an untrue statement of material fact or omitted to state a material fact which made what was said misleading; or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of the bond

As used here, a "device, scheme or artifice" is a plan for accomplishing an objective. The term "fraud" refers to conduct intended to deprive another of money or property by dishonest or deceitful means. And an "untrue statement" means a statement that was false when made and known to be false by the person making it or causing it to be made. A statement that is literally true can be deliberately misleading depending on the circumstances in which the statement is made. If a statement concerns a material matter, the party may have a duty to disclose information in order to avoid committing fraud.

The government need not prove that a defendant engaged in all three types of unlawful conduct in order to prove this first element of securities fraud.  Any one of the three types of conduct is sufficient.  However, you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt with regard to the defendant.  In addition, if you find that the only type of fraudulent conduct the Government has proven beyond a reasonable doubt is that the defendant made or caused to be made an untrue material statement, which I will define later, then you must be unanimous as to the particular statement the defendant made or caused to be made that was untrue.

To find that a defendant participated in fraudulent conduct "in connection with" the purchase or sale of the bonds identified in counts one through six, you need to find that he directly participated in the purchase or sale.  The "in connection with" requirement is satisfied if you find there was some nexus between the defendant's allegedly fraudulent conduct and the purchase or sale of the bonds.

### e.      Securities Fraud – Second Element

The second element the Government must prove with regard to the offense charged in counts one through six is materiality.  Under the relevant statutes, not every false statement in connection with a purchase or sale of securities is a crime.  Rather, making a false statement in connection with a purchase or sale of securities is criminal only if it concerns a "material" fact.  The word "material" serves to distinguish statements of fact that a reasonable investor likely would view as significantly altering the total mix of available information from statements that would not be given weight by a reasonable investor.  To be "material," a false statement of fact must be of such

importance that it could reasonably be expected to cause a reasonable investor to act or not act with respect to the transaction at issue. While importance is undoubtedly a necessary element of materiality, importance and materiality are not synonymous.

If you find that the Government has proven beyond a reasonable doubt that the defendant made an untrue statement of fact in connection with the transaction in question, you must determine whether the untrue statement was material under the circumstances that existed at the time of the transaction.  In other for you to find that a misrepresentation was material, the Government must prove beyond a reasonable doubt that there was a substantial likelihood a reasonable investor in the non-agency RMBS market would view the misstated fact as one that significantly altered the total mix of information available to the investor.  In order words, the Government must prove that the misstated fact likely would have assumed actual significance in the deliberations of a reasonable investor. The Government need not prove, however, that a reasonable investor would necessarily have relied on the misrepresentation.

For purposes of this case, a "reasonable investor" is an investor in the non-agency RMBS market.  Accordingly, in determining whether an alleged misstatement was material, you must consider the matter from the standpoint of such a reasonable investor. To do that, you should consider the evidence relating to the sophistication of the investors in the non-agency RMBS market, their objectives, the information available to them, the analyses they employed and relied on, and the way the market worked.  You should also consider the evidence relating to the nature of the relationship between Cantor and the counterparties who negotiated to buy and sell the RMBS bonds at issue, the parties' reasonable expectations with regard to their relationship, any assurances given by Cantor

with regard to the accuracy and reliability of its statements in negotiations with counterparties or the lack of such assurances, whether a false statement concerned the subject of the parties' bargain or a collateral matter, and whether the false statement deprived the counterparty of the benefit of any bargain that was made.

You must assess whether a false statement was material in light of the norms and practices in the non-agency RMBS market that existed at the time of the transaction and not based on hindsight. A false statement might not have been material if under then-prevailing conventions in negotiation, a reasonable investor would have viewed the statement with skepticism, and as mere "sales talk" in the nature of "haggling" with respect to which a party was not expected to be truthful. Accordingly, in deciding whether a false statement was material, ask whether, in the context of the operations of the non-agency RMBS market at the pertinent time as shown by the evidence, a reasonable investor would consider the statement at issue as significantly altering the total mix of information available or would discount it as unreliable.

### f. Securities Fraud – Third Element

The third element the Government must prove with regard to the offense charged in counts two and three is that the defendant participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently, and not because of ignorance, mistake, accident, or carelessness.

