UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | March 5, 2018 |

## <u>GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS</u>

1.　　Does anyone have difficulty reading or understanding the English language?

2.　　Do you have any physical or medical problems that would make it difficult for you to sit as a juror?

3.　　Do you, a member of your family, or a close friend know the prosecutors in this case, Assistant United States Attorneys Jonathan N. Francis or Heather L. Cherry?

4.　　The following attorneys are Assistant United States Attorneys in the Office of the United States Attorney for the District of Connecticut:

John H. Durham, United States Attorney

### [INSERT AUSAs]

Does anyone know any of these individuals professionally or socially?

5.　　Do you know, either professionally or personally, who are current or former attorneys for the defendant, David Demos?

6.　　Have any of you had any dealings with any of the following law firms where the defendant's current or former attorneys work: The Baez Law Firm; Mintz, Levin Cohn, Ferris, Glovsky & Popeo; Day Pitney LLP; Law Office of Michael Chambers, Jr.; or Latham & Watkins?

7.　　The defendant, David Demos, resides in Westport, Connecticut and previously resided in New York City.  He was a RMBS trader at Cantor Fitzgerald & Co., a securities and investment banking firm.  Does any member of the panel know the defendant, David Demos, or

any member of his family?  Does anyone know anyone who works or worked at Cantor Fitzgerald, or have any affiliation or knowledge of that firm?

8.      Do any of the members of this panel know each other?

9.      Do you know any of the following persons who may be witnesses or whose names you may hear during the trial:

**[INSERT GOVERNMENT AND DEFENSE WITNESSES AND NAMES OF INDIVIDUALS AND FIRMS LIKELY TO BE HEARD DURING THE INTRODUCTION OF EVIDENCE]**

10.      This case involves allegations that Jesse Litvak defrauded purchasers and sellers of certain securities known as residential mortgage-backed securities, or "RMBS."  The persons and entities whom Litvak is alleged to have defrauded include a fund established by the U.S. Department of Treasury's Legacy Securities Public-Private Investment Program as part of the Troubled Asset Relief Program ("TARP"), the so-called "bailout" passed into law in response to the financial crisis, as well as pension funds, hedge funds and investment funds. Mr. Litvak denies these allegations.

Is there anything about the nature of these charges that would make it difficult for you to serve as a juror and be fair and impartial?

Is there anything about the nature of bond or securities trading that would make it difficult for you to serve as a juror and be fair and impartial?

11.      Have you or any of your relatives or close friends ever had any interaction with federal law enforcement agents?  If so, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

12.      Have you read or heard any news accounts about federal law enforcement that could affect your ability to be fair and impartial to either the prosecution or the defense?

13.     Have you or any of your relatives or close friends ever had any interaction with the United States Attorney's Office?  If so, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

14.     Have you read or heard any news accounts about the United States Attorney's Office or the U.S. Department of Justice that could affect your ability to be fair and impartial to either the prosecution or the defense?

15.     Have you, or has any member of your family, or any close friend, had any interaction with the Federal Bureau of Investigation, the Department of the Treasury or the Special Inspector General for the Troubled Asset Relief Program, also known as SIGTARP?  If so, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

16.     Have you, any member of your family, or a close friend ever been involved in any dispute or civil suit or case involving the United States Government, or with any state or local government?  If so, what was the nature of the dispute or the civil suit or case, and did you, your family member or friend feel treated fairly?

17.     Do any of you have any personal feelings or opinions toward the United States Government, the U.S. Department of Justice, the Federal Bureau of Investigation or the United States Department of Treasury?  Do you have any personal feelings or opinions toward any federal agency for whatever reason?  If so, would those personal feelings make it difficult for you to serve as a fair and impartial juror in this case?

18.     Would you be inclined to either believe or disbelieve the testimony of a law enforcement agent solely because that person is employed by one a federal agency?

19.     Do you harbor any ill feelings for any reason toward state, or federal law

enforcement agents?

20.     Have you, any member of your family, or a close friend ever been charged with, convicted of, or investigated concerning a criminal offense, other than minor traffic violations?

21.     Have you previously been a juror in a civil or criminal case?  If so, please provide the following:

        (a)     In which court (Federal, state, grand jury, etc.);

        (b)     Civil or criminal; and

        (c)     Did that jury reach a verdict?

