UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | March 5, 2018 |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The Government submits the below requests for jury instructions for the trial in the above captioned matter.  The sources of and rationale for the Government's proposed instructions are noted below each instruction.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## TABLE OF CONTENTS

**PART I: GENERAL INSTRUCTIONS**...................................................................**4**

INTRODUCTION........................................................................................... 4

ROLE OF THE COURT ................................................................................. 5

ROLE OF THE JURY:  EVIDENCE ............................................................. 6

GOVERNMENT AS A PARTY ..................................................................... 8

CONDUCT OF COUNSEL ............................................................................ 9

IMPROPER CONSIDERATIONS ................................................................. 10

SYMPATHY TO PLAY NO ROLE................................................................ 11

PRESUMPTION OF INNOCENCE and BURDEN OF PROOF............................. 12

REASONABLE DOUBT................................................................................. 13

FORMS OF EVIDENCE ................................................................................ 14

DIRECT AND CIRCUMSTANTIAL EVIDENCE ....................................... 15

JUDICIAL NOTICE [IF APPLICABLE]....................................................... 16

STIPULATION OF FACTS [IF APPLICABLE].................................................. 17

CHARTS and SUMMARIES (ADMITTED AS EVIDENCE).............................. 18

CHARTS and SUMMARIES (NOT ADMITTED AS EVIDENCE)...................... 19

ADMISSIONS OF THE DEFENDANT [IF APPLICABLE] ................................. 20

INFERENCES.................................................................................................. 21

UNCALLED WITNESS EQUALLY AVAILABLE OR UNAVAILABLE .......... 22

CREDIBILITY OF WITNESSES................................................................... 23

LAW ENFORCEMENT WITNESSES .......................................................... 25

EXPERT WITNESSES [IF APPLICABLE] .................................................. 26

**PART II:  SPECIFIC JURY INSTRUCTIONS** .......................................... **27**

INDICTMENT IS NOT EVIDENCE ............................................................. 27

CONSIDER ONLY THE CHARGES [IF APPLICABLE].................................... 28

MULTIPLE COUNTS .................................................................................... 29

VARIANCE—DATES .................................................................................... 30

COUNTS ONE THROUGH SIX.................................................................... 31

SECURITIES FRAUD.................................................................................... 32

The Securities Fraud Statute ....................................................................... 34

Purpose of the Securities Fraud Statute ..................................................... 35

The Elements of the Securities Fraud Offense .......................................... 36

First Element of Securities Fraud .............................................................. 37

Second Element of Securities Fraud .......................................................... 42

Third Element of Securities Fraud ............................................................. 46

**PART III: OTHER INSTRUCTIONS ....................................................... 48**

MOTIVE IS NOT NECESSARY ............................................................... 48

DEFENDANT'S RIGHT NOT TO TESTIFY [IF APPLICABLE] ......................................... 49

DEFENDANT'S TESTIMONY [IF APPLICABLE] ................................................. 50

FAILURE TO NAME A DEFENDANT ...................................................... 51

SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED [IF APPLICABLE] ......... 52

POSSIBLE PUNISHMENT ......................................................................... 53

COPY OF THE INDICTMENT .................................................................. 54

NOTE TAKING ........................................................................................... 55

REVIEWING EVIDENCE .......................................................................... 56

CONTACT WITH OTHERS/USE OF ELECTRONIC TECHNOLOGY ................. 57

**PART IV: FINAL INSTRUCTIONS ......................................................... 58**

## PART I: GENERAL INSTRUCTIONS

### INTRODUCTION

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

———————————

Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen, Jed S. Rakoff, David M. Epstein, Modern Federal Jury Instructions (hereinafter "Sand"), Instruction 2-1 (2017).

ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

_____

Sand, Instruction 2-2.

ROLE OF THE JURY:  EVIDENCE

Your final role is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility — or believability – – of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses — the testimony they gave, as you recall it — and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt

of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

————————————————

Sand, Instruction 2-3.

## GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty in an attitude of complete fairness and impartiality.

The case is important to the Government because the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

---

Sand, Instruction 2-5.

## CONDUCT OF COUNSEL

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or that attorney's client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

_____

Sand, Instruction 2-8.

## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the Government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

_____

Sand, Instruction 2-11.

## SYMPATHY TO PLAY NO ROLE

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is risk that you will not arrive at a true and just verdict.

If you have reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilty beyond a reasonable doubt, you should not hesitate because of sympathy of any other reason to render a verdict of guilty.

———————————

Sand, Instruction 2-12.

PRESUMPTION OF INNOCENCE and BURDEN OF PROOF

The defendant has pleaded not guilty to the charges in the Indictment. To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charges beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, the defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven him guilty of a given charge beyond a reasonable doubt.

_____

Sand, Instruction 4-1.

## REASONABLE DOUBT

Since, in order to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should find the defendant guilty of that charge.

_____

Sand, Instruction 4-2.

FORMS OF EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, [and] stipulations, [and judicially noticed facts.]

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

––––––––––––––––––––

Sand, Instruction 5-4.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I have told you about the forms in which evidence comes. There are also two kinds of evidence: direct evidence and circumstantial evidence.

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

_____

Sand, Instruction 5-2.

## JUDICIAL NOTICE [IF APPLICABLE]

I have taken judicial notice of certain facts which I believe are not subject to reasonable dispute. I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to agree that these facts are true.

———————————

Sand, Instruction 5-5.

## STIPULATION OF FACTS [IF APPLICABLE]

While evidence was being heard in this case you were told on occasion that the Government and the defendant agreed, or stipulated, as to certain facts.  A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

------------------------

Adapted from Sand, Instruction 5-6.

## CHARTS and SUMMARIES (ADMITTED AS EVIDENCE)

The government (*or* defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

Sand, Instruction 5-12.

## CHARTS and SUMMARIES (NOT ADMITTED AS EVIDENCE)

The Government (or defense) has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

_____

Sand, Instruction 5-13.

## ADMISSIONS OF THE DEFENDANT [IF APPLICABLE]

There has been evidence that the defendant made certain statements in which the Government claims he admitted certain facts charged in the Indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

───────────────

Sand, Instruction 5-19.

<u>INFERENCES</u>

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but are not required to draw -- from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as you would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

_____

Sand, Instruction 6-1.

## UNCALLED WITNESS EQUALLY AVAILABLE OR UNAVAILABLE

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

_____

Adapted from Sand, Instruction 6-7.

## CREDIBILITY OF WITNESSES

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands

up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

———————————

Sand, 7-1.

LAW ENFORCEMENT WITNESSES

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

_____

Sand, Instruction 7-16.

## EXPERT WITNESSES [IF APPLICABLE]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

―――――――――――――

Sand, Instruction 7-21.

## **PART II:  SPECIFIC JURY INSTRUCTIONS**

### INDICTMENT IS NOT EVIDENCE

With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the Indictment.  I remind you that an Indictment itself is not evidence.  It merely describes the charges against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the Government has proven the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

───────────────────

Adapted from Sand, Instruction 3-1.

## CONSIDER ONLY THE CHARGES [IF APPLICABLE]

The defendant is not charged with committing any crime other than the offenses contained in the Indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the Indictment.

---

Sand, Instruction 3-3.

MULTIPLE COUNTS

The Indictment contains a total of six counts. Each count charges the defendant with a different crime of securities fraud. You must consider each count separately and return a separate verdict of guilty or not guilty for each. The number of charges in the indictment is not evidence of guilt and may not influence your decision as to whether the government has met its burden of proof on any one charge against the defendant. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

---

Adapted from Sand, Instruction 3-6 and 3-8.

## VARIANCE—DATES

It does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

---

Sand, Instruction 3-12.

<u>COUNTS ONE THROUGH SIX</u>

I will now instruct you on the law related to the substantive violations of securities fraud.

In order for the government to prove that the defendant is guilty of any one of the counts against him, it must prove each and every element of securities fraud beyond a reasonable doubt.

