UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | March 9, 2018 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S MOTION FOR PRE- TRIAL RETURN OF DOCUMENTS UNDER RULE 17(C)(l) TO INTEX

Mr. Demos respectfully submits this memorandum of law in support of his Motion requesting the Court to issue a subpoena to Intex Solutions, Inc. ("Intex"), pursuant to Federal Rule of Criminal Procedure 17(c)(l), which provides for the pre-trial production of documents in the counterparties control. The subpoena bears a return date of March 22, 2018, which is in advance of trial.

Intex provides deal cashflow models, analytics and structuring software for RMBS and other structured products worldwide. The materials sought in the subpoena include (1) records and communications of specific individuals from Marathon Asset Management, L.P. ("Marathon") regarding any requests that Intex change deal models; (2) Intex's responses to such requests; (3) Documents demonstrating any subsequent deal revisions of the LXS 2005-5N RMBS; and (4) the manner and timing of the dissemination of the model changes to the market, or Intex users. Marathon is the counterparty, for Count One, that sold the LXS 2005-5N bond to Cantor Fitzgerald ("CF"). The materials sought are relevant to the offense charged, are expected to be admissible as business records, and are specifically described. A copy of the subpoena is attached to Mr. Demos's Motion.

**BACKGROUND**

Intex is a leading provider of structured fixed-income cashflow models and related analytical software. *See* Overview, *Intex*, http://www.intex.com/main/company.php, (last visited Mar. 8, 2018). Intex boasts clients that include the world's best known financial institutions including major investment banks, regional broker dealers, issuers and investment managers, etc. *Id.* The company was founded in 1985, and maintains headquarters near Boston, Massachusetts. *Id.* Intex has the industry's most complete library of deal models, including RMBS. *Id.*

**ARGUMENT**

**I.     The Standard for Evaluating Rule 17(c) Subpoenas**

"A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence." Fed. R. Crim. P. 17(c)(1); *see United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1984) (discussing that Rule 17 enables a party to obtain and inspect evidentiary material prior to trial). Moreover, Rule 17 of the Federal Rules of Criminal Procedure establishes "a liberal policy for the production, inspection and use" of evidentiary materials in federal criminal cases. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

An order for pre-trial production of documents is appropriate if the party requesting the materials establishes that the documents sought are (1) relevant, (2) potentially admissible, and (3) specific. *Nixon*, 418 U.S. at 700. Moreover, underlying considerations include: "(1) [whether] the documents are evidentiary and relevant; (2) [whether] they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) [whether] the party

cannot properly prepare for trial without such production … and [whether] the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) [whether] the application is made in good faith and is not intended as a general 'fishing expedition.'" *Ferguson*, 2007 WL 2815068, at *2 (quoting *Nixon*, 418 U.S. at 699).

II. **The Basis for Mr. Demos's Requests for Records, Communications and Documents**

Mr. Demos seeks records and communications from Intex, a corporation that has thirty years of experience modeling public and private deals, and maintains a cashflow model library for the industry. Intex is known as a global standard for cashflow analytics in the securitization market. Intex models contain relevant cashflow characteristics of the deal, and enable users to apply prepayment, default, delinquency, and interest rate assumptions, in order to stress-test and conduct cashflow analysis.

The materials requested primarily seek records, communications, and documents related to the counterparty on Count One, Marathon. These materials will reflect the assessments of Marathon, relative to the bond traded on Count One, including the information they had prior to Marathon's trader making its investment decision to sell the LXS 2005-5N, to Mr. Demos of Cantor. The requests readily meet the Rule 17(c)(1) standard.

> a. *The Materials are Relevant Because They Relate to the Offenses Charged in the Indictment and the Uncharged Transactions the Government Intends to Offer into Evidence*

For purposes of Rule 17(c)(1), the relevance test is satisfied if there is a "rational inference that at least part of the [materials] relate to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. The Government alleges that Mr. Demos made misrepresentations to Marathon, and must prove that the misrepresentations were material. The requested materials directly address the materiality element of the charges against Mr. Demos. Specifically, these materials are

3

evidence of what information Marathon had in its "total mix" prior to making its investment decision to sell the LXS 2005-5N to Mr. Demos of Cantor. Therefore, the first requirement of *Nixon* is satisfied because there is a "rational inference that at least part of the [materials] relate to the offenses charge in the indictment." *Nixon*, 418 U.S. at 700.

> b. *The Materials Are Admissible Because They Very Likely Fall Within the Exception to Hearsay for Business Records*

The requested materials are made and kept in the ordinary course of business and therefore would likely easily satisfy the business records exception to the hearsay rule. *See, e.g., United States v. Nachamie*, 91 F. Supp. 2d 552, 564 (S.D.N.Y. 2000) ("Because the documents primarily seek business records, they are at this early stage likely to be admissible at trial."). Indeed, the records and documents sought were likely made by Intex employees in the regular course of Intex's business, at the time of the acts, transactions, occurrences, or events recorded therein, or within a reasonable time thereafter. Moreover, the communications showing correspondence between Intex and its clients, likely are maintained as a regular course of Intex's business activities, and kept in the course of such activities. Therefore, because the requests primarily seek business records, they should satisfy the business records exception to hearsay, and are admissible.

> c. *The Materials Are Known to a High Degree of Likelihood to be Maintained by the Parties To Be Subpoenaed*

Mr. Demos requests meet the third part of the *Nixon* test, requiring reasonable specificity with respect to the documents sought, because the materials requested are specific to the LXS 2005-5N bond transacted in Count One. Moreover, the requests specifically focus on the communications of employees of Marathon, that were aware that the model for the LXS 2005-5N was incorrect. Additionally, Intex should easily be able to locate and produce the requested materials using the specific terms and information provided in the requests.

### III. The Materials Are Not Otherwise Available, Mr. Demos Cannot Properly Prepare for Trial Without Them, and the Requests are Made in Good Faith and not a "Fishing Expedition"

Here, pre-trial production of the requested communications is appropriate. First, Mr. Demos has no reasonable means to obtain these materials but through a subpoena because as business records, these materials are held as confidential records. Second, Mr. Demos cannot properly prepare for trial without the production of the above described communications. Indeed, to properly prepare for trial, Mr. Demos will need sufficient time to review and assess the communications requested. In other words, Mr. Demos does not expect that the production will be voluminous, but does anticipate that production of these materials will produce dense information that will necessarily require close and careful analysis. Finally, the requests for communications in **Exhibit A** are made in good faith and do not represent a general fishing expedition, because Mr. Goldberg provided information about the mismodeling of the bond to the Government. Indeed, the requests are not overbroad, as they seek specific records, documents, and communications that Mr. Demos has good faith basis to believe exists. Moreover, the requests seek evidence that will be of consequence to a determination in this case.

### CONCLUSION

For the above reasons, we respectfully request that the Court issue the Rule 17(c) subpoena to Intex and order the production of the requested documents pre-trial.

Respectfully submitted,

DAVID DEMOS

By:   /s/ George Leontire

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111

5

jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Felicia L. Carboni (phv09485)
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
felicia@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr. (ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860)231-9535
chamberslegalservices@gmail.com

His Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on this date a copy of the foregoing **Memorandum of Law** will be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

*/s/ George Leontire*
George Leontire