**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
v.                              :    No. 3:16-cr-220(AWT)
                                :
                                :
DAVID DEMOS                     :
                                :
------------------------------- x
```

**RULING ON DEFENDANT'S MOTION IN LIMINE (DOC. NO. 155)**
**(TARP, PPIP, Financial Crisis and Investor Identity)**

Defendant Demos's Motion in Limine to Preclude Evidence and
References to TARP, PPIP, the Financial Crisis, and Passive
Investor Identity (Doc. No. 155) is hereby GRANTED, in part, and
DENIED, in part, as set forth below.

**Financial Crisis; Taxpayers**

Any reference to the 2007 financial crisis and any
reference to taxpayers is being precluded pursuant to Federal
Rule of Evidence 403.  Thus, the motion is being **granted** as to
these two points.

**TARP; PPIP**

The motion is being **denied** as to this point.  The
government argues that the alleged victims' credentials and
motivations helps establish that they were acting as objective,
reasonable investors.  The government contends that evidence
about the sophistication and priorities of the passive investors

1

who had invested their money with the alleged victims is relevant to materiality in that it shows that the alleged victims were themselves experienced and successful investors who were vetted and trusted by other sophisticated entities to profitably manage investment funds.  The government intends to introduce evidence showing that one specific passive investor was the Department of the Treasury, through the Troubled Asset Relief Program ("TARP"), and that one victim received funds through the 2009 Legacy Securities Public-Private Investment Partnership ("PPIP").  The government also intends to introduce evidence that the Department of the Treasury selected and supervised that alleged victim with an eye towards profitability.  The court concludes that the probative value of this evidence is not outweighed by any prejudicial impact because there will be no reference to taxpayers or to the 2007 financial crisis.

### Specific Identities and Categories of Passive Investors

The defendant moves for an order barring the government from introducing evidence or eliciting testimony regarding the specific identities of passive investors in counterparty funds. The motion is being **granted** as to this point.  Any probative value of such evidence is substantially outweighed by the danger of unfair prejudice because jurors could believe that their own

economic wellbeing or that of non-commercial, unsophisticated parties was implicated by the defendant's conduct.

For the reason discussed above, the government seeks to demonstrate, as relevant to materiality, that the passive investors in counterparty funds were sophisticated investors. However, as was discussed during oral argument, this point can be made by introducing evidence as to a number of categories of passive investors (e.g., hedge funds, high net worth individuals, and asset managers) other than mutual funds, pension funds, educational institutions, and charities. Therefore, the motion is being **denied** with respect to identifying categories of passive investors such as hedge funds, high net worth individuals and asset managers.  However, the probative value of identifying mutual funds, pension funds, educational institutions, and charities as additional categories of investors, is substantially outweighed by the danger of unfair prejudice, and the motion is being **granted** with respect to identifying categories of passive investors such as them.

It is so ordered.

Signed this 19th day of March, 2018, at Hartford, Connecticut.

_____/s/ AWT_____
Alvin W. Thompson
United States District Judge