UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :    No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### ORDER RE DEFENDANT'S MOTION IN LIMINE (DOC. NO. 143)
### (Uncharged Trades)

For the reasons set forth below, Defendant Demos's Motion in Limine to Exclude Evidence and Argument Related to Uncharged Trades (Doc. No. 143) is hereby GRANTED in part.

The government intends to introduce uncharged trades into evidence. The defendant moves to exclude such evidence on the grounds that uncharged conduct is "other acts" evidence covered by Federal Rule of Evidence 404(b) and the evidence at issue is not admissible under Rule 404(b). The defendant also contends that the evidence should be excluded under Rule 403.

The government contends that the uncharged trades are not "other acts" evidence covered by Rule 404(b) because they "are admissible as direct evidence of the scheme charged in the Superseding Indictment." Gov.'s Opposition Memorandum ("Gov.'s Opp.) (Doc. No. 189) at 1.

1

In United States v. Carboni, 204 F.3d 39, the Second Circuit stated that:

> [E]vidence of uncharged criminal activity is not considered other crimes evidence under [Federal Rule of Evidence] 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.

Id. at 44 (quoting United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997)).  The government argues that the uncharged trades arose out of the same transaction or series of transactions as the charged offenses and also that they are inextricably intertwined with the evidence regarding the charged offenses.

The Superseding Indictment charges the defendant with six counts of securities fraud.  Some of the cases relied on by the government in support of its argument that the uncharged trades are admissible as direct evidence of the offense are cases where the crime charged was conspiracy.  See United States v. Kaiser, 609 F.3d 556, 570-71 (2d Cir. 2010) (holding that evidence of fraudulent conduct prior to the time charged in the indictment was admissible as direct proof of the charged conspiracy, not as "other acts" evidence under Rule 404(b)); United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself.").  Those cases are not on

point because, in those cases, the government was entitled to introduce evidence to prove a conspiracy. Also, at least one of the cases relied on by the government is a wire fraud case, which is not directly on point because the elements of the crime of wire fraud are different than the elements of securities fraud. See United States v. Loftis, 843 F.3d 1173 (9th Cir. 2016) (holding that the limitation on admissibility of "other crimes" evidence did not preclude the government in a wire fraud prosecution from introducing evidence of uncharged transactions in order to prove the existence of a scheme to defraud).

The government emphasizes in its memorandum that the Superseding Indictment "charges Demos with a broad scheme to defraud that includes trades beyond those specifically charged," Gov.'s Opp. at 1, but the defendant is charged with six separate securities fraud offenses, not with operating a broad scheme to defraud. With respect to the first element of the offense for each of those six charges, the government will have to prove that, in connection with the purchase or sale of the <u>security identified in that count</u>,

   (a)   the defendant employed a device, scheme, or artifice to defraud, or

   (b)   made an untrue statement of a fact, or omitted to state a fact which made what was said under the circumstances misleading, or

    (c)    engaged in an act, practice, or course of business that operated or would operate as a fraud or deceit upon a purchaser or seller.

Thus, in determining whether an uncharged trade is admissible as direct evidence of the charged offense, the court must look to the securities fraud offense that is charged in that count, as opposed to the fact that the offense may have been a part of broader scheme to defraud.  One of the means of establishing this first element as to a particular purchase or sale could be to prove that the defendant employed a scheme or artifice to defraud with respect to that purchase or sale.

Not everything that can be characterized as part of the alleged broad scheme to defraud is automatically admissible.  Rather, the question here with respect to each count is whether the uncharged trade in question constitutes direct evidence of the crime charged in that count because it arose out of the same transaction or series of transactions as the charged offense, or because it is inextricably intertwined with the evidence regarding that charged offense.  The government has not demonstrated how any of the uncharged trades at issue is part of the same transaction or a series of transactions with respect to any of the six charged offenses, nor how it is inextricably intertwined with the evidence regarding any of those six charged offenses.

The parties are currently briefing whether uncharged trades are admissible as for 404(b) evidence.

It is so ordered.

Signed this 19th day of March, 2018, at Hartford, Connecticut.

>                /s/ AWT
>         Alvin W. Thompson
>         United States District Judge