```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :    No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### ORDER RE GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 137)
### (Fair Market Value)

Government's Motion in Limine to Preclude Evidence or Argument Regarding Fair Market Value (Doc. No. 137) is hereby GRANTED.

The government moves for an order precluding the defendant from introducing any evidence or argument that "bonds fraudulently traded in the scheme were priced at fair market value." Government's Memorandum of Law ("Gov.'s Memo.") (Doc. No. 137) at 1. The government clarifies that it "does not object to the introduction of information actually known by victims at the time of Demos's fraudulent trades." Government's Reply Memorandum (Doc. No. 206) at 3 n.1. In using the term "fair market value," the government seeks to preclude evidence that the bonds in question "were bought or sold at some 'fair price,' providing a defense to fraud," or that "the RMBS traded as a part of Demos's scheme were priced fairly." Id. at 2. The

1

government's objection to use of the term "fair market value" is based on its view that "[i]n the opaque, thinly-traded RMBS market, bonds have no independently ascertainable 'fair market value'; they only have the price at which a willing buyer and seller agree to trade."  Gov.'s Memo. at 2.

However, the defendant does not seek to introduce any such evidence or argument.  Although the defendant has used the term "fair market value," in substance, he intends to introduce evidence

> to demonstrate that counterparty investment decisions were based in part on known bond prices, proprietary modeling and analytics, previous purchases and sales of highly specialized RMBS, Bids Wanted in Competition (BWICs) that virtually all counterparties participated in and followed, and other relevant information, and not on any alleged misrepresentations.  The reasonable and expected prices of bonds in the highly specialized RMBS market are relevant to the materiality element of securities fraud.  If a counterparty viewed the pricing of a bond as consistent with its pricing expectations and it is within its acceptable range of reasonable prices, Mr. Demos is entitled to use such information to demonstrate that any alleged misrepresentations were not significant in the total mix of information available to the counterparties.

Defendant's Opposition Memorandum (Doc. No. 194) at 3-4 (footnote omitted).  This evidence can be introduced without using the potentially misleading term "fair market value."

Also, the court notes that the defendant has not made any showing that there is a methodology for ascertaining a "fair market value" in the RMBS market.

It is so ordered.

Signed this 19th day of March, 2018, at Hartford, Connecticut.

                                        /s/ AWT
                              Alvin W. Thompson
                              United States District Judge