```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :
                                 :    No. 3:16-cr-220(AWT)
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### ORDER RE DEFENDANT'S MOTION IN LIMINE (DOC. NO. 147)
(Demos's Compensation, Cantor's Profits, and Victims' Losses)

Defendant Demos's Motion in Limine to Exclude Evidence and Argument Regarding Mr. Demos's Total Compensation, Cantor's Profits, and References to Victims' Losses in the Millions (Doc. No. 147; see also Doc. No. 161-1) is hereby GRANTED, in part, and DENIED, in part, as set forth below.

The defendant moves to preclude the government from introducing evidence and argument relating to (1) his total compensation from Cantor Fitzgerald & Co. ("Cantor"), including total compensation, base salary, and discretionary or non-discretionary bonuses; (2) any compensation he received while he was employed at Cantor offered to prove motive; (3) Cantor's profits as being equivalent to the defendant's profits; and (4) the victims sustaining millions of dollars of losses.

1

**Points One and Two: Defendant's Total Compensation; Compensation Offered to Prove Motive**

The government has agreed not to offer evidence of the defendant's total compensation, but does intend to offer evidence with respect to the trading bonus contemplated by his Employment Agreement. Thus, to the extent the motion deals with evidence other than bonuses the defendant could receive pursuant to his Employment Agreement, it is being **denied as moot.**

The motion is being **denied** with respect to evidence that the defendant's Employment Agreement provided for a trading bonus calculated using a formula which took into account the defendant's trading profit and loss. The government seeks to introduce evidence that the more profitable the defendant's trades, the more compensation he could anticipate receiving at the end of the year. The court agrees with the government that "the connection between Demos's trade profitability and his compensation is a straightforward motive for Demos to fraudulently increase the profitability of his trades." Gov.'s Opposition Memorandum ("Gov.'s Opp.") (Doc. No. 182) at 2.

The defendant argues that Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995), supports a conclusion that a desire to increase the amount of trading bonuses cannot be used to demonstrate motive. However, that case relates to what quantum of evidence is required to show motive sufficient to support a

strong inference of scienter, which is an entirely different issue from whether evidence of a criminal defendant's motive is admissible.

The defendant asserts that the amount of his trading bonus was ultimately determined by Cantor in its sole discretion. While that evidence can be used by the defendant to rebut the evidence offered by the government, it does not render it irrelevant, nor does it detract from the probative value of the evidence proffered by the government as to motive for purposes of determining whether the probative value of the evidence is substantially outweighed by one of the factors identified in Federal Rule of Evidence 403.

As to Rule 403, the defendant also argued that evidence of the defendant's total compensation should be precluded under Rule 403 because of the danger of unfair class prejudice against the defendant. As discussed above, however, evidence of the defendant's total compensation is not being offered by the government.

### **Point Three: Cantor's Profits as Equivalent to the Defendant's Profits**

The defendant seeks to preclude the government from introducing any evidence or argument that the profits earned by Cantor in individual trades of RMBS are "the defendant's earned profits." The court agrees with the defendant that, even though

3

there is shorthand use of the phrase in the industry, equating the two results in a false equivalency.  Therefore, the motion is being **granted** with respect to any argument by the government.

The motion is also being **granted** with respect to any questions put by government counsel to witnesses.  The government contends that it should not be "cabined to hyper-technical and exhaustive descriptions," Gov.'s Opp. at 4, and asserts there is no reason to believe the jury will be confused by the government's use or its witnesses' use of a "shorthand phrase."  Counsel for the government should use accurate terminology with the jury and it is not difficult to come up with descriptions that are both accurate and not exhaustive.

**However**, the court will not impose on witnesses a requirement that they avoid using terminology that is common in the industry.  Rather, the court will expect counsel to conduct examinations of witnesses in a way that does not result in the jury being misled.

### Point Four: Reference to Victims' Losses

The defendant seeks an order (i) precluding the government from stating in its opening statement that the evidence will establish that the defendant caused his victims to sustain millions of dollars of losses, and (ii) precluding the government from introducing evidence of the victims' losses

without laying a proper foundation for the loss calculation. This portion of the defendant's motion is being **denied.**

As to the second point, the government states that it "intends to offer evidence of victim losses during the trial by establishing the difference between the price that victims paid (or accepted) because of Demos's lies versus the price if Demos had told the truth."  Gov.'s Opp. at 4.  Thus, the government has proffered a proper foundation for a loss calculation.

As to the first point, the government has established that it has a good faith basis for making reference to what the evidence in its case will establish in terms of the loss to the defendant's victims.  In addition, while the defendant emphasizes that the government concedes that loss is not an element of securities fraud, the government has explained how the victims' losses are relevant to materiality and intent:

> With respect to materiality, the jury is entitled to learn that Demos's lies caused his victim tens or hundreds of thousands of losses on each fraudulent trade.  The size of the loss is itself evidence that the misrepresented information would have been important to a reasonable investor.  With respect to intent, the jury will be asked to draw an inference as to Demos's state of mind at the time he lied to his victims.  Knowing that each lie had a significant monetary value, both to Demos, personally, and to his employer, is probative of his intent to deceive and knowledge that he was acting wrongfully.

Gov.'s Opp. at 5.

5

Based on the foregoing, the court concludes that the government making reference in its opening statement to the victims' losses and introducing evidence of those losses will not result in unfair prejudice to the defendant, and thus should not be precluded under Federal Rule of Evidence 403.

It is so ordered.

Signed this 19th day of March, 2018, at Hartford, Connecticut.

                                                       /s/ AWT
                                       Alvin W. Thompson
                                       United States District Judge