```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :    No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### RULING ON GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 132)
(Defendant's Own Interview Statements)

For the reasons set forth below, Government's Motion in Limine to Preclude Defendant from Eliciting His Own Interview Statements (Doc. No. 132) is hereby DENIED, without prejudice.

The defendant was interviewed by the government in April 2014, in January 2016, and in March 2016. "During the course of these three interviews, [the] defendant made potentially exculpatory self-serving statements, including and with respect to his intent to defraud and the materiality of his misrepresentations." Government's Memorandum of Law (Doc. No. 132) at 1. The government moves for an order precluding the defendant "from introducing, through cross-examination or otherwise, his own prior out-of-court statements to the Government." Id.

Although the government properly cites United States v. Davidson, 308 F. Supp. 2d 461 (S.D.N.Y. 2004), for the

1

proposition that the defendant may not use his prior out-of-court statements as a substitute for his own testimony, the blanket prohibition sought by the government is impermissible. It is unknown at this point whether the defendant would be able to demonstrate at trial that a relevant hearsay exception applies to make an out-of-court statement by him admissible, since any ruling by the court will necessarily depend on developments at trial.  Thus, the court agrees with the defendant that the government's motion is premature.

The court assumes that it will be apparent to the government, and to the court, from the context and from questions asked to lay a foundation, when testimony with respect to the defendant's own interview statements will be elicited. This should afford the government sufficient time to make an objection and give the court sufficient notice to anticipate that objection and analyze the situation.  If it turns out that is not the case, the court will develop a procedure for dealing with any such situation.

Finally, the court notes that, depending on the situation, a limiting instruction may be appropriate.

It is so ordered.

Signed this 20th day of March, 2018, at Hartford, Connecticut.

                              /s/ AWT
                         Alvin W. Thompson
                         United States District Judge