**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :    No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### ORDER RE GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 138)
### (Victim Profitability)

For the reasons set forth below, Government's Motion in Limine to Preclude Evidence Regarding Victim Profitability (Doc. No. 138) is hereby DENIED.

The government moves for an order precluding the defendant from "introducing any evidence or argument regarding the profits eventually earned by victims on RMBS bonds purchased in fraudulent trades." Government's Memorandum of Law (Doc. No. 138) at 1. The government emphasizes that whether a victim made a profit or loss has no bearing on whether the defendant's representations were material or whether the defendant intended to deceive the alleged victims, quoting from United States v. Litvak, 808 F.3d 160, 186 (2d Cir. 2015).

The defendant does not seek to offer evidence of victim profits on the issue of intent to deceive. However, he does seek to offer it on the issue of materiality "because the

1

reasonable objective investor in the highly specialized RMBS market predominantly utilized proprietary modelling and analytics to make their determination to buy, sell, or hold a bond." Defendant's Opposition Memorandum ("Def.'s Opp.") (Doc. No. 195) at 5. The defendant explains that:

> Mr. Demos will [e]licit testimony that the modeling and analytics were so heavily relied upon because the modeling and analytics so accurately predicted the heavily specialized RMBS bond's profitability. The counterparties['] confidence in the modeling and analytics was directly attributable to the accuracy of the modeling and analytics, as evidenced, to the counterparties, by the profitability of the highly specialized RMBS they purchased.

Id. at 2.

Thus, the defendant has identified a proper purpose for the admission of this testimony, one which the government does not acknowledge in its papers when concluding that the evidence proffered by the defendant is of minimal relevance.

The government has two concerns: first, whether evidence reflecting the fact that victims eventually made money could potentially confuse the jury about whether loss is an element of the charged crimes; and second, whether such evidence could create "the mistaken impression that [the jury] may rely on the principle of 'no harm on foul.'" Government's Reply Memorandum (Doc. No. 207) at 4. These are both legitimate concerns, but the court concludes that the appropriate response is to address these matters in the jury instructions and, if requested, in a

2

limiting instruction, rather than excluding evidence that has probative value.

Finally, the court notes that the government argued in support of its motion that the court should follow <u>Litvak</u> with respect to this point.  However, as the defendant points out, the statement in <u>Litvak</u> relied on by the government was "made without the benefit of briefing on the issue because the question of whether counterparty profits were relevant to materiality was not directly presented in <u>Litvak</u>.  Rather, Mr. Litvak argued to the Second Circuit that it bore on the issue of intent."  Def.'s Opp. at 4 (citing <u>Litvak</u>, 808 F. 2d at 186 ("Second, Litvak claims the District Court erred in excluding Wilmer's testimony 'that the bonds were profitable,' which 'bore on the issue of Mr. Litvak's intent, even if it was not determinative.'")).

It is so ordered.

Signed this 20th day of March, 2018, at Hartford, Connecticut.

                                        /s/ AWT
                                        Alvin W. Thompson
                                        United States District Judge