UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :   No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### ORDER RE GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 141)
(Other Broker-Dealers)

For the reasons set forth below, Government's Motion in Limine to Preclude Evidence or Argument Regarding Other Broker-Dealers (Doc. No. 141) is hereby DENIED.

The government seeks an order precluding the defendant from introducing evidence or argument regarding events or practices at broker-dealer firms other than Cantor Fitzgerald, "absent evidence that either RMBS investors or Demos was aware of them at the time." Gov.'s Memorandum of Law ("Gov.'s Memo.") (Doc. No. 141) at 1.

The government explains:

> [E]vidence concerning acts or events at broker-dealers other than Cantor Fitzgerald -- including admitted or alleged fraud by other firms' traders, or another firm's attempts to remediate or prevent fraud -- should be precluded under Rules 401 and 403 unless Demos can first establish that either investors similarly-situated to his victims [were or he was] aware of such fraud at the time of the charged scheme.

1

Id. at 2.  The government notes that it "does not seek to preclude evidence that others at Cantor made misrepresentations like Demos, which evidence the Second Circuit held in an analogous case could be probative of good faith."  Id. at 2 n.1 (citing United States v. Litvak, 808 F.3d 160, 190 (2d Cir. 2015)).

The court finds the government's argument unpersuasive because it does not account for the fact that, to establish materiality, the government must prove that a misrepresentation was material to a reasonable investor, which is an investor in the non-agency RMBS market.  Thus, this is an objective standard.

The court agrees with the defendant's point that "[s]howing that the type of misrepresentation at issue here was pervasive in the RMBS market -- in which the counterparties were sophisticated institutional investors -- makes it more likely that a reasonable investor in that market would have known about the practice and discounted such representations by traders accordingly."  Def.'s Opposition Memorandum ("Def.'s Opp.") (Doc. No. 198) at 2.  The fact that any such evidence which also falls within the limits the government seeks to establish might be more compelling does not mean evidence that does not has no probative value.

As noted by the defendant, "[e]vidence need not be conclusive in order to be relevant.  An incremental effect . . . is sufficient."  Id. (quoting United States v. Certified Environmental Servs., Inc., 753 F.3d 72, 90 (2d Cir. 2014)).  The court agrees that this evidence, even though it is -- like all of the other evidence relating to materiality -- circumstantial, has probative value and agrees with the defendant's analysis at pages 3 through 6 of his opposition as to why its probative value is not substantially outweighed by a danger of confusion of the issues, misleading the jury, creating undue delay, and/or wasting time.

It is so ordered.

Signed this 20th day of March, 2018, at Hartford, Connecticut.

                                                /s/ AWT
                                        Alvin W. Thompson
                                        United States District Judge