**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
                                :
v.                              :
                                :    No. 3:16-cr-220(AWT)
                                :
                                :
DAVID DEMOS                     :
                                :
------------------------------- x
```

## <u>ORDER RE DEFENDANT'S MOTION IN LIMINE (DOC. NO. 145)</u>
### (Inflammatory Characterizations of Conduct)

For the reasons set forth below, Defendant Demos's Motion in <u>Limine</u> to Preclude the Government from Making Inflammatory Characterizations of Demos's Conduct (Doc. No. 145) is hereby DENIED.

The defendant moves for an order precluding the government from making "inflammatory characterizations" of his conduct. He gives as examples: references to him lying or a requirement that he must speak truthfully.

"Statements designed to appeal to the jury's emotion or to 'inflame the passions or prejudices of the jury,' are improper." <u>United States v. Peterson</u>, 808 F.2d 969 (2d Cir. 1987) (quoting Criminal Justice Standards, Standard 3-5.8(c) (Am. Bar. Ass'n)).

Merriam Webster's Unabridged Dictionary defines a "lie" as: (a) "an assertion of something known or believed by the speaker to be untrue; a deliberate misrepresenting of fact with intent

to deceive," and (b) "an untrue or inaccurate statement that may or may not be believed true by the speaker."  *Lie*, Merriam Webster Unabridged Dictionary (2016), http://unabridged.merriam-webster.com/unabridged/lie.

It is undisputed that the defendant made misrepresentations of fact.  The dispute is over whether the misrepresentations were material.  Thus, the government will be accurate if it uses the term "lie" in referring to these misrepresentations.  So, unless the use of the word "lie," or some variation of it, is "accompanied by intemperate statements evincing either the purpose or the likelihood of appealing to the jury's emotions rather than to its reason," Peterson, 808 F.2d at 977, there is no a basis for an objection based on use of inflammatory language.

The defendant expresses a concern based on language used by the government in similar prosecutions.  One of the excerpts quoted by the defendant is the following: "[Mr. Litvak] wasn't happy with the amount of profits he was making on his RMBS bond trades.  So he lied to increase those profits.  That's not a negotiating tactic. That's a crime.  It's called securities fraud."  Defendant's Memorandum of Law (Doc. No. 146) at 1 (quoting Litvak Tr. 17-2, 1353).  The court is not aware of the context in which this statement was made but, looking at it in isolation, the court does have concern about a statement like

this because lying to increase profits does not constitute securities fraud.  More is required, and care must be taken so as not to mislead the jury as to the elements of the offenses charged here.

It is so ordered.

Signed this 20th day of March, 2018, at Hartford, Connecticut.


                                        /s/ AWT
                                 Alvin W. Thompson
                                 United States District Judge