**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
v.                              :   No. 3:16-cr-220(AWT)
                                :
                                :
DAVID DEMOS                     :
                                :
------------------------------- x
```

### RULING ON DEFENDANT'S MOTION IN LIMINE (DOC. NO. 149)
### (Hindsight Evidence from Counterparties)

For the reasons set forth below, Defendant Demos's Motion in Limine to Exclude Speculative "Hindsight" Evidence from Counterparties' Testimony (Doc. No. 149) is hereby DENIED.

The government plans to proffer "testimony from the actual investors about whether and how the misrepresented information affected their decisions." Gov.'s Opposition Memorandum (Doc. No. 183) at 3. The defendant argues that "[u]nder Federal Rules of Evidence 602 and 701, the Government may not elicit testimony from the counterparties about how information regarding Mr. Demos's misrepresentations, in hindsight, would have affected their decisions to enter the relevant transactions." Def.'s Memorandum of Law (Doc. No. 150) at 2.

Both parties discuss United States v. Cuti, 720 F.3d 453 (2d Cir. 2013), which is instructive. The defendant cites to Cuti for the proposition that "[t]he Second Circuit allows

1

'hindsight' testimony only if such testimony is 'based on undisputed . . . rules [that leave] little room for . . . speculation.'  Indeed, the Second Circuit allows the retroactive application of established rules, but it does not allow untethered speculation."  Def.'s Memorandum of Law at 5 (quoting United States v. Cuti, 720 F.3d 453, 458 (2d Cir. 2013)) (alterations in original).  However, although the witness's reasoning in Cuti was based on undisputed accounting rules, Cuti does not stand for the proposition that hindsight testimony is allowable only if it is based on undisputed rules.  In Cuti, the court noted that:

> In this case, the inference that Hallinan and Henry were asked to make in answering the hypothetical questions was limited by the factual foundation laid in earlier admitted testimony and exhibits, the factual nature of the hypotheticals, and the witnesses' reasoning, which was based on undisputed accounting rules.  These limitations left little room for the witnesses to engage in speculation and ensured that their testimony fell near the fact end of the fact-opinion spectrum.

Cuti, 720 F.3d at 458.  In Cuti, because the undisputed applicable accounting rules were explained in detail, the witness's reasoning satisfied the general requirement that "the reasoning process that the witnesses employed in answering the hypotheticals [be] straightforward and transparent to the jurors, who could readily discern whether the responses given were reliable."  Id.

The court agrees with the government that here, as explained in the government's opposition, its proposed method of examination closely tracks the methodology described in Cuti. Thus, the defendant's objection based on Federal Rule of Evidence 602 lacks merit.  As explained in Cuti,

> [P]ersonal knowledge of a fact "is not an absolute" to Rule 602's foundational requirement . . . . [A] witness may testify to the fact of what he did not know and how, if he had known that independently established fact, it would have affected his conduct or behavior.  As this case illustrates, "what-if-you-had-known" questions that present withheld facts to a witness are especially useful to elicit testimony about the impact of fraud.

Id. at 458-59.

The defendant's objection based on Federal Rule of Evidence 701 also lacks merit.  As was explained in Cuti,

> Cuti's Rule 701(a) objection is unpersuasive because, as discussed earlier, the witnesses were not testifying to the existence of facts, but simply acknowledging that knowledge of such facts, already admitted into evidence, would have caused them to alter their accounting treatment.  Their testimony was plainly helpful to the jury within the meaning of Rule 701(b).

Id. at 459.

While the defendant argues that Cuti is plainly distinguishable from the present case, it is not distinguishable in any material respect.  The general principles articulated there are equally applicable here.

3

It is so ordered.

Signed this 20th day of March, 2018, at Hartford, Connecticut.

                                      /s/ AWT
                                  Alvin W. Thompson
                                United States District Judge