**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
                               :
UNITED STATES OF AMERICA       :
                               :
                               :
v.                             :    No. 3:16-cr-220(AWT)
                               :
                               :
DAVID DEMOS                    :
                               :
------------------------------ x
```

## ORDER RE DEFENDANT'S MOTION IN LIMINE (DOC. NO. 151)
### (Reference to Def. as an Agent or as Having a Fiduciary Duty)

For the reasons set forth below, Defendant Demos's Motion in Limine to Exclude Evidence and Argument Referring to Demos as an Agent or that Demos Had a Fiduciary Duty to the Counterparties (Doc. No. 151) is hereby GRANTED, in part, and DENIED, in part, as explained below.

### I.   Reference to the Defendant as Agent or Fiduciary

The parties agree that, as a factual matter, the defendant was not the agent or fiduciary of the counterparties, and the government represents that it has no intention to introduce evidence or argument to the contrary.  See Gov.'s Opposition Memorandum ("Gov.'s Opp.") (Doc. No. 184) at 1.

Therefore, the motion is being **granted**, absent objection, as to this point.

1

## II.   The Terms "Broker" and "Commission"

The defendant sets forth the distinction between a "broker" and a "dealer," and applies it to this case as follows:

> Under federal securities law, a "broker" is defined as "any person engaged in the business of effecting transactions in securities for the account of others." In contrast, a "dealer" is "any person engaged in the business of buying and selling securities . . . for such person's own account through a broker or otherwise."

Def.'s Memorandum of Law (Doc. No. 152) at 4 (first quoting 15 U.S.C. § 78c(a)(4)(A); and then quoting 15 U.S.C. § 78c(a)(5)(A)) (omission in original).  Here, the defendant traded in the RMBS market for the account of his employer, Cantor Fitzgerald, and, therefore, acted on behalf of a "dealer" trading for its own account rather than on behalf of a "broker" acting on behalf of others.

With respect to the use of the term "commissions," the defendant explains the facts here as follows: "By acting as a 'dealer' (buying and selling for its own account) rather than a 'broker' (buying and selling for the account of someone else), Cantor Fitzgerald earned profits through spreads, and not commissions."  Def.'s Memorandum of Law at 6 (citing SIFMA, Best Execution Guidelines for Fixed Income Securities, at 8-9 (Sept. 2008) ("Dealers . . . make a profit through a 'spread,' the difference between the issuer's fixed-income security price and

the marked-up price offered to buyers . . . or the difference between the quoted bid and ask prices.")).

The defendant argues that permitting the government to refer to him as a "broker" when he was not will serve to mislead the jury and, ultimately, prejudice him because the jury will likely be familiar with brokers, from their everyday life, with whom they have an agency relationship. Similarly, the defendant argues that because the term "commission" has a common meaning, the jury could improperly infer that some duty of agency or quasi-agency was owed by the defendant to the counterparties.

The government contends that the terms "broker" and "commissions" are commonly used in the industry, and the defendant has not shown that using these terms will mislead or confuse the jury. It argues further that "an order excluding these terms from the trial would require the witnesses to alter their natural testimony, the parties to police their vocabulary, and even alterations to the documentary evidence, simply to avoid words that a typical person does not understand to imply any legal connotation." Gov.'s Opp. at 4-5. The government asserts that the court can "easily address any concern about the jury's prior experiences or understanding of 'brokers' and 'commissions' in voir dire or with an appropriate instruction." Id. at 7.

While it appears to be true that at least some people in the industry use the term "broker" when the accurate term is "dealer" or "trader," and use the term "commissions" when the accurate term is "profit" or "spread," the court concludes that there is a risk of unfair prejudice to the defendant if counsel and expert witnesses use terminology that is not accurate. Jurors may be familiar with brokers and the concept of commissions in their own affairs and associate those terms with an agency relationship, and the court sees no utility in allowing counsel and expert witnesses to use inaccurate terminology and then trying to remedy that situation by giving the jurors an instruction.  Therefore, counsel and expert witnesses will not be permitted to use the terms "broker" and "commission" when discussing the defendant's trading activity.

This order is not being extended to non-expert witnesses, however, because the court concludes it would be too difficult for them to alter their natural testimony, given the usage of these terms in the industry and, it appears, in documentary evidence.  However, the court will rely on counsel to frame questions properly and to develop testimony so that the jury is not misled.

Therefore, the motion is being **granted in part** and **denied in part** as to this point.

### III. The Terms "Facilitator," "Middleman," "Matchmaker," "Intermediary" and "Go-Between"

The defendant argues that the government would be using inaccurate and misleading terms if it uses any of the following terms: "facilitator," "middleman," "matchmaker," "intermediary," and "go-between."

Under the government's theory of the case, rather than holding himself out to be the counterparties' competitor, the defendant claimed to be functioning as an "intermediary" between the buyer and seller; the government also uses the words "go-between," "facilitator," "middleman" and "matchmaker" for that function.  The court agrees that none of these terms carries an unfairly prejudicial implication of an agency relationship or fiduciary duties.

Because these terms accurately describe the government's theory as to the defendant's role in negotiating with counterparties, use of such terms is relevant to the jury's understanding of the market and the alleged securities fraud. Also, the court concludes that use of such terms is not unfairly prejudicial to the defendant.  Consequently, the government and its witnesses will be allowed to use the terms: "facilitator," "middleman," "matchmaker," "intermediary," and "go-between." Therefore, the motion is being **denied** as to this point.

## IV.   Victim Testimony About Perceiving the Defendant as Functioning as an Agent or Fiduciary

The government represents that it has no present intention to "introduce victim testimony that they perceived Demos to be functioning in the capacity of an agent or fiduciary."  Gov.'s Opp. at 3.  Therefore, the motion is being **granted**, absent objection, as to this point.

The court notes that there was a discussion with counsel at oral argument concerning footnote 1 in the government's opposition, which makes reference to a defense expert opening the door to testimony in this area.  The court has advised counsel that if either side believes the other has opened the door to testimony in this area, it will notify the court immediately.

## V.   "Suggestions" to the Jury of an Agency Relationship

As to this point, the motion is being **granted** to the extent it seeks to prohibit the government from drawing an analogy from something that, as a matter of law, is a false analogy.

It is so ordered.

Signed this 20th day of March, 2018, at Hartford, Connecticut.


                              /s/ AWT
                              Alvin W. Thompson
                              United States District Judge


6