UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | March 20, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOS'S
MOTION FOR PRE- TRIAL RETURN OF DOCUMENTS
UNDER RULE 17(C)(l) TO CANTOR**

Mr. Demos respectfully submits this memorandum of law in support of his Motion requesting the Court to issue a subpoena to Cantor Fitzgerald ("Cantor"), pursuant to Federal Rule of Criminal Procedure 17(c)(l), which provides for the pre-trial production of documents. The subpoena bears a return date of March 30, 2018, which is in advance of trial. A copy of the subpoena is attached to the Motion for Pre-Trial Return of Documents as **Exhibit A**.

The requested materials easily satisfy the requirements under *United States v. Nixon*. *First,* the requested materials include communications and documents that will provide evidence concerning the hotly contested element of the offenses charged: materiality. The materials sought will directly contradict the Government's contention that misrepresentations were not commonplace in the RMBS market, will demonstrate that the reasonable RMBS trader was aware that the market was rife with misrepresentations during this period, and will provide relevant information about the charged transactions that the Government intends to use as evidence against Mr. Demos. Moreover, the materials will demonstrate that Cantor was utilizing specific methods to supervise and monitor Cantor employees that failed to detect the same market conduct alleged to be unlawful by the Government. Additionally, the materials

will show Cantor's response to its employees misrepresented price information. *Second*, the materials are expected to be admissible as business records because they are communications which Cantor is required to maintain. *Third*, the requests are specific because the requests seek (1) documents which reflect numerous disclaimers that Cantor used on its communications, and (2) communications of a list of specific transactions by Cantor and/or their agents, that are limited by either (a) bond and trade date, or (b) person and date. These requests are made in good faith, and are necessary for Mr. Demos's trial preparation.

## BACKGROUND

The Superseding Indictment alleges that Defendant Demos committed securities fraud by making "materially false and fraudulent misrepresentations and omissions" in the course of negotiations with professional investment managers and hedge funds, for the purpose of taking "secret and unearned compensation." *See Superseding Indictment* at ¶ 16.

## ARGUMENT

**I.    The Standard for Evaluating Rule 17(c) Subpoenas**

"A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence." Fed. R. Crim. P. 17(c)(1); *see United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1984) (discussing that Rule 17 enables a party to obtain and inspect evidentiary material prior to trial). Moreover, Rule 17 of the Federal Rules of Criminal Procedure establishes "a liberal policy for the production, inspection and use" of evidentiary materials in federal criminal cases. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

An order for pre-trial production of documents is appropriate if the party requesting the materials establishes that the documents sought are (1) relevant, (2) potentially admissible, and (3) specific. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Moreover, underlying considerations include: "(1) [whether] the documents are evidentiary and relevant; (2) [whether] they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) [whether] the party cannot properly prepare for trial without such production … and [whether] the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) [whether] the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Ferguson*, No. 06-CR-137, 2007 WL 2815068, at *2 (quoting *Nixon*, 418 U.S. at 699).

## II. The Basis for Mr. Demos's Requests for Cantor's Documents and Communications

Mr. Demos worked at Cantor for the entire period that is the focus of the Indictment. He traded subordinate or mezzanine Residential Mortgage Backed Securities ("RMBS"), extremely risk tolerant investors, in the highly specialized RMBS market. Mr. Demos is charged with providing pricing misinformation during negotiations for arms-length transactions. This kind of information is routinely misrepresented in RMBS transactions and often investors in the RMBS market regarded this kind of information with serious skepticism. Mr. Demos worked under the supervision of Cantor senior experienced personnel, and the Cantor Compliance Department. Finally, Cantor was obliged under FINRA Rules to review trades similar to Mr. Demos's trades and in fact did review these trades.

The materials requested include the communications of Cantor and/or its agents that will reflect Cantor's compliance procedures relative to the market conduct alleged by the Government to be unlawful, as well as the disclaimers that Cantor placed in its communications. The requests readily meet the Rule 17(c)(1) standard.

> *a. The Materials are Relevant Because They Relate to the Offenses Charged in the Indictment*

For purposes of Rule 17(c)(1), the relevance test is satisfied if there is a "rational inference that at least part of the [materials] relate to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. The Government alleges that Mr. Demos made misrepresentations to counterparties during the negotiations for specific RMBS transactions. The Government must prove four elements to establish that Mr. Demos violated securities laws. One element is that the alleged misrepresentations were material to the counterparties. The standard for materiality is objective and based on whether the alleged misrepresentations significantly altered the total mix of information on which the counterparties made their investment decision to buy or sell a RMBS bond.

Here, the requested materials will directly address the elements of materiality. Specifically, Mr. Demos reasonably believed that the negotiation strategies and tactics he used were known to his superiors at Cantor, and in Cantor's Compliance Department, and that his employer did not object to this specific market conduct. Moreover, the disclaimers requested will reflect that Cantor treated prices and data contained within communications as subject to change. Moreover, the disclaimers utilized by Cantor will reflect what information the counterparties had at the time they made their investment decision, as the disclaimers were located within Cantor communications.  Therefore, the materials requested will reflect Mr. Demos's good faith.

Moreover, Mr. Demos seeks these materials to show that the market conduct at issue here was ubiquitous and the market, including his employer Cantor, viewed this market conduct as immaterial. The materials requested will reflect that the market conduct at issue was immaterial to Cantor because after reviewing several specific transactions, including

4

trade tickets and communications, Cantor determined there was nothing "much of interest." Indeed, Cantor is obliged, as a FINRA entity, to review the trading activity of its traders, and Cantor's did in fact review several specific transactions of both Mr. Demos's and other Cantor employees. The requested materials include communications of transactions that were reviewed by Cantor, and disclaimers that Cantor placed on its communications.

Therefore, Mr. Demos's requests satisfy the first requirement of *Nixon* because there is a "rational inference that at least part of the [materials] relate to the offenses charge in the indictment." *Nixon*, 418 U.S. at 700.

      b. *The Materials Are Admissible Because They Very Likely Fall Within the Exception to Hearsay for Business Records*

The requested materials are made and kept in the ordinary course of business and therefore would likely easily satisfy the business records exception to the hearsay rule. *See, e.g., United States v. Nachamie*, 91 F. Supp. 2d 552, 564 (S.D.N.Y. 2000) ("Because the documents primarily seek business records, they are at this early stage likely to be admissible at trial."). Indeed, the materials sought were made by Cantor employees in the regular course of Cantor's business, at the time of the acts, transactions, occurrences, or events recorded therein, or within a reasonable time thereafter. Moreover, the materials will show correspondence between Cantor and its agents and the counterparties they transacted with and would therefore be maintained as a regular course of Cantor's business activities, and kept in the course of such activities. Therefore, because the requests primarily seek business records, they should satisfy the business records exception to hearsay, and are admissible.

      c. *The Materials Are Known to a High Degree of Likelihood to be Maintained by the Parties To Be Subpoenaed*

Mr. Demos requests meet the third part of the *Nixon* test, requiring reasonable specificity

5

with respect to the materials sought, because the requests are specific to RMBS bond transactions that Cantor reviewed, and disclaimers that Cantor utilized on its communications. Indeed, the information requested is sourced from two packages of trades that Cantor specifically reviewed for the market conduct at issue in Mr. Demos's Indictment. Moreover, the communications specifically focus on the communications of employees of Cantor that executed the reviewed trades. The requests for communications are limited by either (1) trade date and RMBS bond, or (2) date and employee, therefore making them reasonably specific. The requests for disclaimers are specifically non-duplicative to represent the disclaimer in use during the years specified.

### III. The Materials Are Not Otherwise Available, Mr. Demos Cannot Properly Prepare for Trial Without Them, and the Requests are Made in Good Faith and not a "Fishing Expedition"

Here, pre-trial production of the requested materials is appropriate. First, Mr. Demos has no reasonable means to obtain these materials but through a subpoena because as business records, these materials are maintained as confidential records by Cantor. Second, Mr. Demos cannot properly prepare for trial without the production of the above described communications. Indeed, to properly prepare for trial, Mr. Demos will need sufficient time to review and assess the materials requested. In other words, Mr. Demos does not expect that the production will be voluminous, but does anticipate that production of these materials will produce dense information that will necessarily require close and careful analysis. Third, the requests are made in good faith and do not represent a general fishing expedition, because Mr. Demos has a good faith basis to believe that the communications requested show that Cantor employees utilized the same market conduct, as is alleged against him to be unlawful. Moreover, Mr. Demos has a good faith basis to believe that Cantor uses disclaimers on Cantor's communications. Finally, the requests are not overbroad, as they seek specific communications that Mr. Demos has good faith basis to believe exists, and

6

will reveal evidence that will be of consequence to a determination in this case.

## **CONCLUSION**

For the above reasons, we respectfully request that the Court issue the Rule 17(c) subpoena to Cantor and order the production of the requested documents pre-trial.

                    Respectfully submitted,

                    DAVID DEMOS

By:   */s/ George Leontire*

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Felicia L. Carboni (phv09485)
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
felicia@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

– and –

Michael L. Chambers, Jr. (ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103

(860)231-9535
chamberslegalservices@gmail.com

His Attorneys

## CERTIFICATION OF SERVICE

    I hereby certify that on this date a copy of the foregoing **Memorandum of Law** will be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

*/s/ George Leontire*
George Leontire