```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :      No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x

### ORDER RE GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 139)
### (Blaming the Victims)

For the reasons set forth below, Government's Motion <u>in Limine</u> to Preclude Evidence or Argument Blaming Victims (Doc. No. 139) is hereby GRANTED.

The government will introduce testimony from the alleged victims that the misstatements at issue were material to them it will seek to prove that these alleged victims were representative of a "reasonable investor," which is an investor in the RMBS market.

In his opposition, the defendant sets forth two ways in which he intends to rebut the government's evidence and arguments regarding materiality. The government does not dispute the appropriateness of the second way, <u>i.e.</u>, cross-examination of the alleged victims as to what they did and did not do in connection with their investment decisions. <u>See</u>

Defendant's Opposition Memorandum ("Def.'s Opp.") (Doc. No. 196) at 5-6.

As to the first way, the government contends that "having an expert testify that counterparties who relied on Demos's representations were unreasonable and in breach of their fiduciary duty, would impermissibly blame the victims, instruct the jury on how to decide a disputed issue and attack the credibility of the victim-witnesses." Government's Reply Memorandum (Doc. No. 208) at 1.

The defendant states that what he seeks to do with his experts is as follows:

> Mr. Demos's experts, such as Dr. Fabozzi, must be able to testify as to the investment decision-making approach of a reasonable investor in the market, including what a reasonable investor would have done in determining what price to agree to pay for any particular bond. This includes, among other things, that a reasonable investor would not be reasonable to rely on Mr. Demos's statements without independently verifying the provided information, that it would be a breach of the counterparties' fiduciary duties to their own investors to rely on Mr. Demos's representations alone, and that a reasonable investor would have known that all trading with Mr. Demos was done strictly on a principal-to-principal basis.

Def.'s Opp. at 5.

The court has issued an order with respect to Government's Motion in Limine Regarding Defendant's Expert Witnesses (Doc. No. 140). See Order re Government's Motion in Limine Regarding Defendant's Expert Witnesses (Doc. No. 271). In that order, the

court concluded that Fabozzi should not be permitted to "define a 'reasonable investor' or state that the victims were unreasonable and breached their fiduciary duties by believing Demos's misrepresentations." Government's Motion in Limine Regarding Defendant's Expert Witness (Doc. No. 140). Accordingly, the instant motion is likewise being granted.

It is so ordered.

Signed this 22nd day of March, 2018, at Hartford, Connecticut.

                                                 /s/ AWT
                                       Alvin W. Thompson
                                       United States District Judge