UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | March 22, 2018 |

**<u>DEFENDANT DEMOS'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT UNCHARGED TRADES AS "OTHER CRIMES" EVIDENCE UNDER F.R.E. 404(B)</u>**

Mr. Demos respectfully submits this memorandum of law in opposition to the Government's Motion to Admit Uncharged Trades As "Other Crimes" Evidence Under F.R.E. 404(B). *See* Mot. to Admit Uncharged Trades as "Other Crimes" Evidence Under F.R.E. 404(B) (ECF 248) (hereinafter "Govt. Mot.").

*First*, evidence of uncharged trades must be excluded from Mr. Demos's trial because the Government has failed to meet the Federal Rule of Evidence 404(b) standard. The Government argues there are five proper purposes to admit evidence of uncharged trades, that it sprinkles in its "brief description[s] of each uncharged trade," in an attempt to distract from the Government's inability to meet the actual standard for Rule 404(b) evidence. The Government argues that the uncharged trades will establish Mr. Demos's motive, opportunity, intent, knowledge, absence of mistake and materiality. The last ground the Government asserts is completely made up. There is no authority that includes "materiality" as a ground for the admission of 404(b) evidence. As regards. The remaining grounds are inapposite to the facts of the instant matter and do not justify the admission of the uncharged trades.

*Second,* this Court should deny the Government's Motion to admit uncharged trades as Rule 404(b) evidence because the Government failed to meet the Scheduling Order of this Court after its legal theory regarding the admissibility of uncharged trades collapsed. Scheduling orders are a common feature of securities fraud prosecutions and allow the parties to organize potential legal arguments and the complexity of available information. This case specifically has been managed by a scheduling order for over a year and a half, and the parties have relied upon the scheduling order to develop trial strategy and facilitate discovery. It would be manifestly unfair to ignore the Scheduling Order at this late stage, because the Government failed to pursue the admission of evidence of uncharged trades pursuant to Rule 404(b) when it had the opportunity to do so.

## PROCEDURAL BACKGROUND

Mr. Demos was indicted on December 7, 2016 (ECF 1). Thereafter, the Court solicited input from both parties regarding an appropriate schedule, at which time the Government pressed for an early trial. *See, e.g., United States v. Demos*, 3:16-CR-220 (AWT), Minute Entry Proceedings (ECF 20); *United States v. Demos*, 3:16-CR-220 (AWT), Govt. Mot. to Adopt Proposed Trial Schedule, Jan., 9, 2017 (ECF 24) (requesting Jury Selection to start October 10, 2017 and Trial as scheduled by the Court).

On February 1, 2017, after having heard from both parties, the Court entered a carefully crafted Scheduling Order. *United States v. Demos*, 3:16-CR-220 (AWT), Scheduling Order, at 1 (ECF 29). The order called for the Government to provide notice of 404(b) evidence on March 1, 2017. *Id.* Moreover, it required Mr. Demos to file Group I motions on March 3, 3017, a deadline to which Mr. Demos adhered to. *See, e.g.,* Def. Mem. in Supp. of Grp. I Mots. at 2. (ECF 44). In

this filing, Mr. Demos pointed out that the Government failed to meet their March 1, 2017 deadline for providing 404(b) notice. *Id.* at 3.

In response to Mr. Demos's filing, on March 6, 2017, the Government wrote counsel for Mr. Demos and stated that it did not plan to offer 404(b) evidence, but would offer unspecified uncharged conduct as part of the scheme charged in the indictment. *See* Def. Mem. in Supp. of Grp. I Mots., Exhibit A, at 1 (ECF 59-1), Email from AUSA Heather Cherry to Counsel for Mr. Demos (Mar. 6, 2017, 1:04PM) ("To eliminate any ambiguity, this email provides notice that the Government does not currently intend to offer any 404(b) evidence in its case-in-chief against the Defendant."). The Government indicated that they would seek to introduce uncharged trades "as part of the charged scheme to defraud." *Id.*

On November 27, 2017, the Government moved to modify the Court's Scheduling Order to extend witness and exhibit list deadlines from December 1, 2017 to December 15, 2017. *See* Govt. Mot. to Modify Modified Scheduling Order, Nov. 27, 2017, at 1. (ECF 111). Over objection, the Court granted the Government's motion to extend witness and exhibit list deadlines, and ordered the extension for Mr. Demos's analogous deadlines. *United States v. Demos*, 3:16-CR-220 (AWT), Order to Modify Modified Scheduling Order, Nov. 30, 2017 (ECF 112).

On December 15, 2017, pursuant to the Modified Scheduling Order of this Court both Mr. Demos and the Government transmitted their respective exhibit and witness lists. The Government's exhibit list consisted of 95 exhibits. Govt. Exhibit List, Dec. 15, 2017. Forty-eight of the exhibits on the Government's list of proposed exhibits related only to the uncharged trades. *Id.* at 3-5 (listing Government Exhibits GX 700 to GX 775). Thereafter, on January 8, 2018, the Government transmitted to Counsel for Mr. Demos an updated Exhibit list containing ninety-four

exhibits, again including forty-eight that exclusively related to the uncharged trades. Govt. Exhibit List, Jan. 8, 2018.

On March 12, 2018, this Court held a hearing on Mr. Demos Motion to Disclose Grand Jury Legal Instructions and both the Government's and Mr. Demos's Motions *in Limine*. (ECF 241). As related to the instant Motion, this Court heard argument on Mr. Demos Motion *in Limine* to exclude evidence and argument related to uncharged trades. *See* Def. Mot. to Exclude Evid. and Arg. Related to Uncharged Trades, Jan. 12, 2018 (ECF 143); Mem in Supp., Jan. 12, 2018 (ECF 144). Mr. Demos's Motion and Memorandum of Law made several arguments, including addressing the Government's inability to qualify uncharged trades as within the exceptions outlined in *United States v. Gonzalez*, 110 F.3d 936 (2d Cir. 1997); and that evidence of uncharged trades cannot satisfy the admissibility test under Rule 404(b). *Id.*

During the March 12, 2018 hearing, Counsel for Mr. Demos stated that "the reason that there are limits on 404(b) evidence is, as courts have said, this circuit and every other federal jurisdiction have said, that the problem with 404(b) evidence is that it is too probative. It is so compelling that jurors will look not to the charged conduct, but there is an undue risk that they will convict on the uncharged conduct. So courts limit 404(b) very tightly." *United States v. Demos*, 3:16-CR-220 (AWT) Mots Hearing Tr. at 76. The Government stated during arguments on this Motion that "[it] would ask these uncharged trades are important to our case, as I'm sure you're aware, Your Honor. And the government would just ask if you're leaning towards not allowing it in under 404(b) that you give us an opportunity to brief that." *Id.* at 87. The Court responded that ". . . you all should start writing your submissions. I'm inclined to do that." *Id.*

Indeed, Mr. Demos's Memorandum of Law, submitted for the March 12, 2018 hearing, specifically briefed this Court on the 404(b) issue and argued that evidence of uncharged trades

cannot satisfy the admissibility test under Federal Rule of Evidence 404(b). Mem in Supp., Jan. 12, 2018, at 9-14 (ECF 144) (briefing this Court on the 404(b) analysis addressing the (1) lack of proper purpose; (2) lack of relevancy; and (3) danger of unfair prejudice to Mr. Demos substantially outweighing any probative value of evidence of uncharged trades).

The Government also made reference to Rule 404(b), in its Opposition submitted for the March 12, 2018 hearing, however, it was devoid of legal argument, reasoning, and analysis and was limited to a blanket recitation of the standard for admissibility of 404(b) evidence, in a footnote. Govt. Opp. to Def. Mot. to Exclude Evid. and Arg. Related to Uncharged Trades, Feb., 2, 2018, at 4, fn. 2 (ECF 189) ("Even if this Court were to consider the uncharged trades "other crimes" under Rule 404(b), the evidence should still be admissible to prove Demos's motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake. In addition, under Rule 404(b)(2)(A), the Government has given Demos the requisite "reasonable notice" of the "general nature" of the evidence.").

On March 19, 2018, this Court entered its Order on Mr. Demos's Motion to Exclude Uncharged Trades. *See* Order Re Def. Mot. in Limine (Doc. No. 143) (Uncharged Trades), Mar. 19, 2018, at 1, 4 (ECF 245) (granting Mr. Demos Motion in part, because "[t]he Government has not demonstrated how any of the uncharged trades at issue is part of the same transaction or a series of transactions with respect to any of the six charged offenses, nor how it is inextricably intertwined with the evidence regarding any of those six charged offenses"). In so ruling, this Court provided leave for the Government and Mr. Demos to brief on the issue of "whether uncharged trades are admissible as for 404(b) evidence." *Id.* at 5.

Thereafter, the Government filed its briefing on this issue. *See, e.g.,* Govt. Mot. to Admit Uncharged Trades As "Other Crimes" Evid. Under F.R.E. 404(B). (ECF 248).

5

## EVIDENCE AND TESTIMONY OF UNCHARGED TRADES

The eight uncharged trades that are the subject of Mr. Demos's original Motion to Exclude, and the Government's instant Motion to Admit, consists of **_over half the exhibits_** the Government intends to enter in Mr. Demos's trial. Moreover, the Government intends to call **_eight witnesses_** who only are connected to uncharged trades (out of fourteen witnesses -- not counting the 14 Cantor employees, or 6 Government Agents listed), and **_four representatives_** or custodians of records of entities that are only connected to uncharged trades.[1] As a practical matter, litigating these uncharged trades, at trial, will double the length of the proceedings and result in a "trial within a trial," which will prejudice and confuse the jury.

On December 15, 2017, the Government transmitted its preliminary witness list. The Government's witness list includes thirty-four[2] specifically identified witnesses, and not-named "representative[s] or custodian[s]" of nineteen specifically identified entities. **Exhibit A**, Govt. Witness List, Dec. 15, 2017. Four of the nineteen entities listed that the Government intends to call a representative of or custodian of records for, are solely connected to the uncharged trades, and *four* additional entities are not counterparties on either charged or uncharged trades for either principal-to-principal transaction. *Id.* at 2. The list includes *eight* specifically named witnesses that are only connected to the uncharged trades the Government seeks to have admitted. *Id.* (listing

---

[1] Though the Government indicates that eight uncharged trades will be proffered into evidence, each of the eight uncharged trades includes evidence of two separate principal-to-principal transactions. For example, the Government's first uncharged trade of the HVMLT 2005-9 B3 bond was purchased by Cantor from Citigroup Global and then separately purchased by Marathon Asset Management from Cantor. Each of the uncharged trades follow this pattern and include evidence of two separate principal-to-principal transactions.

[2] *Fourteen* of the listed witnesses are or were Cantor employees. *See* **Exhibit B**, at 1-2 (listing Bill Biggart, James Bond, Eri Furukawa, Mike Gallagher, Matthew Mancuso, Kiran Manda, Shawn Mattews, Benjamin Melnicki, Randee Paston, Chris Paternoster, Sheila Raju, Danny Rueda, George Smith, and Kai Zhu). *Six* of the listed witnesses are Government agents for either SIGTARP, the Federal Bureau of Investigation, FHFA, or the United States Attorney's Office.

Leland Abrams, George Konaris, Huiyang Li, David Liu, Raymond McGarrigal, Dhruv Mohindra, Andrew Ulmer, and Andrew Watts). *Id.* at 1-2.

On March 19, 2018, the Government transmitted to Counsel for Mr. Demos an updated Exhibit list. The Government's exhibit list consists of 107 exhibits. **Exhibit B**, Govt. Exhibit List, Mar. 19, 2017. There are *thirty-seven* exhibits related to the charged trades. *Id.* 1-3. The Government's updated list increased the number of exhibits related solely to the uncharged trades from forty-eight to *fifty-six*. *Id.* at 3-5. The additional exhibits are MBS P&L MEZZ Book Spreadsheets, of which one relates to each uncharged trade the Government seeks to offer into evidence. *Id.* For each uncharged trade, the Government listed several proposed Exhibits. For example, on the first uncharged trade, the HVMLT 2005-9 B3 (CUSIP: 41161PSX2), the Government proposes introduction of (1) broker-dealer Cantor's buy ticket; (2) broker-dealer Cantor's sell ticket; (3) Bloomberg chats between employees of the counterparty Citigroup Global and broker-dealer Cantor; (4) Bloomberg chats between employees of the counterparty Marathon Asset Management and broker-dealer Cantor; (5) Electronic Message amongst broker-dealer Cantor employees; (6) another Electronic Message amongst broker-dealer Cantor employees; (7) Electronic Message of broker-dealer Cantor employee's transmission of the VCON Trade Ticket; and (8) a MBS P&L MEZZ Book Spreadsheet. *Id.* at 3.

The evidence the Government proposes can be categorized into five separate groups, as follows: (1) Trade Tickets; (2) VCON Tickets; (3) Internal Cantor Chats and/or Emails; (4) External Chats between employees of the broker-dealer Cantor and the counterparty; and (5) Internal Cantor profit and loss spreadsheets. The Government's Exhibit List indicates that it intends to present the uncharged trades with the same categories of evidence as the six charged counts of securities fraud.

**ARGUMENT**

I.  **The Government Fails to Meet the 404(b) Standard and Therefore its Motion Must be Denied**

Evidence of uncharged trades must be excluded from Mr. Demos's trial because the Government has failed to meet the Federal Rule of Evidence 404(b) standard.

   a.  **The Legal Standard for 404(b) Propensity Evidence**

Federal Rule of Evidence 404(b) requires the exclusion of propensity evidence used to show action and conformity therewith. Fed. R. of Evid. 404(b). The Rule is designed to address a particular evidentiary problem, guarding against the presentation of prior acts solely to prove bad character, because a long history of experience has consistently shown that this type of evidence is of negligible value, inflicting more unfair prejudice than revealing helpful truths. *See Huddleston v. United States,* 485 U.S. 681, 687-89 (1988); *Michelson v. United States,* 335 U.S. 469, 475-76 (1948). Indeed, the overriding policy that supports exclusion of Rule 404(b) evidence is "the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Michelson*, 335 U.S. at 476.

In the instant Motion, the Government, as proponent of the fifty-six exhibits illustrating the eight uncharged trades, has the burden of articulating the proper purpose of this evidence in order to seek its introduction into evidence, under Rule 404(b). *See Huddleston v. United States*, 485 U.S. 681, 691(1988); *see also United States v. Ramirez,* 894 F.2d 565 (2d Cir. 1990) (discussing the *Huddleston* test).

Specifically, under Rule 404(b) evidence of the eight uncharged trades can only be admissible if the Government has demonstrated (1) it is introducing the evidence for a proper purpose; (2) the evidence is relevant to the six charged counts of securities fraud; (3) that the prejudicial effect does not substantially outweigh its probative value. *Id.* The Court, in its analysis,

must also consider (4) if requested, the admittance of evidence with a limiting instruction to the Jury. *Ramirez*, 894 F.2d 568 (discussing that the District Court must ensure that the evidence meets this four-part test). In order to establish that a reason supports admitting propensity evidence the Defendant must put the issue in dispute. *See United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002); *United States v. Scott*, 677 F.3d 72, 81 (2d Cir. 2012) ("evidence admitted under 404(b) must be relevant to an issue *in dispute*") (emphasis in original).

### b. The Government Failed to Identify Any Proper Purpose to Admit the Inadmissible Propensity Evidence of Uncharged Trades

The Government argues there are five proper purposes to admit evidence of uncharged trades, which it sprinkled throughout its "brief description[s] of each uncharged trade." Govt. Mot. at 6. Specifically, the Government argues that the evidence will establish Mr. Demos's motive, opportunity, intent, knowledge, and absence of mistake[3]. *Id.* at 6. Inasmuch of none of the foregoing represent a genuine and material issue, the Government's motion fails on its own terms. Moreover, the Government also argues that materiality is a proper purpose to admit propensity evidence of the eight uncharged trades. *Id.* The Government cites no authority for adding "materiality" as a ground for admitting uncharged misconduct. This comes as no surprise; no authority exists. Mr. Demos urges the Court to disregard any argument that materiality is a proper basis for admission of uncharged trades.

### i. Opportunity & Motive are not Proper Purposes

---

[3] Again, the Government provided no argument, reasoning, or explanation of how "absence of mistake" is a proper purpose to admit uncharged trades, and therefore evidence of uncharged trades cannot be admitted pursuant to "absence of mistake." The Government's only reference to absence of mistake is in its blanket introductory sentence. Govt. Mot. at 6 ("To help demonstrate the ways in which this evidence tends to establish Demos's motive, opportunity, intent, knowledge, and absence of mistake—as well as materiality—what follows is a brief description of each uncharged trade.")

9

The Government argues that first (HVMLT 2005-9), second (FFML 2006-FFA), fourth (GSAMP 2006-S3), and fifth (BSMF 2006-SL1) trades are offered for the proper purpose of opportunity. However, the Government's argument is meritless, because opportunity is not at issue in the instant case. For example, the Government argues that "[the trade] is probative of Demos's opportunity for making misrepresentations, insofar as it demonstrates that he can take advantage of the informational imbalance and relationship between himself and his victim." Govt. Mot. at 7. This is nonsensical. There is no genuine and material issue in the instant matter regarding Demos's opportunity to engage in the conduct the Government alleges to be criminal. There is no case, in any jurisdiction, that has ever stood for the proposition that the Government avers to retrofit "opportunity" into a case where opportunity simply is not in issue. Mr. Demos does not contest that he had the opportunity to engage in the charged conduct. Therefore, as Mr. Demos does not place "opportunity" in issue—it is an improper purpose to admit Rule 404(b) evidence.

For the same reasons, the Government's argument that evidence of the uncharged trades are probative of Mr. Demos's motive is also meritless. The Government argues that evidence of the first trade (HVMLT 2005-9) and second trade (FFML 2006-FFA) uncharged trades are probative of Mr. Demos's motive. *See* Govt. Mot. at 8-9. Mr. Demos does not contest that he had a motive to increase his profits in principal-to-principal transactions, and therefore it is an improper purpose to admit Rule 404(b) evidence.

### ii. Intent & Knowledge are not Proper Purposes

Intent is unavailable as a proper purpose for the Government to introduce prejudicial propensity evidence because intent is not at issue in this case. Indeed, the Government uses intent for each of the eight uncharged trades arguing that it is a proper purpose. *Id.* at 6-17. Mr. Demos does not dispute that he possessed the intent to misrepresent acquisition prices in the charged

10

trades. It is axiomatic in this area of law that intent – event fraudulent intent – alone is not sufficient for criminal liability to attach. Something additional is required; to wit, the sole question for the jury is an objective one. The factfinder must determine whether the misrepresentation was material, as defined by whether a reasonable investor in this peer-to-peer market would rely on representations of acquisition prices.

Knowledge is equally unavailable. Though the Government's motion makes summary, epithetical claims with respect to both intent and knowledge, knowledge is only relevant under one of two theories. Knowledge sometimes is a part of the mens rea required to prove a crime. *See, e.g.*, *United States v. Anderson*, 747 F.3d 51, 61 (2d Cir. 2014); *United States v. Walia*, No. 14-CR-213 MKB, 2014 WL 3734522, at *1 (E.D.N.Y. July 25, 2014) (discussing that under the Controlled Substances Act the Government must prove that a Defendant knew that the substance at issue was a "controlled substance"). In the instant securities case, knowledge is not an element of the crime. The second and only other theory by which the Government can seek to admit knowledge under a 404(b) theory to argue is that some past knowledge is relevant to explain current knowledge. This theory is inapposite given the elements of the charged crime. Mr. Demos concedes intent. There is nothing more here for the Government to prove. Materiality is the contested issue. But, materiality is an objective determination that turns not on the defendant's knowledge, but on a reasonable investor's behavior. Knowledge is unavailable to the Government as a theory of admissibility.

The Government woefully misapprehends "mens rea" and "criminal" intent as argued previously by Mr. Demos. Mr. Demos does not contest that he intentionally made misrepresentations to counterparties. The quotation the government puts forward, out of context, simply means that Mr. Demos maintains that his intent was not culpable. That is, he is not pleading

guilty by way of pleading. A jury still must determine whether the misrepresentations that Mr. Demos acknowledges that he intentionally made were material.

### iii. Materiality is not a Proper Purpose

The Government argues in its Motion that the uncharged trades can be introduced into evidence under Rule 404(b) to show materiality without providing any legal support for its proposition because there is none. Govt. Mot. at 6. The Government argues that the second (FFML 2006-FFA A2), third (HVMLT 2005-2 2A1B), fourth (GSAMP 2006-S3), fifth (BSMF 2006-SL1), and eighth (SASC 2006-S4) trades are probative of materiality. The Government woefully misunderstands that the 404(b) standard does not encompass materiality as a 404(b) exception.

### c. Probative Value of this Propensity Evidence is Substantially Outweighed by its Potential for Unfair Prejudice

The Government argues in its Motion that the *fifty-six* exhibits representing evidence of the eight uncharged trades is not unduly prejudicial because (1) the evidence is highly probative of the charged crimes and valuable circumstantial evidence of opportunity, intent, and materiality; (2) the evidence is not especially worse or shocking than the charged transactions; and (3) the evidence would not be unfair to Mr. Demos because he can request a limiting instruction be given to the Jury. *See* Govt. Mot. at 14-15. All of these arguments are meritless. Moreover, the introduction of evidence of uncharged trades would create an extreme version of a trial within a trial, where the evidence of the uncharged conduct exceeds the evidence the Government intends to use to prove the charged conduct. Therefore, because the Government did not meet the 404(b) standard, and the probative value is substantially outweighed by unfair prejudice, this evidence must be excluded.

*First,* as demonstrated above the fifty-six exhibits the Government intends to offer into evidence, are not being offered for a proper purpose, as required by Rule 404(b). The lack of a

proper purpose or probative value for this evidence is easily outweighed by the substantial prejudice to Mr. Demos and therefore the evidence must be excluded.

*Second*, the Government's one sentence conclusory argument that evidence of uncharged trades is "not especially worse or shocking than the transactions charged" and therefore lacks prejudicial effect is meritless. *See* Govt. Mot. at 14-15.

The Government's reliance on *Abu-Jihaad* is misplaced and dissimilar from the instant case because it did not contemplate "other crimes" evidence pursuant to Rule 404(b), rather the "uncharged support for Jihaad" references statements the Government offered as admissions pursuant to Rule 801(d)(2)(A). *See, e.g., United States v. Abu-Jihaad*, 3:07-CR-057 (MRK), 2008 WL 282368 (D. Conn. Jan. 31, 2008). Therefore, the Second Circuit's review of the recorded discussions that they found tended to show uncharged contemporaneous support for Jihad were addressed by the District Court pursuant to Federal Rule of Evidence 801(d)(2)(A). *Id.* Indeed, the Government sought to introduce the recorded statements as admissions under Rule 801(d)(2)(A). *Id.* at *2.[4] And Mr. Abu-Jihaad argued that he did not contest that the statements were admissions and therefore not hearsay, but argued that they lacked relevance and were highly prejudicial. *United States v. Abu-Jihaad*, 3:07-CR-057 (MRK), 2008 WL 282368 at *3. The Government's attempt to conflate the "uncharged support for jihad" as equivalent to Rule 404(b) uncharged trades is ineffective and misleading.

Moreover, the Government's reliance on *United States v. Pitre* is equally ineffective legal argument because Defendants Pitre and Otero were charged with a conspiracy to distribute heroin

---

[4] The Government sought to introduce as admissions (1) Mr. Abu-jihaad's contacts and familiarity with the Azzam website, (2) his alleged interest in secrecy and communicating in code, (3) statements concerning his ability to provide information to support Derrick Shareef's plan, and (4) his reaction to Mr. Shareef's arrest. *United States v. Abu-Jihaad*, No. 3:07CR57 (MRK), 2008 WL 282368, at *2 (D. Conn. Jan. 31, 2008).

13

and possession of heroin with intent to distribute. *United States v. Pitre*, 960 F.2d 1112, 1129 (2d Cir. 1992). The *Pitre* Circuit Court determined the Rule 404(b) evidence of "prior drug transactions during [the Government's] case-in-chief" was relevant to "informing the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury the illegal relationship between participants in the crime developed." *Id.* at 1118-19. Moreover, the Second Circuit found that the evidence would be admissible to prove intent or knowledge in connect with the charged crimes, that defendants knowingly or intentionally conspired to distribute heroin, or possessed it with intent to distribute it. *Id.* at 1119. Finally, the Second Circuit found that the District Court did not abuse its discretion, when it failed to engage in an explicit Rule 403 balance analysis of the 404(b) evidence, because the District Judge determined the evidence was admissible for the limited purposes of showing background and intent or knowledge. *Id.* As explained above, Mr. Demos has consistently expressed that intent and knowledge are not contested elements, and as this Court has recognized Mr. Demos was not charged with a conspiracy.

*Third*, the Government's one-liner that the evidence would not be unfair to Mr. Demos because he can request a limiting instruction be given to the Jury is an ineffectual solution to the Government's attempt to admit Rule 404(b) evidence. Indeed, Courts recognize that cautionary instructions are not always effective in preventing unfair prejudice. *See, e.g., Bruton v. U.S.*, 391 U.S. 123, 129 (1968) (*quoting Krulewitch v. U.S.*, 336 U.S. 440) (*"*The naïve assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction. * * *") (citations omitted)). *United States v. Awadallah*, 436 F.3d 125, 134 (2d Cir. 2006) ("We know that limiting or curative instructions cannot always undue the damage of prejudicial evidence.").

Here, the Government intends to double the documentary evidence through *fifty-six* individual and unrelated exhibits, add *eight* additional witnesses, and *four* representative or custodian of records witnesses for *four* additional entities. See **Exhibit A**; **Exhibit B**. Despite the presumption that Jurors generally follow instructions given by the Court, it is extraordinary that the Government's position is that Jurors will be able to intellectually categorize half of the Government's evidence, and the testimony of twelve witnesses as available only for the purposes of deciding if Mr. Demos had motive, opportunity, intent, or knowledge, in executing the six charged counts of Securities Fraud. In reality, the Government's attempt to introduce this evidence is their endeavor to bolster the six charged counts of securities fraud, and have the Jurors find that because of the sheer mass of evidence of alleged uncharged crimes Mr. Demos must be guilty of the six charged counts. The prejudice Mr. Demos would face is unacceptable and the Government's attempt to admit propensity evidence must be denied.

*Finally,* it is remarkable that the Government fails to discuss in its Motion the breadth of evidence, exhibits and testimony that the eight uncharged trades would add to Mr. Demos's trial. Indeed, the lack of probative value of this evidence is substantially outweighed by the unnecessary distractions the evidence will cause during Mr. Demos's trial. Therefore, evidence of the uncharged trades should be excluded.

When analyzing uncharged conduct under Rule 403, Courts have been mindful of whether admission of the uncharged conduct would create a "trial within a trial." *See Ferguson*, 246 F.R.D. 116 (excluding uncharged conduct pursuant to Rule 403 because of the "risk of diverting the jury's attention . . . and [the] risk [of] creating a trial within a trial on [the] issue."); *Rickets v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (affirming the District Court's decision to exclude evidence that would have been "more confusing than helpfully probative" and would have created

a "trial within a trial"); *United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (upholding exclusion of relevant evidence because the District Court was concerned its admission would create a trial within a trial); *United States v. Green*, No. 12CR83S1235, 2017 WL 4803957, at *4 (W.D.N.Y. Oct. 25, 2017) (excluding evidence deemed relevant because "its probative value [was] substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the need to conduct a trial within a trial"). The consideration Courts take is heightened in a complex securities case, like this case, where the likelihood of Jury confusion already runs high, running the serious risk that Mr. Demos could be convicted improperly based on an uncharged trade.

Here, the Government is attempting to introduce evidence of uncharged trades that would *double* the Government's documentary evidence, and add to the expected testimony *eight* additional witnesses and *four* additional representative witnesses of four business entities. The Government and Mr. Demos would need to spend a considerable amount of time at trial describing the prejudicial propensity evidence the Government intends to offer because of its sheer mass. Indeed, the evidence contemplated by the Government's Motion would create the most extreme version of a "trial within a trial" because the quantity of evidence of the uncharged trades *exceeds* the quantity of evidence the Government intends to introduce on the six charged counts. Of course, in addition, the six charged counts of securities fraud by themselves comprise charges that are multifaceted and complex. The Government should not be permitted stack on the improper propensity evidence to create a trial within a trial, and therefore, this evidence must be excluded.

## II. The Government's Motion to Admit Evidence of Uncharged Trades as 404(b) Evidence Violates the Court's Scheduling Order and Must be Denied

The scheduling order issued by this Court on February 1, 2017 required the Government to provide Mr. Demos with any Rule 404(b) notice by March 1, 2017. It is undisputed that the

16

Government did not provide this timely notice to seek admission of documents and testimony concerning uncharged trades under Rule 404(b).

Now that its previous theory of uncharged trade admissibility has collapsed, the Government seeks to ignore the notice requirement and admit its evidence via Rule 404(b). While in limited circumstances the Second Circuit has permitted the Government to give a criminal defendant Rule 404(b) notice within weeks of trial[5], scheduling orders are a common feature of securities fraud prosecutions to organize potential legal arguments and the complexity of available information. *See, e.g., United States v. Vilar*, 530 F.Supp.2d 616, 640 (S.D.N.Y. 2008) (ordering the Government to provide Rule 404(b) notice no less than 60 days prior to comment of trial).

This case has been managed by a scheduling order for over a year and a half, and the parties have relied upon the scheduling order to develop trial strategy and facilitate discovery. On April 21, 2017, Mr. Demos moved to preclude the Government from offering uncharged trades as evidence based on the failure to provide timely 404(b) notice. *See* Def. Mem. of Law at 8-12. (ECF 59) The Government argued that such notice was unnecessary because uncharged trade evidence tended to show a common scheme. *See* Govt. Opp. at 7-12. (ECF 64).

These arguments continued in filings throughout April and May, 2017, and many of these motions remain pending before the Court. The Government steadfastly maintained its position that evidence of uncharged trades would be admitted to show a common scheme. On March 19, 2018, this Court granted in part Mr. Demos' Motion, *in limine*, to exclude evidence of uncharged trades as part of a common scheme. Arguing that it had "mistakenly assumed" that its evidence was admissible, Govt. Mot. at 1, the Government now moves the Court to ignore these months of motions and rulings and allow the Government to admit evidence on 404(b) grounds.

---

[5] *See, e.g., United States v. Valenti*, 60 F.3d 941, 945 (2nd Cir. 1996).

It would be manifestly unfair to ignore the scheduling order at this late stage. The Government chose not to pursue admission of uncharged trades via Rule 404(b) when it had every opportunity to adhere to the Scheduling Order, and it must now accept the consequences of this strategy. The Government's Motion to Admit Uncharged Trades as "Other Crimes" Evidence Under 404(b) must be denied.

## CONCLUSION

For the above reasons, we respectfully request that the Court deny the Government's Motion to Admit Evidence and Testimony Regarding Uncharged Trades in Mr. Demos's April 30, 2018 trial.

Respectfully submitted,

DAVID DEMOS

By:  /s/ George Leontire

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

George Leontire
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@baezlawfirm.com

Felicia L. Carboni (phv09485)
The Baez Law Firm
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
felicia@baezlawfirm.com

        Ronald S. Sullivan, Jr.
        6 Everett Street
        Cambridge, MA 02138
        (617) 496-4777
        prof.ron.sullivan@gmail.com

        – and –

        Michael L. Chambers, Jr. (ct28580)
        100 Wells Street, Suite 2C
        Hartford, Connecticut 06103
        (860)231-9535
        chamberslegalservices@gmail.com

        His Attorneys

**CERTIFICATION OF SERVICE**

  I hereby certify that on this date a copy of the foregoing **Memorandum of Law in Opposition** will be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

                */s/ George Leontire*
                George Leontire