UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------- x
                                   :
UNITED STATES OF AMERICA           :    **UNDER SEAL**
                                   :
                                   :
v.                                 :    No. 3:16-cr-220(AWT)
                                   :
                                   :
DAVID DEMOS                        :
                                   :
---------------------------------- x

**ORDER RE MOTION TO DISCLOSE GRAND JURY**
**LEGAL INSTRUCTIONS (DOC. NO. 127)**

For the reasons set forth below, Defendant Demos's Motion to Disclose the Grand Jury Legal Instructions (Doc. No. 127) is hereby DENIED.

After a review of the party's submissions (including the pertinent transcript of the Grand Jury proceedings) and consideration of the arguments of counsel during the hearing on March 12, 2018, the court finds the defendant's arguments unpersuasive with respect to both the applicable legal standard and the facts.

In United States v. Williams, 504 U.S. 36 (1992), the Court stated, "[i]t is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge." 504 U.S. at 51.

Earlier in the opinion, the Court had noted that "Bank of Nova Scotia v. United States, 487 U.S. 250, makes clear that the

1

supervisory power can be used to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those 'few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions.'" Id. at 46 (quoting United States v. Mechanik, 475 U.S. 66, 74 (1986) (O'Connor, J., concurring in the judgment)). The footnote accompanying that sentence reads:

> Rule 6 of the Federal Rules of Criminal Procedure contains a number of such rules, providing, for example, that "no person other than the jurors may be present while the grand jury is deliberating or voting," Rule 6(d), and placing strict controls on disclosure of "matters occurring before the grand jury," Rule 6(e); see generally United States v. Sells Engineering, Inc., 463 U.S. 418 (1983).  Additional standards of behavior for prosecutors (and others) are set forth in the United States Code.  See 18 U.S.C. §§ 6002, 6003 (setting forth procedures for granting a witness immunity from prosecution); § 1623 (criminalizing false declarations before grand jury); § 2515 (prohibiting grand jury use of unlawfully intercepted wire or oral communications); § 1622 (criminalizing subornation of perjury).  That some of the misconduct alleged in Bank of Nova Scotia v. United States, 487 U.S. 250 (1988), was not specifically proscribed by Rule, statute, or the Constitution does not make the case stand for a judicially prescribable grand jury code, as the dissent suggests, see post, at 1751-1752.  All of the allegations of violation were dismissed by the Court -- without considering their validity in law -- for failure to meet Nova Scotia's dismissal standard.  See Bank of Nova Scotia, supra, at 261.

Id. at 46 n.6.  The defendant interprets United States v. Hogan, 712 F.2d 757 (2d Cir. 1983), as setting forth some ground rules,

but the proper guidance as to the "few, clear rules" is Williams.

Consistent with the foregoing, the Court observed in Williams, with respect to evidence subject to the exclusionary rule, that "[i]n United States v. Calandra, a grand jury witness faced questions that were allegedly based upon physical evidence the Government had obtained through a violation of the Fourth Amendment; we rejected the proposal that the exclusionary rule be extended to grand jury proceedings, because of the 'potential injury to the historic role and functions of the grand jury.'" Id. at 50 (quoting United States v. Calandra, 414 U.S. 338, 349 (1974)).

With respect to sufficiency of the evidence relied upon by the jury, the Court noted that "[i]n Costello v. United States, 350 U.S. 359 (1956), we declined to enforce the hearsay rule in grand jury proceedings, since that 'would run counter to the whole history of their grand jury institution, in which laymen conduct their inquiries unfettered by technical rules.'" Id. (quoting Costello, 350 U.S. at 364). The defendant emphasizes language from Hogan stating that "extensive reliance on hearsay is disfavored," 712 F.2d at 761, but Hogan predates Williams.

With respect to exculpatory evidence, the Court stated that "[i]mposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible

3

with" a system where the grand jury sits not to determine guilt or innocence but to assess whether there is adequate basis for bringing a criminal charge.  Id. at 52.

With respect to inadequate or incompetent evidence, the Court noted that "in Costello v. United States, . . . we held that '[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'"  Id. at 54 (quoting Costello v. United States, 350 U.S. 359, 363-64 (1956)).

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), the court may authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  "[T]he burden is on the party seeking disclosure to show a 'particularized need' that outweighs the need for secrecy."  United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978).

Here, the defendant contends that he has demonstrated a particularized need for disclosure of the Grand Jury legal instructions because the government has continually misstated applicable securities fraud law and the government engaged in misconduct before the jury, including improperly vouching for the criminality of the defendant's conduct, misleading the Grand

4

Jury by providing half-answers, deflecting inquiries and making misstatements of fact, and by submitting double hearsay evidence.  The court does not agree.

With respect to the claimed continued misstatements of the law on securities fraud, the defendant makes two points.  First, the defendant contends that the prosecutors in United States v. Shapiro, 3:15-cr-155 (RNC), misstated the law of willfulness, even after Judge Chatigny gave specific instructions.  The court has reviewed the relevant portions of the transcript in Shapiro, i.e., part of the government's rebuttal argument at pages 2940-2942, discussion between counsel and the court at pages 2989-2990, and Judge Chatigny's supplemental instruction to the jury at pages 3005-3009.

As an initial matter, the defendant relies on a rebuttal argument that was given by a prosecutor who is not in this case and was not present for the Grand Jury proceedings.  In any event, the government quite properly cites to United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011) (rebuttal summation is "not a 'detached exposition,' with every word 'carefully constructed . . . before the event[,]" but rather an argument requiring "improvisation") (citations omitted).  The Shapiro transcript makes it clear that that was the situation there, i.e. what the prosecutor was giving was not a carefully constructed presentation, but rather an argument requiring

5

improvisation.  More importantly, however, what happened during that rebuttal argument was that the prosecutor first referred to what the jury instructions said (and did not say), and then made further argument based on what the jury instructions said.  The description of what the jury instructions said (and did not say) was accurate.  The argument that followed is what created the issue.  Arguably improper rebuttal argument, made in response to points that the prosecutor understood to be made in the defendant's summation, does not support an inference that something similar would happen during a presentation on the law to the grand jury.

The defendant also argues that the prosecutors in this case have misstated the standard of materiality.  But the statement the defendant relies on is a quote from United States v. Litvak, 808 F.3d 160, 175 (2d Cir. 2015).  Thus the court finds this argument unpersuasive.

The defendant contends that during the Grand Jury proceedings, the prosecutors improperly vouched for the criminality of the defendant's market conduct by injecting their personal opinions of the defendant's criminality.  First, the defendant relies on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  The court agrees that it would have been better had the response been worded differently, but, looking at the statement

in context, the court cannot conclude that the statement crossed the line and constituted vouching. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, the court is not persuaded that this is an example of vouching.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Thus, the court finds these arguments by the defendant unpersuasive. It appears to the court that, contrary to the defendant's assertions, the prosecutor took steps calculated to avoid the Grand Jury from being misled.

Finally, the defendant argues that by submitting double hearsay, the prosecutors improperly vouched for the criminality of the defendant. The court finds this argument unpersuasive in light of the guidance provided in United States v. Williams.

In his Group II Motions to Dismiss, the defendant makes additional assertions with respect to the government misleading the Grand Jury, which will be addressed in the order with respect to those motions.

The government concedes that there is no longer any specific need for secrecy in this case.  However, the court reads United States v. Moten as requiring the party seeking disclosure to show that there is a particularized need for the transcript of the Grand Jury proceedings and that such need outweighs the need for secrecy.  Based on the foregoing discussion, the court concludes that the defendant has not met his initial burden of showing there is a particularized need for the Grand Jury transcript.  Defendants are not entitled to disclosure of grand jury materials "in order to engage in a fishing expedition in hopes of uncovering an impropriety or defect in the proceeding where [they have] no basis to conclude that an impropriety or defect exists."  United States v. Abounnajah, No. CR-91-00146, 1991 WL 42895, at *2 (E.D.N.Y. Mar. 26, 1991); see also United States v. Stern, No. 03 CR. 81, 2003 WL 22743897, at *3 (S.D.N.Y. Nov. 30, 2003) ("[A]bsent any indication of government impropriety that would defeat that presumption [of regularity], this court has no roving commission to inspect grand jury minutes, and will not fashion one.").

It is so ordered.

Signed this 6th day of April, 2018, at Hartford, Connecticut.

>                /s/ AWT
>     Alvin W. Thompson
>     United States District Judge