```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
v.                              :    No. 3:16-cr-220(AWT)
                                :
                                :
DAVID DEMOS                     :
                                :
------------------------------- x
```

### ORDER RE GOVERNMENT'S 404(B) MOTION
### (Uncharged Trades)

For the reasons set forth below, the Government's Motion to Admit Uncharged Trades as "Other Crimes" Evidence under F.R.E. 404(b) (Doc. No. 248) is hereby GRANTED in part and the court reserves ruling with respect to certain aspects of the motion.

The government seeks to introduce, under Federal Rule of Evidence 404(b), documents and testimony concerning eight uncharged RMBS trades made by defendant David Demos. Those trades are as follows:

| Trade No. | Trade Name | Date of Trade |
|---|---|---|
| 1 | HVMLT 2005-9 | December 6, 2011 |
| 2 | FFML 2006-FFA | January 21, 2012 |
| 3 | HVMLT 2005-2 | February 22, 2012 |
| 4 | GSAMP 2006-S3 | February 23, 2012 |
| 5 | BSMF 2006-SL1 | March 21, 2012 |
| 6 | BSABS 2004-HE2 | July 24, 2012 |
| 7 | FHLT 2005-1 M6 | January 16, 2013 |
| 8 | SASC 2006-S4 | January 17, 2013 |

In general, evidence is admissible under Rule 404(b) "if (1) it is introduced for a proper purpose, (2) it is relevant to the charged offense, (3) its prejudicial effect does not substantially outweigh its probative value, and (4) it is admitted with a limited instruction if requested." United States v. Rutkoske, 506 F.3d 170, 177 (2d Cir. 2007) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1998)).

The third element of the offense of securities fraud is that the defendant acted willfully, knowingly, and with intent to defraud. To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently, and not because of ignorance, mistake, accident or carelessness. To act "willfully" means to act with the intent to do something the law forbids, that is, with a bad purpose to disobey or disregard the law. To act with intent to defraud means to act with specific intent to deceive, i.e. deliberately using deception to induce another to act to his detriment; the defendant's conduct must have been the product of his conscious objective rather than the product of mistake.

In United States v. Oshatz, 912 F.2d 532 (2d Cir. 1990), 404(b) evidence was properly admitted to establish that defendants acted knowingly. See id. at 541-42. In United States v. Bok, 156 F.3d 157 (2d Cir. 1998), 404(b) evidence was properly admitted to establish that a defendant acted willfully.

2

See id. at 165-66.  In United States v. Guyon, 27 F.3d 723 (1st Cir. 1994), 404(b) evidence was properly admitted to establish that the defendant had intent to defraud.  See id. at 729.

The defendant argues that intent and knowledge are not proper purposes.  He states that he concedes intent in that he "does not dispute that he possessed the intent to misrepresent acquisition prices in the charged trades."  Defendant's Opposition Memorandum (Doc. No. 275) at 10-11.  However, as was made clear during oral argument on April 4, 2018, the defendant very much disputes intent to defraud.  The defendant also argues that "[k]nowledge is unavailable to the Government as a theory of admissibility" because "materiality is an objective determination that turns not on the defendant's knowledge, but on a reasonable investor's behavior."  Id. at 11.  However, as was also made clear during oral argument on April 4, 2018, the defendant disputes that he acted "knowingly."

Based on the excerpts of electronic chats with respect to the uncharged trades set forth in the government's motion, the court concludes that the evidence at issue is highly probative. It has a strong tendency to make it more probable that the defendant acted willfully, knowingly and with intent to defraud with respect to the charged trades than would be the case in the absence of such evidence because they reflect the defendant's actions in highly similar circumstances.

The defendant argues that the relevance of evidence with respect to the uncharged trades is of limited relevance because those trades took place within an entirely different market. However, the court concludes that evidence with respect to the uncharged trades is highly probative despite the fact that those trades were "BWICs" because those trades involved the same type of bonds and the defendant was also functioning as a principal.

The defendant argues that the evidence of the uncharged trades should be excluded under Rule 403 as unfairly prejudicial. He contends that such evidence would lead to a "trial within a trial" where evidence of uncharged conduct exceeds the evidence the government intends to use to prove the charged conduct, and also that admission of such evidence would create a risk that the defendant could be convicted improperly based on an uncharged trade. As to the defendant being convicted improperly based on an uncharged trade, the court sees no danger of confusion of the issues or misleading the jury here. Not only are the charged and uncharged trades readily distinguishable, but each of the charged trades is readily distinguishable from the others, as is each of the uncharged trades from every other uncharged trade, on a number of bases.

As to the point concerning a trial within a trial, this is not a situation where there will be a waste of time or undue delay. The contested issues here will be the second element of

4

securities fraud, i.e. materiality of an untrue statement, and the third element of securities fraud, i.e. whether the defendant acted willfully, knowingly and with intent to defraud. It is a rare case where the evidence with respect to whether a defendant acted willfully, knowingly and with intent to defraud is direct evidence.  The evidence on those issues is almost always circumstantial evidence, and the evidence with respect to the uncharged trades is highly probative circumstantial evidence with respect to that element of the offense.  Thus, the court concludes that probative value of this evidence is not outweighed, much less substantially outweighed, by a danger of one of the factors set forth in Rule 403.

In addition, the court concludes that evidence with respect to Trade No. 2 (FFML 2006-FFA) is highly probative with respect to motive, and the court's analysis with respect to Rule 403 is the same as is set forth above with respect to the determination of whether the defendant acted willfully, knowingly, and with intent to defraud.

The government also contends that evidence with respect to the uncharged trades is admissible pursuant to Rule 404(b) because such evidence is probative with respect to what it terms "materiality" and "opportunity."  The court reserves ruling with respect to those issues.

Finally, the defendant argues that evidence with respect to the uncharged trades should be precluded because the government violated the court's scheduling order.  Specifically, the government did not provide timely notice that it was seeking to admit evidence of the uncharged trades under Rule 404(b).  However, it has been apparent since the early days of this case that the government would be seeking to introduce evidence of uncharged trades.  Uncharged trades were a subject of the defendant's supplemental motions filed on April 21, 2017, and the government noted during argument on April 4, 2018 that the reason the defendant wanted 18 months to prepare for trial was to prepare with respect to the uncharged trades.  What is at the heart of the defendant's objection is that the government made it clear that it intended to introduce the evidence with respect to uncharged trades pursuant to one theory, i.e. it was part of a charged scheme, and now, as a result of a ruling by the court, it has only the option of offering that evidence as 404(b) evidence.

Thus, this is not a situation where, at a point close to trial, a defendant is being presented for the first time with evidence that will be 404(b) evidence.  Rather, it is a situation where the theory pursuant to which the evidence is being offered by the government has changed.  The government conceded at oral argument that this constitutes a violation of

6

the scheduling order. However, the court finds unpersuasive the defendant's argument that he has been prejudiced because the theory has changed; the defendant contested the admissibility of the evidence with respect to the uncharged trades under both theories. Under the present circumstances, the court can discern no prejudice to the defendant other than the loss of a tactical advantage.

The court will prepare a draft of a limiting instruction to discuss with counsel, so that it will be available if requested.

It is so ordered.

Signed this 10th day of April, 2018, at Hartford, Connecticut.

                                                /s/ AWT
                                       Alvin W. Thompson
                                       United States District Judge