UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | April 16, 2018 |

**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION IN *LIMINE* TO ADMIT DEFENDANT'S PROFFER STATEMENTS**

Mr. Demos respectfully submits this Memorandum of Law in Opposition to the Government's Motion In *Limine* to Admit Defendant's Proffer Statements, (ECF 291) (hereinafter "Govt. Proffer Mot."), that seeks to conditionally allow the introduction of certain statements Mr. Demos made despite the fact that these statements are subject to proffer agreements and can only be admitted if the waiver provision contained in the agreements is properly triggered.

**BACKGROUND**

Mr. Demos entered into a Proffer Agreement dated August 7, 2014 ("Proffer Agreement") with the United States Securities and Exchange Commission ("SEC"), *In the matter of Cantor Fitzgerald & Co., File No. B-02883*. The Proffer Agreement governed Mr. Demos's meeting with SEC the following day, August 8, 2014.

The Proffer Agreement states, in relevant part:

(3) The Commission's staff will not use any information provided by you during the Meeting, except for the following purposes: …

    (a) To obtain other evidence, which may be used against you and others;

    (b) In any action or proceeding brought or instituted by the Commission against you, to rebut your testimony, evidence offered, or arguments or assertions made by you or on your behalf (including in response to questions raised by a judge or jury);

**ORAL ARGUMENT REQUESTED**

      (c) If you are a witness in any other action or proceeding brought or instituted by the Commission, to rebut your testimony; and

      (d) In any referral to a criminal law enforcement agency or entity as evidence of false statements, perjury, or obstruction of justice, or as the basis for a criminal sentence adjustment for obstructing or impeding the administration of justice.

…

(7) This Agreement does not bind anyone other than the Commission's staff. Except as provided in paragraph 3(d) or unless compelled by law, the Commission's staff will not disclose information provided by you during the Meeting to any other regulator or law enforcement agency or entity not present at the Meeting without an agreement to abide by terms comparable to the terms of this Agreement as applicable to such other regulator or law enforcement agency or entity…

Mr. Demos subsequently entered into a proffer agreement with the United States Attorney's Office ("USAO") on January 28, 2016 ("USAO Proffer Agreement"), which governed the contents of his January 28, 2016 and March 9, 2016 meetings with the USAO.

## I.    The Proffer Agreement Should Be Enforced

In general, statements made by a defendant in the course of unsuccessful plea discussions with the Government are inadmissible. Fed.R.Crim.P. 11(e)(6); Fed.R.Evid. 410; *See U.S. v. Gomez*, 210 F.Supp.2d 465, 472 (S.D.N.Y. 2002). Contrary to the Government's suggestion that "a defendant waives whatever rights he may have had under Federal Rule of Evidence 410," Govt. Proffer Mot. at 2-3, a proffer agreement creates an exception to the general rule of inadmissibility, whereby the defendant agrees that his statements may be used against him in *certain* circumstances. *See Gomez*, 210 F.Supp.2d at 472. The question for the courts is whether Rules 11(e)(6) and 410 may be waived. *United States v. Mezzanatto*, 513 U.S. 196 (1995).

A proffer agreement is a contract that should be enforced in accordance with the principles of contract law. *See Gomez*, 210 F.Supp.2d 465. It must be interpreted "to give effect to the intent

of the parties." *United States v. Barrow*, 400 F.3d 109, 117 (2d Cir. 2005). The admission of statements made during the August 8, 2014 meeting are governed by the Proffer Agreement and pursuant to that agreement can only occur as a rebuttal to defendant's testimony, evidence offered, or arguments made on or behalf of defendant.

The conditional waiver in the Proffer Agreement is retrospective and only triggered if the relevant actions occur. The Government cannot prospectively introduce Mr. Demos's statements prior to defendant's provision of testimony, evidence or arguments that the government thinks contradict the proffered statements. *See United States v. Rosemond*, 841 F.3d 95, 107 (2d Cir. 2016) ("[i]f the defendant makes a factual assertion at trial that contradicts a statement made during the proffer session, the Government may then offer the earlier proffer statement to rebut the assertion being made at trial").

## II.    Mr. Demos's Intended Statements Do Not Trigger the Waiver Provision

To determine whether a defendant has triggered the waiver in the proffer agreement, courts in the Second Circuit ask first whether there has been evidence offered by or on behalf of the defendant that would trigger the Rule 410 waiver, and second whether the proffer statement "fairly rebuts the fact asserted or evidence offered or elicited." *See United States v. Rosemond*, 841 F.3d 95, 108 (2d Cir. 2016) citing *Barrow*, 400 F.3d 117-121.

The relevant query for whether Defendant opens the door for admission of proffer statements is not, as the Government would suggest, whether the defense "argue[s] or present[s] evidence to show that the Government has failed to prove an element of the offense about which Demos made no proffer statements." Govt. Proffer Mot. at 5. Protection of proffer statements is *only* waived where needed "to rebut testimony, evidence offered, or arguments or assertions made by [Demos] or on [Demos's] behalf." *See* Proffer Agreement, [ECF 291-1]. To find otherwise, i.e.

3

that a defendant would open the door to admission of proffered statements by merely touching upon the same subject as that about which he made proffer statements, would be an inaccurate construction of the agreement and would fail to "give effect to the intent of the parties." *See Barrow,* 400 F.3d at 117 (quoting *United States v. Liranzo,* 944 F.2d 73, 777 (2d Cir. 1991)).

Defense counsel may challenge the credibility of the Government's witnesses and the weight and sufficiency of the Government's evidence without opening the door to the admission of proffer statements. *See Gomez*, 210 F.Supp.2d at *476*; *see also Barrow*, 400 F.3d 119 ("[t]hus, a defense argument that simply challenged the sufficiency of government proof on elements such as knowledge, intent, identity, etc., would not trigger the waiver here at issue").

In the present case, arguments that Mr. Demos could make regarding his knowledge at the time of the conduct itself, including the conduct's illegality or wrongfulness, do not contradict the statements that Mr. Demos made during his meeting with the SEC on August 8, 2014. At the time of the meeting, the public arrest and prosecution of Jesse C. Litvak caused reverberations throughout the RMBS industry. Mr. Demos could reasonably respond, in meeting with the SEC, after Litvak's arrest became public knowledge, that he understood at that point that the conduct was wrong. Such a statement has no effect on his prior knowledge or intent at the time of the conduct in question, including whether he knew or should have known that it was illegal or wrongful. Any statements, assertions or arguments he would make at trial as to whether he knew his conduct was wrong prior to Litvak's arrest, therefore, do not contradict the statement he made to the SEC in the wake of Mr. Litvak's indictment.

Mr. Demos's argument as to his intent and the materiality of his representations permissibly relate to the Government's proof on the element of knowledge, rather than standing as inconsistent with the statements Demos made during his meeting with the SEC. *See United*

4

*States v. Oluwanisola*, 605 F.3d 124, 133 (2d Cir. 2010) (finding no inconsistency or contradiction between a defendant's admission that he robbed the bank and his challenge to a witness's testimony that the witness saw the defendant rob the bank and recognized the defendant).

Further, Mr. Demos's potential assertions in relation to his intent and the materiality, or lack thereof, of his representations, stand in stark contrast to the arguments and evidence that the Second Circuit has allowed to open the door for the admission of proffer statements. For example, in *Barrow*, 400 F.3d 109, the court found that the defense's opening statement unequivocally identifying another person as the real perpetrator of the charged crimes, in direct contradiction to the contents of the proffered statement, as well as accusations on cross-examination that a witness fabricated an event, were sufficient to open the door for the admission of the proffer statement. In *Gomez* 210 F.Supp.2d at 470, involving a murder-for-hire where the defendant was found at the scene of the crime, observed dropping a weapon and then related to the government in a proffer session that the shooting was "an intentional murder," the court held that he would open the door to admission of the proffer statement if he argued in his closing statement that the shooting was "an intended kidnapping gone wrong."

Contrary to the cases cited by the Government and its arguments that Mr. Demos's Proffer Agreements contain "a more expansive waiver provisions [*sic*]," Govt. Proffer Mot. at 3, than those found in other cases (citing to *Rosemond*, 841 F.3d 95), the Proffer Agreement at issue is comparable or more restrictive than the other cases at issue. For example, the proffer agreement in *Rosemond*, which the Government posits is more expansive, permitted the Government to use Rosemond's statements against him "as substantive evidence to rebut, directly or indirectly, *any* evidence offered or elicited, or factual assertions made, by or on behalf of [Rosemond] at any stage of a criminal prosecution." *Rosemond*, 841 F.3d at 103. In *Barrow*, 400 F.3d 109, the court focused

5

on the use of the word "any" in the proffer's waiver, and held that it "unambiguously expresses the parties' intent to create an expansive waiver" and applied it to factual assertions made by defendant's counsel in an opening argument and on cross-examination. Mr. Demos's Proffer Agreement limits the waiver to only "*your* testimony, evidence offered, or arguments or assertions made by you or on your behalf."

## CONCLUSION

Mr. Demos respectfully requests this Court deny the Government's Motion to Admit Defendant's Proffer Statements. Mr. Demos respectfully request oral argument to determine this issue.

Respectfully submitted,

DAVID DEMOS

By: _____

Alex Spiro, Esq.
Quinn Emanuel Urquhart & Sullivan
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 - 7364
alexspiro@quinnemanuel.com

## CERTIFICATION OF SERVICE

      I hereby certify that on this date a copy of the foregoing **Memorandum of Law in Opposition** will be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

                                                                   _____
                                                                   Alex Spiro