UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :    No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

## RULING ON GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 291)
**(Conditionally Allowing Proffer Statements)**

For the reasons set forth below, the Government's Motion in Limine to Admit Defendant's Proffer Statements (Doc. No. 291) is hereby DENIED, without prejudice.

The government seeks "an order conditionally allowing introduction of certain statements made by the defendant David Demos during his proffers with either the Government or the Securities and Exchange Commission." Government's Motion in Limine to Admit Defendant's Proffer Statements ("Gov.'s Motion") (Doc. No. 291) at 1. The defendant participated in a proffer session with the Securities and Exchange Commission ("SEC") on August 8, 2014, and proffer sessions with the government on January 28, 2016 and March 9, 2016.

The government seeks an order conditionally admitting the defendant's proffer statements because it "expects Demos to contest materiality and intent at trial." Id. at 2. The

1

government highlights the portion of the typed notes of the August 8, 2014 SEC interview, attributing to the defendant the statement: "I knew it was wrong.  In hindsight, I know why we are here."  Government's Reply in Support of its Motion in Limine to Admit Defendant's Proffer Statements ("Gov.'s Reply") (Doc. No. 298) at 1; see also id. at Ex. A.  The government states that the defendant made similar statements to the government on January 28, 2016.  The government asserts: "[f]or instance, Demos's admissions that he knew it was wrong to lie to customers about price and that he did so to make trades more profitable are inconsistent with an argument that Demos lacked criminal intent . . . .  Similarly, the latter of these admissions -- that Demos lied to increase the profitability of his trades -- is inconsistent with an argument that Demos's lies were immaterial . . . ."  Gov.'s Motion at 4-5.

As an initial matter, the court notes that the August 7, 2014 proffer agreement with the SEC and the January 28, 2016 proffer agreement with the government are enforceable in accordance with their terms.  See United States v. Velez, 354 F.3d 190, 193-97 (2d Cir. 2004); United States v. Gomez, 210 F. Supp. 2d 465, 472-76 (S.D.N.Y. 2002).  The proffer agreement with the SEC provides that the information provided by the defendant could be used "against you, to rebut your testimony, evidence offered, or arguments or assertions made by you or on

your behalf." Gov.'s Motion at Ex. A. The proffer agreement with the government provides that "[t]he Government may and will use statements made by your client at this meeting to rebut any evidence or arguments offered by or on behalf of your client." Id. at Ex. B.

Thus, the scope of the waiver by the defendant is materially different from the scope of the waiver at issue in United States v. Barrow, 400 F.3d 109, 113 (2d Cir. 2005) (proffer statements could be used "as substantive evidence to rebut any evidence offered or elicited, or factual assertions made"), and the scope of the waiver at issue in United States v. Rosemond, 841 F.3d 95, 103 (2d Cir. 2016) (proffer statements could be used "as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual statements made, by or on behalf of [Rosemond]"). Because the proffer waiver here is also triggered by arguments or assertions, it is more expansive than what the court in Barrow described as "an expansive waiver." See Barrow, 400 F.3d at 118 ("The waiver's triggering language unambiguously expresses the parties' intent to create an expansive waiver, applying to 'any evidence,' whether offered directly or elicited on cross-examination.").

The question as to whether the defendant has triggered the proffer waiver could arise during opening statement, during the

3

defendant's cross examination of a witness, and as a result of the defendant offering evidence, in addition to as a result of testimony by the defendant.  See Rosemond, 841 F.3d at 109-10.  Also, "proper rebuttal is not limited to direct contradiction." Barrow, 400 F.3d at 120.  In Barrow, where the focus of the discussion was factual assertions, the court observed that "'rebuttal' is hardly limited to evidence that directly contradicts what it opposes; rather, rebuttal encompasses any evidence that the trial judge concludes fairly encounters and casts doubt on the truthfulness of factual assertions advanced, whether directly or implicitly, by an adversary." Id. at 121. On the other hand, "a defense argument that simply challenged the sufficiency of government proof on elements such as knowledge, intent, identity, etc., would not trigger the waiver here at issue."  Id. at 119.

In Barrow, the court also observed that "when confronted with a government argument that a defense opening or cross-examination implicitly satisfies the factual assertion requirement for waiver, a district court may well have to consider carefully what fact, if any, has actually been implied to the jury before deciding whether proffer statements fairly rebut it."  Id.  The court went on to observe that

> even when a district court is satisfied that a factual assertion triggering a Rule 410 waiver has been made, whether directly or implicitly, that conclusion does

4

> not mandate receipt of the proffer statements in
> evidence. A waiver agreement between the parties does
> not divest a district court of its considerable
> discretion to exclude relevant evidence that may
> inject "unfair prejudice" or "confusion" into the
> jury's resolution of the issues in dispute."

Id.

In light of the foregoing, the parties' respective positions will have to be clear with respect to precisely what evidence or argument has been directly or implicitly put before the jury before the court makes a determination as to whether proffer statements the government seeks to introduce, first, fairly rebut that evidence or argument and, second, are inadmissible under Rule 403. There is no such clarity at this time. Consequently, while conditionally allowing the introduction of proffer statements may be appropriate in some cases, the court concludes that it is not appropriate in this case at this time.

Also, the government maintains that the defendant will trigger the proffer waiver if he "disputes intent and materiality at trial." With respect to the second element of securities fraud, the government must prove that the statement or conduct related to a fact that would be material to a reasonable investor in the non-agency RMBS market. The defendant intends to dispute this element at trial.

5

To prove this element, the government must establish that there was a substantial likelihood a reasonable investor in the non-agency RMBS market would view the misstated fact as one that significantly alters the total mix of information available to the investor.

With respect to the third element of securities fraud, the government is required to prove that the government acted willfully, knowingly and with intent to defraud. The defendant will also contest this element. To act "knowingly" means to act voluntarily and deliberately rather than mistakenly or inadvertently, not because of ignorance, mistake, accident or carelessness. To act "willfully" means to act with the intent to do something the law forbids -- that is, with a bad purpose to disobey or disregard the law. To act with "intent to defraud" means to act with specific intent to deceive. Because an essential element of the offense is intent to defraud, the defendant cannot be convicted if he acted in good faith, i.e. he held an honest belief that his actions were permissible and not in furtherance of unlawful activity.

Given the various components of these two elements of the offense, it is not apparent to the court how the defendant disputing materiality and intent will per se trigger the proffer waiver.

The court's understanding is that it is required to examine specific testimony, evidence or argument and a specific statement during the proffer session to see if that particular statement rebuts that specific testimony, evidence or argument.

Finally, the court notes that while the government observes that "any purportedly exculpatory statements consistent with his arguments and evidence at trial [] are likely inadmissible hearsay if offered by the defense," Gov. Motion at 6, the court's understanding is that whether any such statements are hearsay will depend on the purpose for which they are offered.

It is so ordered.

Signed this 20th day of April, 2018, at Hartford, Connecticut.

                                    /s/ AWT
                              Alvin W. Thompson
                              United States District Judge