# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | April 21, 2018 |

## DEFENDANT DEMOS'S MOTION FOR PRELIMINARY INSTRUCTION TO JURY BEFORE TRIAL

Mr. Demos's respectfully moves this court for a preliminary instruction to the Jury before trial that "lying to increase profits does not constitute securities fraud, more is required."

## <u>BACKGROUND</u>

On January 12, 2018, Mr. Demos moved this Court in *limine* to preclude the Government from making inflammatory characterizations of Mr. Demos's conduct. *See, e.g.,* Def. Mot. in *Limine* to Preclude the Govt. from Making Inflammatory Characterizations of Demos's Conduct, Jan. 12, 2018 (ECF 145); Mem. of Law in Supp., Jan. 12, 2018 (ECF 146).

On March 12, 2018, this Court heard oral argument on Mr. Demos's Motion in *Limine. See United States v. Demos*, 3:16-CR-220 (AWT), Minute Entry Proceedings, Mar. 12, 2018 (ECF 241); *see also United States v. Demos*, 3:16-CR-220 (AWT), Motions Hearing Transcript. Moreover, the Court entered an Order denying Mr. Demos's Motion on March 20, 2018. *See United States v. Demos*, 3:16-CR-220 (AWT), Order Re Def. Mot. in Limine to Preclude the Govt. from Making Inflammatory Characterizations of Demos's Conduct, Mar. 20, 2018 (ECF 256).

# ARGUMENT

At the hearing on Mr. Demos's Motions in *limine* and in the Court's Order, the Court recognized Mr. Demos's concerns regarding the context of the Government's use of terminology like "lie" and "lying;" and the Court indicated it would consider a preliminary instruction. Specifically, the following exchange occurred between the Court and Counsel for Mr. Demos:

> **THE COURT**: I did want to flag one thing that was in one of the quotes in the defense papers.
>
> There was, I think, a reference to a closing argument, rebuttal argument about the defendant lied and that's securities fraud, or something like that. I think the point that's a valid point to make there isn't with respect to the use of the word "lie," it's with respect to the contention in which the word was used, if I just take that quote in isolation.
>
> **MR. LEONTIRE**: Right. Judge, what we would like to ask, if the word "lie" is going to be used --and I can tell you that I sat through the other trials and "lie" is like every third word -- that the Court grant an instruction right at beginning, or somewhere appropriate, that a lie has to be material. A lie in and of itself does not constitute a crime. A lie that constitutes a material misrepresentation has to be found.
>
> **THE COURT**: I'm unlikely to do that, but you can certainly request it.
>
> **MR. LEONTIRE**: What about in the final –
>
> **THE COURT**: I think if you want me to include something in the preliminary instructions to the jury. But I'm not going to comment on the evidence as we go through the trial.

*United States v. Demos*, 3:16-CR-220 (AWT), Motions Hearing Transcript, at 159.

Thereafter, the Court issued its order denying Mr. Demos's Motion in *Limine*.

However, in the Court's order its stated that:

> The defendant expresses a concern based on language used by the government in similar prosecutions. One of the excerpts quoted by the defendant is the following: "[Mr. Litvak] wasn't happy with the amount of profits he was making on his RMBS bond trades. So he lied to increase

those profits. That's not a negotiating tactic. That's a crime. It's called securities fraud." Defendant's Memorandum of Law (Doc. No. 146) at 1 (quoting Litvak Tr. 17-2, 1353). The court is not aware of the context in which this statement was made but, looking at it in isolation, the court does have concern about a statement like this because *lying to increase profits does not constitute securities fraud. More is required*, and care must be taken so as not to mislead the jury as to the elements of the offenses charged here.

*United States v. Demos*, 3:16-CR-220 (AWT), Order Re Def. Mot. in Limine (Inflammatory Characterizations of Conduct), Mar. 20, 2018, at 2-3 (ECF 256) (emphasis added).

Accordingly, Mr. Demos respectfully requests the Court make the following preliminary instruction to the jury:

In the course of this trial, you will hear evidence that Mr. demos lied in the negotiations of the transactions at issue. I am instructing you that lying to increase profits does not constitute securities fraud. More is required.

Respectfully submitted,

DAVID DEMOS

By: _/s/ George Leontire_____

George Leontire
Leontire & Associates, P.C.
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@leontirelaw.com

Felicia L. Carboni
(phv09485)
Leontire & Associates, P.C.
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
felicia@leontirelaw.com

Jose Baez
The Baez Law Firm

40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

Alex Spiro
Quinn Emanuel Urquhart &
Sullivan, LLP
51 Madison Ave
Ste Floor 22
New York, NY 10010
(212) 849-7000
alexspiro@quinnemanuel.com

– and –

Michael L. Chambers, Jr.
(ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys

## CERTIFICATION OF SERVICE

       I hereby certify that on this date a copy of the foregoing **Motion for Preliminary Instruction To Jury Before Trial** will be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

<u>/s/ George Leontire</u>
George Leontire