```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
v.                               :    No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

### ORDER RE DEFENDANT'S MOTION IN LIMINE (DOC. NO. 300)
**(Fraud Loss in Uncharged Trades; Demonstrative Exhibits)**

For the reasons set forth below, Defendant's Motion in Limine to Exclude Evidence and Testimony of Fraud Loss in Uncharged Trades and, in Particular, to Exclude Certain Government Exhibits (Doc. No. 300) is hereby DENIED.

The defendant "moves to exclude evidence and testimony regarding fraud loss [in] uncharged trades and, in particular, to exclude the following eight Government exhibits from trial: GX 815, GX 817, GX 819, GX 821, GX 823, GX 825, GX 827, and GX 829." Defendant's Motion (Doc. No. 300) at 1. The eight exhibits in question are described by the defendant as "created by the Government to summarize fraud loss alleged to have occurred in uncharged trades," id. and characterized by the government as "summarizing the value of a misrepresentation in an uncharged trade." Government's Opposition (Doc. No. 307) at 1.

1

The defendant notes that the court ruled that evidence concerning certain uncharged trades can be admitted for the purpose of establishing the third element of securities fraud, i.e., whether the defendant acted willfully, knowingly, and with intent to defraud.  See Order re Government's 404(b) Motion (Doc. No. 289).  The court also concluded that evidence with respect to Trade No. 2 (FFML 2006-FFA) was highly probative with respect to motive.  The court's ruling was based on the excerpts of the electronic chats with respect to the uncharged trades that had been set forth in the government's motion.  The court did not rule out the possibility that evidence with respect to the other uncharged trades could be admitted for the purpose of showing motive and the court reserved ruling entirely with respect to whether such evidence was admissible for the purposes of establishing "materiality" and showing "opportunity."

The court notes that the government does not seek to introduce the exhibits into evidence, but merely use them as demonstrative exhibits.  However, the government does seek to introduce other evidence.

The evidence the government seeks to introduce does not exceed the scope of the Order re Government's 404(b) Motion.  When the court made reference to circumstantial evidence, it did not limit that evidence to trade tickets and chat logs.  Also, the evidence in question is not being offered by the government

2

as evidence of fraud loss, but rather as evidence with respect to the values of misrepresentations in particular uncharged trades. Thus, it now appears that evidence with respect to each of the uncharged trades will be highly probative with respect to motive.

The defendant contends that evidence with respect to the values of misrepresentations in uncharged trades should be precluded under Federal Rule of Evidence 403 because the total value of the misrepresentations with respect to the uncharged trades is significantly greater than the total value of the misrepresentations with respect to the charged trades. The defendant argues that admission of such evidence will confuse the jurors. However, the court has already concluded that the uncharged trades are readily distinguishable from the charged trades and from each other. The defendant also argues that such evidence will encourage the jurors to "convict [the defendant] as punishment for conduct with which he has not been charged." Defendant's Motion at 4. The evidence with respect to the values of the misrepresentations in the uncharged trades is highly probative with respect to the third element of securities fraud and also with respect to motive. Given the fact that the jury will be given an instruction with respect to the limited purposes for which such evidence can be used, the court concludes that its probative value is not substantially

outweighed by the danger of unfair prejudice or confusing the issues.

The court will continue to actively evaluate whether evidence with respect to the uncharged trades is probative with respect to "materiality" and "opportunity."

It is so ordered.

Signed this 22nd day of April, 2018, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge