## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
v.                              :    No. 3:16-cr-220(AWT)
                                :
                                :
DAVID DEMOS                     :
                                :
------------------------------- x
```

### ORDER RE DEFENDANT'S SUPPLEMENTAL MOTIONS

For the reasons set forth below, David Demos's Supplemental Motions (Doc. No. 58) are hereby DENIED.

### I.  Point One: Motion for a Bill of Particulars or Dismissal of Count 3

The defendant seeks an order directing the government "to provide a bill of particulars identifying the alleged victim of Count 3 and, if the government is unable to do so, order that that count be dismissed. Memorandum of Law in Support of David Demos's Supplemental Motions ("Def.'s Supp. Memo.") (Doc. No. 59) at 5. The court notes that subsequent to the court informing counsel that the instant motion would be denied, the government moved to dismiss Count 3 with prejudice. See Government's Motion to Dismiss Count Three (Doc. No. 302). Because the court had previously informed the parties that this motion would be denied, however, it sets forth the reasons for that decision as opposed to simply denying this motion as moot.

1

The defendant bases his motion on the following:

> The superseding indictment identifies two victims by
> name (Ellington and Marathon, two multi-billion hedge
> funds) – victims that can be matched to the trade
> confirmations and interviews conducted by the
> government in connection with Counts 1-2 (Victim 2:
> Marathon) and 4-6 (Victim 1: Ellington).
>     Notably absent, however, is any apparent link
> between either Ellington or Marathon and Count 3.
> Indeed, the grand jury exhibits relating to the trade
> recited in Count 3 – exhibits provided to us by the
> government in discovery (trade related "chats") –
> mention entities other than Ellington and Marathon
> (Victims 1 and 2).

Id. at 4.

In United States v. Bortnovsky, 820 F.2d 572 (2d Cir.

1987), the court explained that the purpose of Rule 7(f) of the

Federal Rules of Criminal Procedure is to:

> permit[] a defendant to seek a bill of particulars in
> order to identify with sufficient particularity the
> nature of the charge pending against him, thereby
> enabling [a] defendant to prepare for trial, to
> prevent surprise, and to interpose a plea of double
> jeopardy should he be prosecuted a second time for the
> same offense.

820 F.2d at 574.  "Generally, if the information sought by

defendant is provided in the indictment or in some acceptable

alternate form, no bill of particulars is required."  Id.; see

also United States v. Chen, 378 F.3d 151, 163 (2d Cir.

2004) ("[A] bill of particulars is not necessary where the

government has made sufficient disclosures concerning its

evidence and witnesses by other means." (quoting United States

v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)); United States v.

Society of Independent Gasoline Marketers, 624 F.2d 461, 466 (4th Cir. 1979) (no bill of particulars required where extensive disclosure of documents and testimony), cert. denied, 449 U.S. 1078 (1981).

Here, the government's memorandum describes disclosures sufficient to identify the victim of Count 3 as DW Investments. I.e., the grand jury transcripts and exhibits, in addition, the government has expressly stated to the defense that DW Investments is the victim of Count 3.

Therefore, the motion for a bill of particulars or, in the alternative, to dismiss Count 3, is being denied.

## II.  Point Two: Motion to Strike Phrase from Paragraph 4

Paragraph Four of the Superseding Indictment reads as follows: "Demos's victims are known by the Grand Jury to have been certain of Cantor's customers, including but not limited to the institutions described in Paragraphs 7 and 8."  Superseding Indictment (Doc. No. 47) ¶ 4.  The defendant moves to strike the phrase "including but not limited to."

Citing to United States v. Pope, 189 F. Supp. 12 (S.D.N.Y. 1960), the defendant asserts that "numerous courts in this Circuit have made clear that it is unconstitutional for the government to include phrases like 'at least' or 'including but not limited to' in an indictment where those phrases imply that the defendant committed other uncharged crimes."  Def.'s Supp.

Memo. at 6.

In <u>United States v. Kassir</u>, No. 22 04 Cr. 356(JFK), 2009 WL
995139 (S.D.N.Y. April 9, 2009), the court discussed when
"broadening phrases" are problematic.  "[S]urplus language
generally may be stricken only if it is irrelevant to the charge
and inflammatory.  In certain instances, however, language must
be stricken because it impermissibly expands the charge."  2009
WL 995139, at *3 (citation omitted).  In <u>Kassir</u> the court
explained:

> The leading case on this is Judge Weinfeld's
> decision in <u>United States v. Pope</u>, 189 F. Supp. 12
> (S.D.N.Y.1960).  There, charging paragraphs in the
> indictment alleged that a statement by defendants was
> materially false and misleading because, "among other
> things," the statement contained a particular
> falsehood.  The court struck the quoted phrase because
> it "would permit the prosecution to go beyond the
> specific charge of falsity made by the grand jury."
> The language impermissibly delegated to the
> prosecution the authority to enlarge the specific
> charges, which could have resulted in "depriving [the]
> defendant of his constitutional right to be accused of
> a felony offense only on the basis of a grand jury
> indictment."

<u>Id.</u> (quoting <u>Pope</u>, 189 F. Supp. at 25-26).  The court noted,
however, that the "[t]he problem identified in <u>Pope</u> only
arises . . . if the broadening language appears in a charging
paragraph."  <u>Id.</u>

Here, the broadening phrase does not appear in a charging
paragraph and does not in any other way permit the government to
expand the charges, which are specified in the charging

paragraph of the Superseding Indictment, paragraph 26. Moreover, were the language at issue struck, the indictment would falsely state that the only victims were Ellington Financial LLC and Marathon Asset Management.  See Kassir, 2009 WL 995139, at *3 ("Were the quoted language struck, the sentence falsely would state that all overt acts in furtherance of the Bly, Oregon plot took place in this district.").

   Therefore, the motion to strike language from paragraph 4 of the Superseding Indictment is being denied.

### III. Point Three: Motion to Preclude Evidence of Uncharged Conduct

   The defendant moves for an order precluding the government from offering any uncharged conduct in this case.

   For the reasons discussed in the Order re Defendant's Motion in Limine (Doc. No. 143) (Uncharged Trades) (Doc. No. 245), the government will not be allowed to introduce evidence of uncharged trades as direct evidence of the scheme charged in the Superseding Indictment.  However, for the reasons set forth in the Order re Government's 404(b) Motion (Uncharged Trades) (Doc. No. 289), the government will be allowed to introduce, as 404(b) evidence, documents and testimony concerning eight uncharged trades.

   Therefore, the motion to preclude the government from offering any uncharged conduct is being denied.

It is so ordered.

Signed this 23rd day of April, 2018, at Hartford, Connecticut.


_____
/s/ AWT
Alvin W. Thompson
United States District Judge