**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                                 :
                                 :
v.                               :      No. 3:16-cr-220(AWT)
                                 :
                                 :
DAVID DEMOS                      :
                                 :
-------------------------------- x
```

ORDER RE DEFENDANT'S GROUP II MOTIONS

For the reasons set forth below, David Demos's Group II

Motions to Dismiss (Doc. No. 72) are hereby DENIED.

**I.   Point One: The Evidence in This Case is Insufficient to**
      **Prove a Crime**

The defendant argues that the Superseding Indictment should

be dismissed because the government will be unable to prove that

his misrepresentations were material or that he had the

requisite intent to deceive.  The defendant bases his argument

on certain evidence from prior trials of RMBS broker-dealers who

were charged with similar schemes and his prediction as to what

evidence the government will offer against him during the trial

in this case.

Under Federal Rule of Criminal Procedure 29(a), "[a]fter

the government closes its evidence or after the close of all

evidence, the court on the defendant's motion must enter a

judgment of acquittal of any offense for which the evidence is

1

insufficient to sustain a conviction." Challenges to the government's evidence supporting an element or elements of a charged crime are not proper grounds for a motion to dismiss; such challenges must be resolved at trial. See United States v. Alfonso, 143 F.3d 772, 777 (2d Cir. 1998) ("'[A]ny defense, objection, or request which is capable of determination *without the trial of the general issue* may be raised before trial by motion.' 'The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged.'" (first quoting Fed. R. Crim. P. 12(b); and then quoting United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995)). "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the [element of the offense in question], the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." Id. at 776-77. The court is not persuaded that the government, here, has made what can be fairly described as a full proffer of the evidence it intends to present at trial.

Therefore, the defendant's motion to dismiss the Superseding Indictment on this ground is being denied.

## II.   Point Two: The Government Cannot Prove Materiality as a Matter of Law

The defendant argues that "[i]n rare circumstances, the government's theory of materiality is insufficient as a matter of law."  Corrected Version of Memorandum of Law in Support of David Demos's Group II Motions to Dismiss ("Def.'s Memo.") (Doc. No. 97) at 56.  The defendant relies on Feinman v. Dean Witter Reynolds, Inc., 84 F.3d 539 (2d Cir. 1996).  He states that "Feinman established two principles: first, that a lie that does not affect the value of the item being purchased (the bond or security) is immaterial; and second, and independently, that a lie that only affects that value in a de minimis manner is immaterial."  Def.'s Memo. at 56 (citing Feinman, 84 F.3d at 540, 541).  He contends that both principles apply here.

In light of the analysis in United States v. Litvak, 808 F.3d 160 (2d Cir. 2015), the court finds the defendant's arguments unpersuasive.  In Litvak, the defendant argued on appeal that "the misrepresentations he made to counterparties during negotiations for the sale of bonds [were] immaterial as a matter of law because they did not relate to the bonds' value (as opposed to their price)."  808 F.3d at 175.  The court concluded that "Feinman is readily distinguishable from the case presented."  Id. at 176.  The court discussed three reasons why

that was so, and they are equally applicable here.  In addition,
the court noted that

> [s]etting aside <u>Feinman</u>, acceptance of Litvak's
> argument is also inconsistent with the "longstanding
> principle enunciated by the Supreme Court that § 10(b)
> should be construed not technically and restrictively,
> but flexibly to effectuate its remedial purposes, and
> to protect against fraudulent practices, which
> constantly vary."  Finding Section 10(b) inapplicable
> here, as a matter of law, would require an
> impermissibly technical and restrictive construction.

<u>Id.</u> at 177 (quoting <u>Parkcentral Global Hub Ltd. v. Porsche Auto.
Holdings SE</u>, 763 F.3d 198, 221 (2d Cir. 2014)).

Therefore, the defendant's motion to dismiss the
Superseding Indictment on this ground is being denied.

### III. Point Three: The Securities Fraud Laws are Unconstitutional As Applied

The defendant argues that the Superseding Indictment should
be dismissed because the anti-fraud provisions of the securities
laws are unconstitutional as applied to his conduct.  To comport
with due process, a criminal statute must define an offense both
"with sufficient definiteness so that ordinary people can
understand what conduct is prohibited, and in a manner that does
not encourage arbitrary and discriminatory enforcement."
<u>Kolender v. Lawson</u>, 461 U.S. 352, 357 (1983).  "[W]here the
punishment imposed is only for an act knowingly done with the
purpose of doing that which the statute prohibits, the accused
cannot be said to suffer from lack of warning or knowledge that

the act that he does is a violation of law." <u>Screws v. United</u>

<u>States</u>, 325 U.S. 91, 101-03 (1945).

The defendant contends that he lacked fair notice that the

securities fraud statutes applied to his conduct.  However, as

explained by the government at pages 8-10 of its opposition,

"[r]ead as a whole, these statutes and rule [pursuant to which

the defendant was charged with securities fraud] prohibit

willful fraud schemes and material misrepresentations and

omissions in securities transactions.  They use straightforward

terms, at least as easily comprehended as those of other

criminal statutes."  Government's Memorandum in Opposition to

Defendant's "Group II" Motion to Dismiss ("Gov.'s Opp.") (Doc.

No. 85) at 9.  The court agrees that "[a] person of ordinary

intelligence would understand that this conduct implicates

deceptive statements and deceit, potentially important deal

terms, and securities transactions, and thus runs afoul of the

unambiguous terms of Rule 10b-5," <u>id.</u> at 9-10, and it is

immaterial that the alleged crime was committed in the RMBS

market and that no one had been charged with such a crime in

that context prior to the time the defendant engaged in the

alleged offense conduct.

Also, because the statutes and rule under which the

defendant has been charged are unambiguous, the rule of lenity

does not apply.  <u>See</u> <u>Barber v. Thomas</u>, 560 U.S. 474, 560 U.S.

474, 488 (2010) ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." (internal citations and quotation marks omitted)).

The defendant also argues that the ambiguity of the securities fraud statute has invited arbitrary enforcement.  He contends that because cases he views as comparable have been resolved with civil or regulatory penalties, as opposed to criminal prosecution, here there has been arbitrary enforcement of the securities fraud statute, and this establishes that the statute is unconstitutional as applied to his conduct.  However, the substance of the defendant's argument is that the government has chosen to exercise its prosecutorial discretion to pursue a case against him as opposed to others; this does not establish that the securities fraud statute is susceptible to arbitrary enforcement.

Therefore, the defendant's motion to dismiss the Superseding Indictment on this ground is being denied.

## IV.  Point Four: Prosecutorial Misconduct

The defendant argues that the Superseding Indictment should be dismissed because of "the breadth and seriousness of the prosecutorial misconduct in this case."  Def.'s Memo. at 80. The defendant contends that prosecutorial misconduct occurred

during the Grand Jury was convened; in the Grand Jury

proceedings; post-indictment; and across other cases.

The defendant contends that misconduct occurred during the

course of the investigation that resulted in his indictment.  He

asserts that "[i]n its investigation of [the defendant's]

conduct, the United States Attorney either did not memorialize

the favorable statements made by the investor funds or

deliberately did not ask those investor funds the questions that

it knew would yield answers unfavorable to its case."  Def.'s

Memo. at 83.  The government responds that the defendant's

"accusations are premised on misleading quotations pulled from

reports of two victims' interviews.  When presented in context,

it is clear that these victims' statements support the

Government's theory of materiality."  Gov.'s Opp. at 14.  The

government then details its analysis as to why this is so.

"[T]he government has no duty to employ in the course of a

single investigation all of the many weapons at its disposal,

and . . . the failure to utilize some particular technique or

techniques does not tend to show that a defendant is not guilty

of the crime with which he has been charged."  United States v.

Saldarriaga, 204 F.3d 50, 53 (2d Cir. 2000).

The defendant argues that the government engaged in

misconduct in the Grand Jury proceedings.  He claims there was

misconduct in three areas.  The defendant argues that his case

is similar to Unites States v. Hogan, 712 F.2d 757 (2d Cir.
1983), "where the Circuit's ruling led to the dismissal of an
indictment post-trial because the prosecutor presented extensive
hearsay and double hearsay before the grand jury."  Def.'s Memo.
at 82.  However, as explained in the Order Re Motion to Disclose
Grand Jury Legal Instructions ("Order re Legal Instructions")
(Doc. No. 284), the defendant's reliance on Hogan is misplaced
and the appropriate guidance is provided by United States v.
Williams, 504 U.S. 36 (1992).

     The defendant argues, first, that the prosecutors prevented
the Grand Jury from learning about significant statements made
by the counterparties which made it clear that their funds did
not feel that the defendant's misrepresentations were material
and, second, that the prosecutors personally vouched for the
criminality of the defendant's conduct.  The court finds these
arguments unpersuasive for the reasons set forth in the Order re
Legal Instructions.

     As a third area, the defendant argues that the prosecution
systematically misled the Grand Jury, and he gives eight
examples.  The first two examples are addressed in the Order re
Legal Instructions.  For five of the remaining six examples, the
defendant uses excerpts from the Grand Jury testimony to make
the following arguments: (1) that the government refused to
answer a question about whether an investor fund could find out

the truth had it been motivated to do so, Def.'s Memo. at 90;
(2) that the government indicated that it did not know that the
investor funds made massive profits on these transactions, id.
at 102; (3) that the government misrepresented that the investor
funds, before they transacted, believed that the price
representations were true, id. at 91; (4) that the government
told the Grand Jury with certainty that a victim was deceived by
the defendant's statement, when the government should have known
that was not so, and also failed to provide the Grand Jury with
clearly exculpatory statements, id. at 68, 71; and (5) that the
government misled the Grand Jury about Cantor Fitzgerald's
knowledge of the defendant's conduct, id. at 97-98.  The
remaining example is that the government misled the Grand Jury
into believing that the defendant was the only one at Cantor
Fitzgerald who made misrepresentations.

The court has reviewed the relevant portions of the Grand
Jury transcript and concludes that, at best, the defendant makes
a case that the government missed opportunities to provide the
Grand Jury with exculpatory evidence.  However, "[i]mposing upon
the prosecutor a legal obligation to present exculpatory
evidence in his possession would be incompatible with" a system
where the grand jury sits not to determine guilt or innocence
but to assess whether there is adequate basis for bringing a
criminal charge.  Williams, 504 U.S. at 52.

The defendant also argues that there was prosecutorial misconduct in the form of concealing the identity and number of victims and attempts to support his argument by citing to proceedings in other cases.  The court finds these arguments equally unpersuasive.

Therefore, the defendant's motion to dismiss the Superseding Indictment on this ground is being denied.

It is so ordered.

Signed this 23rd day of April, 2018, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge
