UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16-CR-220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DEMOS, | : | |
| | : | |
| Defendant. | : | April 26, 2018 |

**DEFENDANT DEMOS'S MOTION FOR SUBPOENA
UNDER RULE 17(C) TO THE US MARSHALS SERVICE**

Pursuant to Federal Rule of Criminal Procedure 17(c) and for the reasons set forth below in Mr. Demos's incorporated memorandum of law, Mr. Demos moves this Court for an order directing service of a subpoena *duces tecum,* returnable to undersigned counsel on April 27, 2018. The proposed party to be served is the United States Marshals Service ("US Marshals Service"). The subpoena requests that the US Marshals Service produces "video tape footage of the Court proceedings, in the matter of *United States v. Demos*, 3:16-CR-220 (AWT), held in the South Court Room, on April 25, 2018 during the morning session." *See* **Exhibit A.**

**BACKGROUND**

On April 25, 2018, proceedings for *United States v. Demos,* 3:16-CR-220 (AWT), were held in the United States District Court for the District of Connecticut, before the Honorable Judge Alvin W. Thompson. *See, e.g., US v. Demos*, 3:16-CR-220 (AWT), Minute Entry Proceedings, Apr. 25, 2018 (ECF 325). The Jury Trial held on April 25, lasted a total time of 6 hours and 49 minutes. *Id.*

During the morning session, Zachary D. Rosenbaum, of Lowenstein Sandler was present in the galley. Mr. Rosenbaum is Partner and Chair of the Capital Markets Litigation Group at Lowenstein Sandler and represents Marathon Asset Management, L.P.

("Marathon"). *See, e.g.,* **Exhibit B**, email from Attorney Zachary Rosenbaum to Attorney Felicia Carboni, Counsel for Mr. Demos, Dec. 26, 2017, 8:30AM (stating that Lowenstein Sandler LLP Attorneys, including Attorney Rosenbaum, Attorney Jennifer Fiorica Delgado, and Attorney Alexander Strohmeyer, were authorized to accept service of a subpoena *duces tecum* on behalf of Marathon Asset Management).

During the morning session, Marathon employee and Government witness Mr. Edward Cong was cross examined by Attorney Jose Baez, counsel for Mr. Demos. During Mr. Baez's cross examination of Mr. Cong and in the presence of the Jury, it has come to the attention of Defense Counsel that Attorney Rosenbaum stood up from his seat, in the third row, and walked into the aisle between the Courtroom benches, and stood there for a significant amount of time potentially influencing the witness, Mr. Cong. During this significant period of time, Attorney Rosenbaum was seen shaking his head, no, to a question that Mr. Baez posed to the witness, Mr. Cong.

## ARGUMENT

### I.    The Standard for Evaluating Rule 17(c) Subpoenas

"A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence." Fed. R. Crim. P. 17(c)(1); *see United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1984) (discussing that Rule 17 enables a party to obtain and inspect evidentiary material prior to trial). Moreover, Rule 17 of the Federal Rules of Criminal Procedure establishes "a liberal policy for the production, inspection and use" of evidentiary materials in federal criminal cases. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

The materials requested are video tape footage of Attorney Rosenbaum standing up in the Galley and potentially influencing the witness, in the presence of the Jury and during the testimony of Marathon employee Mr. Cong. The requests readily meet the Rule 17(c)(1) standard.

For purposes of Rule 17(c)(1), the relevance requirement is satisfied if there is a "rational inference that at least part of the [materials] relate to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. The Government alleges that Mr. Demos made material misrepresentations to Marathon, an alleged victim in Mr. Demos's criminal prosecution. On April 25, 2018, the Government called Mr. Cong, as a representative and employee of Marathon, and the principal trader on Count two of the Indictment. Mr. Cong's testimony was used by the Government to prove facts relative to the second count against Mr. Demos. The video footage requested will conclusively establish if Mr. Cong's testimony was influenced by Attorney Rosenbaum, during Counsel for Mr. Demos's cross examination of this witness.

The requested video tape footage is likely admissible under the Federal Rules of Evidence, because the video footage was recorded by the US Marshals Service and reflects the proceedings of this Court of law. Moreover, Mr. Demos has requested the video footage with sufficient particularity because he identified both the date, time, and location, depicted therein.

### CONCLUSION

For the above reasons, we respectfully request that the Court issue the Rule 17(c) subpoena to the US Marshals Service and order the production of the requested video footage.

    Respectfully submitted,

    DAVID DEMOS

    By: */s/ George Leontire*
    George Leontire
    Leontire & Associates, P.C.

66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
george@leontirelaw.com

Felicia L. Carboni (phv09485)
Leontire & Associates, P.C.
66 N. Second Street
New Bedford, MA  02108
(855) 223-9080
felicia@leontirelaw.com

Jose Baez
The Baez Law Firm
40 SW 13th Street, Suite 901
Miami, FL 33130
(305) 999-5111
jose@baezlawfirm.com

Ronald S. Sullivan, Jr.
6 Everett Street
Cambridge, MA 02138
(617) 496-4777
prof.ron.sullivan@gmail.com

Alex Spiro
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave
Ste Floor 22
New York, NY 10010
(212) 849-7000
alexspiro@quinnemanuel.com

– and –

Michael L. Chambers, Jr. (ct28580)
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
(860) 231-9535
chamberslegalservices@gmail.com

His Attorneys

-4-

## CERTIFICATION OF SERVICE

  I hereby certify that on this date a copy of the foregoing **Motion for Subpoena Under Rule 17(c) to the US Marshals Service** will be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

                */s/ George Leontire*
                George Leontire