"Willfully" means to act with the intent to do something the law forbids, that is with a bad purpose to disobey or disregard the law. The Government does not have to prove that the defendant knew he was violating a particular statute. However, the

defendant cannot be convicted of a crime unless the Government proves that he engaged in conscious wrongdoing with a sufficiently culpable state of mind to support a criminal conviction.

When a criminal statute requires the Government to prove that the defendant acted "willfully," the term "willfully" generally requires the Government to prove that the defendant knew his conduct was unlawful.

This requirement helps protect individuals against undeserved conviction of a felony offense by ensuring that a person will not be convicted of a serious crime unless he consciously made a wrong choice to act in a way he knew was prohibited by law.

At a fundamental level, due process requires that a person be given fair notice that an act is criminal before the person can be convicted of a serious crime based on that act.

Punishing the act itself, without regard to whether a choice was made to break the law, ignores the due process principle that a deliberate choice to do wrong must precede punishment.

In the context of securities regulation, "willfulness" has been defined as "a realization on the defendant's part that he was doing a wrongful act under the securities laws, in a situation where the knowingly wrongful act involved a significant risk of effecting the violation that has occurred."

Thus, to prove that the defendant had the intent required to commit securities fraud – to prove that the defendant committed a "willful" violation of the securities laws – the Government must prove beyond a reasonable doubt that the defendant knew his conduct was wrongful and involved a significant risk of violating the law.

The defendant's conduct was not willful if it was due to negligence, inadvertence, mistake or a good faith misunderstanding of the requirements of the law.

If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

To act with "intent to defraud" means to act with the specific intent to deceive. A person acts with intent to defraud when he deliberately uses deception to induce another to act to his detriment. An act is intentional only if it is deliberate and purposeful. To be intentional, the defendant's conduct must have been the product of his conscious objective, rather than the product of mistake.

The question whether the defendant acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine from all the evidence. In making this determination, you may consider the defendant's words and conduct and the surrounding circumstances. If you find that the defendant profited from the alleged scheme, you may consider that in deciding whether the defendant acted with intent to defraud.

Because an essential element of the crime charged in counts one through six is intent to defraud, the defendant cannot be convicted if you find that he acted in good faith, in other words, that he held an honest belief his actions were permissible and not in furtherance of unlawful activity. The defendant has no burden to prove he acted in good faith. Rather, the burden is on the Government to prove beyond a reasonable doubt the defendant acted with fraudulent intent.

The defendant's honest belief that ultimately no one would lose money, or even that everyone would make a profit, is not a defense to securities fraud. If all the essential

elements of securities fraud are proven, the defendant's belief that a fraudulent scheme would ultimately turn out to be profitable for the victim does not relieve him of criminal liability.

> **g.**    **Securities Fraud – Fourth Element**

The fourth element the Government must prove with regard to the offense charged in counts one through six is that the defendant knowingly used, or caused to be used, instruments of communication in interstate commerce in furtherance of the fraudulent conduct.  "Instruments of communication in interstate commerce" include the mails, wires and electronic communications over the internet such as emails, chats, and messaging.

To satisfy this fourth element, it is not necessary for the Government to prove that the defendant was personally involved in the use of an instrument of communication in interstate commerce.  If the defendant was an active participant in the alleged scheme to defraud and engaged in conduct he knew or reasonably could foresee would naturally and probably result in the communication, then you may find that he is responsible for the communication even though he did not participate in the communication directly.

To support a conviction for securities fraud, a use of the mails, interstate wires, or internet need not be central to the execution of the scheme to defraud.  Indeed, the actual purchase or sale need not be accompanied or accomplished by the use of interstate means of communication.  Moreover, the matter sent through the mails, interstate wires, or internet need not contain fraudulent material, or anything criminal or objectionable.  However, to prove that a use of interstate means of communication was in furtherance of

fraudulent conduct, the Government must prove that the use did serve to further or advance in some way the object of the fraudulent conduct

12.   **WIRE FRAUD – COUNTS ---DELETED AS NOT RELEVANT TO DEMOS CASE**

13.   **AIDING AND ABETTING LIABILITY---DELETED AS NOT RELEVANT TO DEMOS CASE**

14.   **CONSPIRACY TO COMMIT SECURITIES AND WIRE FRAUD--- DELETED AS NOT RELEVANT TO DEMOS CASE---DELETED AS NOT RELEVANT TO DEMOS CASE**

15.   **NO AGENCY**

A person is an agent if he is authorized to act on behalf of another, known as a principal. An agent owes certain duties to his principal.  I instruct you that, as a matter of law, the defendant was at all times acting as a principal on behalf of Cantor and not as an agent of the counterparties.  In other words, when the defendant bought an RMBS from a counterparty, he was not the agent of that seller.  And when the defendant sold an RMBS to a counterparty, he was not the agent of that buyer.  As a principal, the defendant owed no duty of loyalty to the counterparties and was acting in his own self-interest, not the interest of the counterparty.

## PART III:  INSTRUCTIONS FOR DELIBERATION

16.   **FORMS OF EVIDENCE**

I will now give you instructions regarding your deliberations.  First, I want to remind you that the evidence from which you are to decide what the facts are comes in one of three forms:  the sworn testimony of the witnesses; the exhibits in the record; and any facts to which the parties have agreed or stipulated.  Nothing else is evidence.  What the lawyers have said in their closing arguments is not evidence.  Moreover, if a lawyer

has described the evidence in a way that is contrary to your recollection of the evidence, your recollection controls. Any testimony that has been excluded, stricken or that you have been instructed to disregard is not evidence and must be disregarded. And anything you might have seen or heard outside the courtroom is not evidence. Again, you must completely disregard any media reports regarding the case.

**17.    DIRECT AND CIRCUMSTANTIAL EVIDENCE**

I have just discussed the three forms in which evidence comes: testimony, exhibits, and stipulations. Within those three forms of evidence, there are two kinds of evidence: direct and circumstantial.

Direct evidence is direct proof of a fact, such as testimony of an eyewitness as to what he or she saw.

Circumstantial evidence, in contrast, is proof of a chain of circumstances from which you can infer or conclude that a fact exists even though it has not been proven directly.

You are entitled to consider both types of evidence.

The word "infer," or the expression "to draw an inference," means to find that a fact exists based on proof of another fact. For example, if you see water on the street outside your window, you can infer that it has rained. The fact of rain is an inference that could be drawn from circumstantial evidence, the presence of water on the street. Direct evidence of rain, on the other hand, would be an actual observation by an eyewitness of rain falling from the sky.

An inference may be drawn only if it is reasonable and logical, not if it is speculative. The presence of water on the street outside your window could be due to

rain or the water might have come from some other source.  Maybe you live on a narrow street in the city where a water truck comes by periodically to clean the street and gutters. Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience.  After you have done that, the question whether to draw a particular inference is for you to decide.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a fact exists based on the existence of another fact.  There are times when different inferences can be drawn from facts whether proven by direct or circumstantial evidence. The Government asks you to draw one inference while a defendant asks you to draw another.  It is for you to decide what inference you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a reasonable deduction or conclusion that you, the jury, are permitted to draw, but are not required to draw, from facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should use your common sense.

The law makes no distinction between the weight to be given direct evidence and the weight to be given circumstantial evidence, but requires that in order to convict a defendant you must be convinced of his guilt beyond a reasonable doubt.

**18.    DECIDING WHAT TESTIMONY TO BELIEVE**

      **a.    General Instructions**

In deciding what the facts are, you must consider all the evidence that has been presented.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You as jurors are the sole judges of the credibility of the

witnesses and of the weight their testimony should receive.  You should carefully scrutinize all the testimony, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is or is not worthy of belief.

In assessing the credibility of the testimony of a witness, there are a number of factors you may take into account.  These include:

- The witness' appearance, conduct, and demeanor while testifying.

- The witness' apparent candor or lack of candor while testifying.

- The witness' opportunity or lack of opportunity to observe the events described.

- The witness' intelligence, memory, and ability to recount accurately what the witness observed.

- Whether the witness has any interest in the outcome of the case or any bias or prejudice concerning any party or any matter in the case.

- The reasonableness or unreasonableness of the witness' testimony considered in light of all the evidence in the case.

- The accuracy of the witness' recollection.

- Whether the witness made statements before the trial that are consistent or inconsistent with the witness' trial testimony.

You are not required to believe the testimony of any witness simply because it was given under oath.  It is within your province to determine what testimony is worthy of belief and what testimony is not worthy of belief.  You may believe or disbelieve all or any part of the testimony of any witness.

### b.      PRIOR INCONSISTENT STATEMENTS

If you find that a witness' testimony is contradicted by what that witness has said or done at another time or by the testimony of other witnesses, you may believe or disbelieve all or any part of the witness' testimony.  But in deciding whether or not to believe such a witness, keep these things, among others, in mind:

People sometimes forget things.  A contradiction may be an innocent lapse of memory or it may be an intentional falsehood.  Consider, therefore, whether it has to do with an important fact or only a small detail.  Also, different people observing an event may remember it differently and therefore testify about it differently.

### c.      UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted.  You may decide because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that the testimony is not worthy of belief.  On the other hand, the testimony of a single witness may be sufficient to convince you of a fact in dispute if you believe based on the witness' bearing and demeanor, or the inherent probability of the testimony, or for other reasons, that the witness has truthfully and accurately described what occurred.

### d.      BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should consider whether a witness has shown bias or prejudice or hostility toward the Government or the defendant.  Evidence that a witness is biased, prejudiced, or hostile toward a party requires you to view that witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

19.    **GOVERNMENT WITNESS - NOT PROPER TO CONSIDER GUILTY PLEA**

You have heard testimony that [    ] has pleaded guilty to charges arising out of the same type of conduct alleged in the indictment. You are instructed that you are to draw no adverse inferences about the guilt of the defendants from the fact that [    ] has pleaded guilty to similar charges. [    ] decision to plead guilty may not be used as evidence against the defendant.

20.    **DEFENDANT'S RIGHT NOT TO TESTIFY** *(to be used if defendant does not testify)*

In this case the defendant did not testify. You may not attach any significance to the fact that the defendant did not testify. Under the Constitution, a defendant has no obligation to testify because he has no burden of proof. Indeed, the Constitution guarantees to an accused the right not to testify. It would be a violation of your duty as jurors if you were to draw an inference against a defendant or penalize him in any way because he exercised his constitutional right not to testify. Accordingly, you are not to discuss the fact that a defendant chose not to testify or allow it to enter into or influence your deliberations in any way.

21.    **DEFENDANT HAS NO OBLIGATION TO PRESENT EVIDENCE**

Under the Constitution, a person accused of a crime is protected by the presumption of innocence and has no obligation to present evidence of any kind. That the defendant has presented evidence in this case does not mean that he can no longer rely on the presumption of innocence. Rather, the defendant continues to be protected by the presumption of innocence, notwithstanding his decision to present evidence. In addition, that the defendant has elected to present evidence does not mean that the burden

of proof has shifted to him.  A defendant is never required to prove that he is not guilty. The burden is always on the Government to prove the defendant's guilt beyond a reasonable doubt.

**22**.    **FAILURE TO NAME A DEFENDANT** *(Deleted Not Applicable)*

23.    **SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED—*(Deleted)***

**24.**    **UNCALLED WITNESSES**

There are some persons whose names you heard during the trial who did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences from the fact that a witness was not called or reach any conclusions as to what the witness's testimony would have been if the witness had been called. The absence of these persons should not affect your judgment in any way. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**25.**    **DEFENSE THEORY OF CASE**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, defendant intends to request an instruction on their defense theories of the case. Defendants reserve the right to submit the requests at the close of trial. See Mathews v. United States, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."); United States v. GAF Corp., 928 F.2d 1253, 1262 (2d Cir. 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").

## PART IV:  FINAL INSTRUCTIONS

I will now give you instructions regarding your deliberations.

I remind you that with regard to each of the offenses charged in the indictment the Government must prove all the essential elements of the offense beyond a reasonable doubt.  If the Government has failed to meet this burden as to a given charge, your verdict should be not guilty.  However, if it has sustained its burden as to that charge, your verdict should be guilty.

Remember also that your verdict must be based solely on the evidence in the case or any lack of evidence and the law as I have given it to you, not on anything else.  If anyone has stated a principle of law different from the instructions I have given you on the law, my instructions control.

Closing arguments or other statements or arguments of counsel are not evidence. If your recollection of the evidence differs from the way counsel has stated the facts, your recollection controls.

I remind you that what I say is not evidence.  You should not infer from anything I have said or done during the trial that I hold any view one way or the other on any of the questions on the verdict form.  My view would be irrelevant in any event because you and you alone are the judges of the facts of the case.

To return a verdict, it is necessary that your verdict be unanimous, in other words, agreed to by each of you.  Each of you must make your own decision but do so only after impartial consideration of the evidence with your fellow jurors.  It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistently with the individual judgment of each juror.

In the course of your deliberations, do not hesitate to reexamine your own individual views and to change your opinions if your analysis of the evidence and the views of your fellow jurors convince you to do so.  However, you should not surrender an honest conviction about the facts or about the weight or effect of the evidence merely to bring an end to deliberations.

With regard to any notes that you might have taken during the trial, please remember that the notes are for your own use only and are not to be shown to other members of the jury.

The question of the potential punishment that could be imposed on a defendant if he were to be found guilty should not enter into your deliberations.  The duty of imposing sentence rests exclusively with the sentencing judge.  As to each charge in the indictment against the defendant, your duty as jurors is to weight the evidence in the case and determine whether or not the Government has proven guilt beyond a reasonable doubt.  Under your oath as jurors, you may not allow concern about possible punishment to enter into your deliberations or influence your verdict.

When you return to the jury room, the first thing you must do is elect one member of the jury to act as your foreperson.  The foreperson will preside over the deliberations of the jury and speak on behalf of the jury in communications with me.

Please do not begin deliberations until you have received the exhibits from the courtroom deputy.  Once you do begin your deliberations, all cell phones and other electronic devices must be turned off.

No deliberations are permitted to take place unless all jurors are present.  If at any time a member of the jury needs to take a break, the other jurors must stop deliberations

until that juror returns and then you recommence with everybody as a group.  The jury deliberates together as a group.

You have a duty to safeguard the secrecy and integrity of your deliberations. Accordingly, do not communicate with anyone about the case except your fellow jurors. You are not permitted to communicate about the case with anyone except your fellow deliberating jurors.  This rule applies to family members and friends.  It applies to the courtroom deputy.  It even applies to me.  This includes discussing the case in person, in writing, by phone or by any electronic means, including text messaging, e-mail, Facebook, blogging, an Internet chat room, or web site.   In other words, do not communicate with anyone except your fellow jurors, and then only while you are in the jury room with everyone present.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the Court as soon as possible.

Along the same lines, you must scrupulously refrain from trying to access information about the case from any outside source, including dictionaries, reference books, or anything on the Internet.  Information that you may find on the Internet or in a printed reference might be incorrect or incomplete.  Moreover, as I have instructed you before, you must scrupulously avoid any media reports about the case or any other outside influences.  In our court system, it is important that you not be influenced by anyone or anything outside this courtroom.  Your sworn duty is to decide this case solely on the legally admissible evidence that was presented to you here.

If you need to communicate with me regarding the case, you should send me a note signed by your foreperson or another member of the jury.  I will respond as promptly as possible either in writing or by asking you to return to the courtroom, at which time I will address the jury in response to your note.  If you do send a note to me, please do not indicate in the note how the jury stands, numerically or otherwise, with regard to the issue of guilt.

Once you have reached a unanimous verdict, your foreperson should send a note to me informing me of that fact and I will then ask the jury to return to the courtroom. The foreperson should not send the verdict form to me.  Instead the foreperson will be asked to deliver the verdict form here in open court after the jury has returned to the courtroom.

The twelve regular jurors will now retire to the jury room.  Please refrain from commencing deliberations until [        ] tells you to begin.

That completes my instructions.  Thank you for your attention.

Respectfully submitted,

DAVID DEMOS

By: */s/ George Leontire*

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George J. Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108

(855) 223-9080
george@baezlawfirm.com

Felicia L. Carboni
(phv09485)
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
felicia@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr.
(ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018 a copy of the foregoing *Defendant's Proposed Jury Instructions* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated:  March 5, 2018

*/s/ George Leontire*
George J. Leontire, Esq.
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com