22.     Do any of you have immediate relatives or close friends who are law enforcement officers or employed by a division of law enforcement, whether it be on the federal, state, or local level?  If so:

        (a)     Who?

        (b)     When were they employed?

        (c)     With what agency?

        (d)     Are you, your family member, or friend still so employed?  If not, why did you, your family member, or friend leave that job?

23.     Are any of you attorneys?  Do any of you have a family member or close personal friend who is an attorney?  Would the fact that you, your family member, or close personal friend is an attorney affect your ability to be impartial in this case?

24.     This case involves allegations of violations of the federal securities laws.

        (a)     Is there anything about your beliefs and/or affiliations that could prevent you from remaining fair and impartial to both the government and the defendant throughout the trial of this case?

(b)      Is there anything about your political beliefs or opinions, or any of your beliefs or opinions, about TARP, or the so-called "bailout," that could prevent you from being fair and impartial throughout the trial of this case?

(c)      Is there anything about your beliefs or opinions related to Wall Street or investment firms that could prevent you from being fair and impartial throughout the trial of this case?

25.      Do you recall whether you have read or heard any reports or news accounts relating to the investigation of this matter, the trial or the defendant?

(a)      Is there anything that you have read or heard that would cause you to form an opinion as to the guilt or innocence of the defendant or your ability to be fair and impartial to either the government or the defendant?

(b)      Will you be able to set aside anything you may have read or heard and judge the case fairly and impartially based on the evidence and the law as I instruct you?

26.      Have you ever worked for a financial services firm or an investment firm?  If so, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

27.      Have you ever had any specialized training or experience with how bonds or securities are traded?  If so, is there anything about that specialized training or experience that would that make it difficult for you to serve as a fair and impartial juror in this case?

28.      Following the presentation of evidence at trial, the Court will instruct you on the law that you must follow when reaching your verdict.

(a)      Is there anything about your beliefs and opinions about the federal securities laws that could prevent you from following the law as the Court instructs you?

(b)      Is there anything about your beliefs or affiliations generally that could prevent you from following the law as the Court instructs you?

(c)      Would you be able to follow the Court's instructions on the law in this case even if you disagreed with the law?

(d)      Would you be able to follow the Court's instructions on the law in this case even if you thought the law at issue should be interpreted differently?

(e)      Are you able to set aside all other personal beliefs and information you may have about the TARP, Wall Street and bond trading and reach a verdict in this case based solely on the evidence presented at trial and the law as the Court instructs you?

29.      Would you tend to excuse or overlook a criminal offense if you believed it was committed for motives, reasons, or purposes with which you are sympathetic?

30.      Do you feel that, upon listening to the evidence, you could render a verdict which is completely fair to both the defendant and the Government?

31.      The Government is required to prove its case beyond a reasonable doubt.  If the Government proves its case beyond a reasonable doubt, do you have any reason, morally, philosophically or ethically, why you could not go into the jury room and convict a defendant?

32.      The law requires that you base your verdict on the facts as you find them to be from the evidence.  The law does not permit you to consider any emotion such as sympathy, prejudice, vengeance, fear, or hostility.  Do you feel that you are a person who cannot put these emotions out of your mind when deliberating on a verdict?

33.      Your duty, as jurors, is to judge whether the Government has proven the defendant's guilt based on the evidence.  It is my duty as the judge to determine punishment if you vote guilty.  The law does not permit you to consider the issue of punishment because there are

other factors which have nothing to do with this trial which will determine the sentence a defendant receives.  Would you vote "Not Guilty" no matter what the evidence indicates, merely because this crime may result in a prison sentence even though you do not know whether it will or not?

34.     Do you understand that the law requires you to base your verdict on the facts as you find them from the evidence presented in this courtroom?  Could you follow the Court's instruction that anything you may have seen or heard outside the courtroom or while the court is not in session is not evidence and must be disregarded?  Do you understand that you are to decide the case solely on the evidence received at trial?

35.     Is there anything not covered by the parties or the Court that you believe could affect your ability to be a fair and impartial juror in this case?

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


_____/s/_____
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