SECURITIES FRAUD

Counts One through Six of the Indictment allege that Mr. Demos, beginning in approximately November 2011 and continuing until approximately February 2013, knowingly and willfully, directly and indirectly, by the use of means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of securities, to wit, certain specified RMBS, would and did use and employ manipulative and deceptive devises and contrivances by (i) employing devices, schemes and artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary to make the statement made not misleading in light of the circumstances under which they were made; and (iii) engaging in acts, practices and course of business that would and did operate as a fraud and deceit on purchasers and sellers of such securities, each constituting a separate count of this Indictment:

| Count | Trade Date | Security |
|---|---|---|
| 1 | May 11, 2012 | LXS 2005-5N 3A2 |
| 2 | July 6, 2012 | AMSI 2003-8 M2 |
| 3 | June 29, 2012 | FFML 2005-FF12 M1 |
| 4 | September 26, 2012 | CNF 2001-1 M1 |
| 5 | September 26, 2012 | CNF 2001-2 M1 |
| 6 | January 4, 2013 | CSFB 2003-8 CB1 |

I will instruct you on Counts One through Six together, because each of these counts charges the same crime, but each is as to a different securities transaction. Remember, you must

consider each count separately.

<u>The Securities Fraud Statute</u>

The relevant statutes are sections 78j(b) and 78ff of Title 15 of the United States Code and section 240.10b-5 of Title 17 of the Code of Federal Regulations (also known as "Rule 10b-5").

Section 78j(b) of Title 15 of the United States Code provides, in relevant part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
>
> (b) To use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Section 78ff(a) of Title 15 of the United States Code provides, in relevant part:

> Any person who willfully violates any provision of this chapter . . ., or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter [shall be guilty of a crime].

Rule 10b-5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
> in connection with the purchase or sale of any security.

---

Adapted from Sand, Instruction 57.03; 15 U.S.C. §§ 78j(b), 78ff(a); 17 C.F.R. § 240.10b-5.

Purpose of the Securities Fraud Statute

In Counts One through Six, Mr. Demos is charged with violating the Securities Exchange Act of 1934. Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions. Among the primary objectives of the Exchange Act are the maintenance of fair and honest securities markets and the elimination of manipulative practices.  The statute and rules are designed to support investor expectations that the securities markets are free from fraud and to prevent a wide variety of devices and schemes that are contrary to a climate of fair dealing. Congress recognized that any deceptive or manipulative practice that influenced or related to trading activity undermined the function and purpose of a free market.

_____

Adapted from Sand, Instruction 57-19.

<u>The Elements of the Securities Fraud Offense</u>

In order to prove that the defendant is guilty of the crime charged in Counts One through Six, the government must prove beyond a reasonable doubt the following three elements:

(1) In connection with the purchase or sale of the security identified in that count, Mr. Demos—

    (a) employed a device, scheme, or artifice to defraud, or

    (b) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

    (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

(2) Mr. Demos acted willfully, knowingly, and with the intent to defraud; and

(3) Mr. Demos knowingly used, or caused to be used, the mails or any means or instruments of transportation or communication in interstate commerce in furtherance of the fraudulent conduct.

You will need to determine whether the government has proven all three elements as to each of Counts One through Six, separately. I will now explain the elements in greater detail.

---

Sand, Instruction 57-20.

First Element of Securities Fraud

The first element of the crime of securities fraud charged in Counts One through Six is that, in connection with the purchase or sale of the RMBS bond identified in the count of the Indictment you are considering, Mr. Demos did one or more of the following:

> (1) employed a device, scheme or artifice to defraud; or

> (2) made an untrue statement of material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading; or

> (3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

The government need not prove that Mr. Demos engaged in all three types of unlawful conduct in order to prove this first element of securities fraud. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven.

In this case, the indictment alleges that Mr. Demos engaged in a scheme to defraud buyers and sellers of RMBS bonds in the course of negotiations in two ways. First, in bid list or order trades where the buying customer had agreed to buy an RMBS at a price equivalent to that which Cantor paid plus an "on top" commission, Mr. Demos is alleged to have falsely overstated the price that Cantor had agreed to pay to the selling customer in order to fraudulently induce bond purchasers to pay a higher overall price, thereby providing Cantor an extra and unearned profit at the buying victims' expense. Second, in bid list or order trades where the selling customers understood that Cantor had negotiated a sale price for an RMBS with a buyer, Mr. Demos is alleged to have falsely understated the price at which the buyer had agreed to purchase the RMBS in order

to fraudulently induce customers to sell RMBS at a price lower than they otherwise would achieve, thereby providing Cantor an extra and unearned profit at the selling customers' expense.

A "device, scheme or artifice" is merely a plan for the accomplishment of any objective. "Fraud" refers to conduct intended to deprive another of money or property by dishonest or deceitful means. The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts.

The fraudulent or deceitful conduct alleged need not relate to the investment value of the RMBS bonds involved in this case.

You need not find that Mr. Demos actually participated in any securities transaction if he was engaged in fraudulent conduct that was ''in connection with'' a purchase or sale. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is not a defense to an overall scheme to defraud that Mr. Demos was not involved in the scheme from the start or played only a minor role with no contact with the sellers and purchasers of the securities in question. It is sufficient if Mr. Demos participated in the scheme or fraudulent conduct involving the purchase or sale. The government need not prove that Mr. Demos directly or personally made the misrepresentation or omitted the material fact. It is sufficient if the government proves that Mr. Demos caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made and, in the case of alleged omissions, whether the omission was misleading.

If you find that the government has established beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated or omitted was material under the circumstances. A statement or omission is "material" if there is a substantial likelihood that a reasonable investor, under the circumstances in which the statement was made or omitted, would have considered the misrepresentation or omission important in making an investment decision, in this case, (1) to buy or sell an RMBS bond; or (2) at what price to bid on an RMBS bond or offer an RMBS bond for sale; or (3) at what price to actually buy or sell an RMBS bond. Put another way, materiality requires that there be a substantial likelihood that the statement or omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available in the context of any one (or all) of those investment decisions. Materiality, however, does not require proof that the disclosure of the truth or omitted fact would have caused a reasonable investor to act differently.

For the purpose of this case, a "reasonable investor" is an investor in the non-agency RMBS market. In determining whether the stated or omitted fact is material, you must consider the sophistication of investors in that market and the sorts of information available or not available to them. Once you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the particular intended victim was a gullible buyer or a sophisticated investor, because the securities laws protect the gullible and unsophisticated as well as the experienced.

It does not matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged

scheme, you may consider that in relation to the second element of intent, which I will discuss in a moment.

If you find that, as to a count of securities fraud, the government failed to prove beyond a reasonable doubt this first element, then your deliberation with respect to that count is finished, and you must return a verdict of not guilty as to that count. However, if you find that, as to a count, the government has proven beyond a reasonable doubt the first element, then you should proceed to consider the second element, intent, on which I will now charge you.

――――――――――

Adapted from Sand, Instruction 57-21; Jury Instructions delivered on January 13, 2017 by the court in *United States v. Litvak*, 3:13CR19(JCH); Jury Instructions delivered on [date] by the court in *United States v. Shapiro*, 3:15CR155(RNC).

In these instructions, the Government proposes a more straightforward definition of materiality than the lengthy instructions delivered by the district courts in *Litvak* and *Shapiro*. The Government suggests that the Court's definition of materiality follow the line of cases beginning with the Supreme Court's decision in *TSC Industries, Inc. v. Northway, Inc.*:

> An omitted fact is material if there is substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. . . . It does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote. What the standard does contemplate is a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.

426 U.S. 438, 449 (1976). *See also United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) ("A misrepresentation is material under Section 10(b) of the Securities Exchange Act and Rule 10b-5

where there is 'a substantial likelihood that a reasonable investor would find the . . . misrepresentation important in making an investment decision.'") (ellipsis in original), quoting *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013).

With regard to the sophistication of investors, it is well settled that the defendant should be able to present evidence as to what a reasonable RMBS investor would view as important, *see Litvak*, 808 F.3d at 184, but are not permitted to blame victims for their own negligence, *see* Sand, Instruction 57-21 ("This is not to say that the government must prove that the misrepresentation would have deceived a person of ordinary intelligence. Once you find that there was a material misrepresentation (or omission of a material fact), it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor."); *United States v. Thomas*, 377 F.3d 232, 242 (2d Cir. 2004) (explaining that the purpose of the federal fraud statutes is "not to grant permission to take advantage of the stupid or careless"); *United States v. Isola*, 548 F. App'x 723, 725 (2d Cir. 2013) (summary order: "[E]vidence of a particular lender's unreasonableness is irrelevant to the materiality of [the defendant's] false statements because materiality is an objective question."). The Government's proposal strikes this balance by incorporating the sophistication of and information available to an objective reasonable investor into the jury's assessment of the materiality of an alleged misrepresentation, rather than the sophistication or gullibility of its intended victim.

Second Element of Securities Fraud

The second element of the crime of securities fraud charged in Counts One through Six is that Mr. Demos participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

"Knowingly" here means to act voluntarily and deliberately, rather than mistakenly or inadvertently, with an understanding of the nature of his action, and not because of ignorance, mistake, accident, or carelessness. Whether Mr. Demos acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

"Willfully" here means to act voluntarily and with an improper purpose. The Government need not prove that the defendant was aware of the general unlawfulness of his conduct or that he was breaking any particular law or rule, but rather, that he had an awareness of the general wrongfulness of his conduct.

To act with "intent to defraud" here means to act with the specific intent to deceive. An act is intentional only if it is deliberate and purposeful. That is, to be intentional, the defendant's acts must have been the product of his conscious objective, rather than the product of mistake or accident. The misrepresentation or omission must have had the purpose of inducing the victim of the fraud to undertake some action or not undertake some action. For purposes of securities fraud, the government need not prove that Mr. Demos intended to cause harm to a victim; it is enough that he intended to deceive the victim.

The question of whether Mr. Demos acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent.  Such direct proof is not required.

Knowledge and intent may be proven by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, whether the evidence is circumstantial or direct, the government must prove the essential elements of the crime charged beyond a reasonable doubt.

Under the anti-fraud statutes, false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. Because intent to defraud is an essential element of securities fraud, if you find that Mr. Demos acted in good faith, that is, he held an honest belief that his actions (as charged in a given count) were proper, you cannot convict him of that count. For instance, if you were to find that Mr. Demos had an honest belief in the truth of a representation, regardless of how inaccurate the statement may have turned out to be, then the government has not proven fraudulent intent as to that statement. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. However, Mr. Demos has no burden to prove a defense of good faith. The burden is on the government to prove beyond a reasonable doubt the defendant's fraudulent intent.

In considering whether or not Mr. Demos acted in good faith, I instruct you that if you were to find that Mr. Demos honestly believed that ultimately no one would lose money, or even that everyone would make a profit in the end, such an honest belief will not excuse fraudulent actions or false representations. No amount of honest belief on the part of Mr. Demos that the scheme

would ultimately make a profit for everyone, or that no one would be harmed, will excuse fraudulent actions or false representations by him.

The government can prove that Mr. Demos acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making a false statement or causing such a statement to be made. Alternatively, the knowledge of Mr. Demos may be established by proof that he was aware of a high probability that the statement was false and that, despite this high probability, he deliberately and consciously avoided confirming that falsity, unless the facts show that he actually believed the statement to be true.

To conclude on this second element of securities fraud, if you find that, as to a count of securities fraud, Mr. Demos was not a knowing participant in the scheme or lacked the intent to defraud, you must return a verdict of not guilty on that count and defendant. On the other hand, if you find that, as to a count of securities fraud, the government has proven beyond a reasonable doubt not only the first element but also this second element—that Mr. Demos acted knowingly, willfully, and with intent to defraud—then you should proceed to consider the third element of securities fraud, on which I will now charge you.

―――――――――――

Adapted from Sand, Instruction 3-57; adapted from Jury Instructions delivered on January 13, 2017 by the court in *United States v. Litvak*, 3:13CR19(JCH).

The Government's proposed willfulness instruction is drawn from *United States v. Kaiser*, 609 F.3d 556, 568 (2d Cir. 2010) (holding that willfulness for purposes of securities fraud under 15 U.S.C.§ 78ff "do[es] not require a showing that a defendant had awareness of the general

unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct."); *see also United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004) ("Under our jurisprudence, . . . 'willfully' as it is used in § 78ff(a) means intentionally undertaking an act that one knows to be wrongful; 'willfully' in this context does *not* require the actor know specifically that the conduct was unlawful."). This binding precedent differs from the pattern charge and the district court's instruction in *Litvak*. Applied here, it makes clear that the Government need not prove that the defendant knew his conduct was illegal, but only that he knew it was generally wrongful.

Third Element of Securities Fraud

The third and final element of the crime of securities fraud charged in Counts One through Six is that Mr. Demos knowingly used, or caused to be used, the mails or any means or instruments of transportation or communication in interstate commerce in furtherance of the fraudulent conduct. "Instruments of communication in interstate commerce" include the mails, interstate wires, phone calls, and electronic communications over the internet, such as emails, chats, and messaging.

It is not necessary for the government to prove that Mr. Demos was personally involved in any mailing, phone call, wire, or internet communication. If that defendant was an active participant in the alleged scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in a mailing, phone call, wire, or internet communication, then you may find that he caused the mails, wires, or other instrument of communication in interstate commerce to be used, and this element would be proven.

Where a person acts with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, that person causes such means to be used.

The items sent through the mails, interstate wires, or internet need not contain the fraudulent material, or anything criminal or objectionable. The matter sent or transmitted may be entirely innocent. The use of the mails, interstate wires, or internet need not be central to the execution of the scheme, and may even be incidental to it. All that is required for the government to prove this element is to prove that the use of interstate means of communication bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale need not be accompanied or accomplished by the use of

interstate means of communication, so long as Mr. Demos is engaged in actions that are part of a fraudulent scheme and such interstate means are used in furtherance of the scheme.

If you find that, as to a count of securities fraud and as to a particular defendant, the government has failed to prove beyond a reasonable doubt this third element, then you must return a verdict of not guilty as to that count. However, if you find that, as to a count and defendant, the government has proven beyond a reasonable doubt this third element, as well as the first and second elements, then you should return a verdict of guilty as to that count.

--------

Adapted from Sand, Instruction 3-57.

## **PART III: OTHER INSTRUCTIONS**

### MOTIVE IS NOT NECESSARY

Proof of motive is not an element of any of the crimes with which the defendant is charged.

Proof of motive does not establish guilt, nor does lack of proof of motive establish that the defendant is not guilty.

If the defendant's guilt is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may have been or whether there was any motive shown at all. However, you may consider the presence or absence of motive as a circumstance bearing on your determination of the defendant's intent.

---

Adapted from Sand, Instruction 6-18.

## DEFENDANT'S RIGHT NOT TO TESTIFY [IF APPLICABLE]

The defendant chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he or she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

––––––––––––––––––––

Sand, Instruction 5-21.

## DEFENDANT'S TESTIMONY [IF APPLICABLE]

In a criminal case, a defendant has the constitutional right not to testify at his trial. No defendant can be required to testify, but he may choose to testify if he so desires. In this case, Mr. Demos decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

_____

Sand, Instruction 7-4.

## FAILURE TO NAME A DEFENDANT

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted. The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

_____

Sand, Instruction 3-4.

## SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED [IF APPLICABLE]

During the trial you have heard testimony of witnesses and argument by counsel that the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

---

Sand, Instruction 4-4.

## POSSIBLE PUNISHMENT

You are instructed that the question of possible punishment of the defendant is of no concern to the jury. Possible punishment should not, in any sense, enter into or influence your deliberations. In the event of a conviction, the duty of imposing sentence rests exclusively with the court. The function of the jury is to weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence. You cannot allow a consideration of the punishment which may be imposed upon the defendant to influence your verdict in any way.

---

Sand, Instruction 9-1.

## COPY OF THE INDICTMENT

I am sending a copy of the Indictment into the jury room for you to have during your deliberations. You may use it to read the crimes which the defendant is charged with committing. You are reminded, however, that an Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

――――――――――――

Sand, Instruction 9-4.

## NOTE TAKING

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.

Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

---

Adapted from Sand, Instruction 1-3.

REVIEWING EVIDENCE

You are about to go into the jury room and begin your deliberations. During those deliberations, the exhibits introduced into evidence during the trial will be available to you. If you want any of the testimony read back, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting the portion of testimony that you may want.

---

Adapted from Sand, Instruction 9-3.

## CONTACT WITH OTHERS/USE OF ELECTRONIC TECHNOLOGY

During your deliberations, you should not discuss, or provide any information about the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text message, email, Facebook, Snapchat, Twitter, or any blog, chat room, web site or other feature. In other words, do not talk to anyone on the phone or in person, or correspond or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you must not access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

—————————————

Sand, Instruction 2-21.

## PART IV: FINAL INSTRUCTIONS

We are at the conclusion of my instructions. I will now say some final words about your deliberations.

I remind you that with regard to each count of the indictment, the government must prove all the essential elements of securities fraud beyond a reasonable doubt. If the government has met this burden with regard to a count, your verdict on that count should be "guilty;" if it has not, your verdict on that count should be "not guilty." Remember also that your verdict must be based solely on the evidence in the case, or the lack of evidence, and the law as I have given it to you, not on anything else. Closing arguments or other statements or arguments of counsel are not evidence. If your recollection differs from the way counsel has stated the facts, then your recollection controls.

In order to return a verdict, it is necessary that your verdict be unanimous—in other words, agreed to by each of you. Each of you must make your own decision, but do so only after impartial consideration of the evidence with your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistently with the individual judgment of each juror. In the course of your deliberations, do not hesitate to re-examine your own individual views, and to change your opinions, if your analysis of the evidence and the views of your fellow jurors convince you to do so. However, you should not surrender an honest conviction about the facts or about the weight or effect of the evidence merely to bring an end to deliberations.

With regard to any notes you might have taken during the trial, please remember that the notes are for your own use only and are not to be shown to other members of the jury.

When you return to the jury room, the first thing you must do is elect one member of the

jury to act as your foreperson. The foreperson will preside over the deliberations of the jury and speak on behalf of the jury in communications with me. Please do not begin deliberations until you have received the exhibits from the courtroom deputy.

Once you begin deliberations, all cell phones and other electronic devices must be turned off.  No deliberations are permitted to take place unless all jurors are present.  If at any time a member of the jury needs to take a break, the other jurors must stop deliberations until that juror returns and then you recommence with everybody as a group. The jury deliberates together as a group.

In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

A verdict form has been prepared for your convenience. Again, your verdict must be unanimous as to each question on the verdict form. Answer each question as it appears and only those questions. When you have reached unanimous agreement as to the questions on the verdict form, your foreperson will sign and date the form.  At that time, the foreperson should send a signed note to me stating that the jury has reached a unanimous verdict.

If you need to communicate with me regarding the case, you should send me a note signed by your foreperson or another member of the jury.  I will respond as promptly as possible either in writing or by having you return to the courtroom, at which time I will address the jury in response to your note.  If you do send a note to me, please do not indicate in the note how the jury stands, numerically or otherwise, with regard to any issue on the verdict form. Bear in mind also that you are never to reveal to any person—not  even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until

after you have reached a unanimous verdict.

At this time, it is my responsibility to address the alternate jurors.  The law limits jury deliberations to no more than 12 jurors.  We have a jury of __.  At jury selection, the last four jurors on the list were designated as alternates.  The alternates, therefore, are jurors _____. When the other jurors retire to the jury assembly room to deliberate, the ___ alternates will retire to a different jury room and stand by in case they are needed to join the deliberating jury.  If a member of the deliberating jury must be excused for any reason, an alternate will be called on to replace that person and the deliberations of the jury will begin again. Although the deliberating jurors will be discussing the case, the alternates must refrain from talking about the case among themselves or with anyone else until they are discharged.  I realize this is a lot to ask but it is what the law requires.

I am going to ask the alternate jurors to retire to the jury room. My courtroom deputy will be available to assist you. I will ask the twelve regular jurors to retire to the jury assembly room and to again refrain from commencing deliberations until the deputy comes in with the exhibits, instructions and the verdict form. But during that interval, you are in a position to commence with the election of your foreperson.

That completes the instructions.  Thank you very much for your attention.

_____

Adapted from Sand, Instructions 9-3, 9-5, 9-7, 9-15.

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY