UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR220 (AWT) |
| | : | |
| v. | : | |
| | : | |
| DAVID DEMOS | : | April 29, 2018 |

**OPPOSITION TO DEFENDANT'S
RESPONSE TO THE COURT'S JURY CHARGE**

The Government respectfully submits this Notice to respond to the defendant David Demos's comments to the Court's April 28, 2018 draft jury charge.

**I.     The Court's Willfulness Instruction Is Correct**

The Court's current draft instruction defining "willfulness" is consistent with the Second Circuit's precedent concerning securities fraud cases. *United States v. Kaiser*, 609 F.3d 556, 568 (2d Cir. 2010) (holding that willfulness for purposes of securities fraud under 15 U.S.C.§ 78ff "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct."); *see also United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004) ("Under our jurisprudence, . . . 'willfully' as it is used in § 78ff(a) means intentionally undertaking an act that one knows to be wrongful; 'willfully' in this context does *not* require the actor know specifically that the conduct was unlawful."). Because "willful" is a "word of many meanings, its construction often being influenced by its context," *Spies v. United States*, 317 U.S. 492, 497 (1943), the defendant's citation to willfulness instructions from cases charging crimes other than securities fraud is inapposite.

Demos has been on notice that the Government requested a willfulness instruction based on *Kaiser* since at least, March 5, 2018, when the parties filed their proposed jury instructions.

*See* Dkt. 232 at 44-45. Moreover, before the trial began, the Government objected to the defendant's opening demonstrative, which improperly attempted to equate willfulness with knowledge of illegality. The Court sustained Government's objection and held that "The demonstrative says the government must prove that the defendant knew his conduct was unlawful. That is materially different and incorrect." It was the defendant's choice to ignore the Court's clear ruling and nonetheless argue in his opening statement that "what you have to conclude is that somehow, hypothetically, David Demos is a swami, a fortuneteller or something to know that this is illegal. . . . They have to prove to the exclusion of every reasonable doubt that David had a willful intent to break the law." Thus, even knowing the Court's view of the willfulness, Demos persisted and incorrectly instructed the jury. That the Court will now correct Demos's misstatement of the law was inevitable, and an object lesson in the hazards of offering legal argument in an opening statement.

## II.   The Court's Materiality Instruction Is Correct

The defendant proposes adding language to the Court's draft materiality instruction that confuses the definition, purportedly in order to distinguish between merely important and material information. That proposal unnecessarily complicates the Court's legally accurate definition of materiality.

The defendant's proposal is based on *City of Pontiac Policeman's & Firemen's Retirement Sys. v. UBS AG*, 752 F.3d 173, 185 (2d Cir. 2014), a civil case that predates the Second Circuit's decision in *United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015). In *City of Pontiac*, the question was whether plaintiffs adequately pled materiality when alleging civil securities fraud by UBS under Section 10(b) of the Exchange Act. 752 F.3d at 184. The plaintiffs unsuccessfully alleged that UBS had falsely represented that it prioritized "adequate diversification of risk" and "avoidance of undue concentrations" of assets, and argued that UBS had thereby represented that

"avoidance of asset concentrations was vital to [its] business and success." *Id*. at 185-86. In that context—rejecting the argument that UBS made a material misstatement by representing generically that avoiding asset concentrations was vital (*i.e.*, important) to its business—the Second Circuit stated that "while importance is undoubtedly a necessary element of materiality, importance and materiality are not synonymous." *Id*. at 185. UBS's alleged misrepresentations were insufficiently specific for an investor to reasonably rely upon them, even though they involved an important issue. *Id*. at 186. This holding is of limited application in a criminal case, though, because it is well-settled that reliance is only a requirement in civil securities fraud. *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013).

Here, rather than equating "importance" and "materiality," the Court's existing materiality instruction (on page 14) specifically defines materiality to include the context that was lacking in *City of Pontiac*. Based on the line of cases following *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976), the Court's instruction reads: "To be 'material,' a false statement must be of such importance that it could reasonably be expected to cause a reasonable investor to act or not act, in some way, with respect to the transaction in question." This language closely tracks *Litvak*, in which the Second Circuit spoke definitively on the meaning of materiality in securities fraud: "A misrepresentation is material under Section 10(b) of the Securities Exchange Act and Rule 10b-5 where there is 'a substantial likelihood that a reasonable investor would find the … misrepresentation important in making an investment decision.'" *Litvak*, 808 F.3d at 175 (ellipsis in original), quoting *Vilar*, 729 F.3d at 89.

The Court should not alter its accurate definition of materiality in a way that confuses the issue.

## III. The Court's Reasonable Investor Definition Is Correct

The defendant asks the Court to amend its definition of a reasonable investor to marshal what it considers to be the relevant criteria. The Government does not dispute that sophistication, objectives, available information, analyses, and market practices may all be components of a reasonable RMBS investor, but that list clearly emphasizes ones that are helpful to the defendant's theory of the case. It is more comprehensive to instruct—as the Court's draft does—that the jury "should consider all of the evidence about what such an investor would consider important when making an investment decision." Court's April 28, 2018 Draft Instruction at 6. Moreover, deleting the third sentence from the draft instruction, as Demos requests, also removes the instruction to "approach the question of materiality objectively."

## IV. The Court's Inference Instruction Is Correct

The Court's explanation of the proper use of inferences ("The point being made here is that you may infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other relevant fact.") is correct and need not be changed. If the Court is inclined to elaborate, it should not include Demos's entire requested instruction, which is repetitive; at most, the Court should add the first two sentences from the defendant's request: "An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a fact exists based on the existence of another fact." However, if the Court does add to the inference instruction, it should similarly elaborate on the definition of reasonable doubt to include the following standard charging language:

> A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

Leonard B. Sand, *et al.*, Modern Federal Jury Instructions, 4-2 (2017).

## V. The Court Should Not Add the Requested Definition of Agency and Principal Relationships

Demos asks the Court to instruct the jury on an irrelevant and undeveloped point in aid of his theory of the case.

Pre-trial, the Government disclaimed any intent to introduce evidence that any victims perceived Demos to be their agent or fiduciary. Dkt. #258 at 6. True to its word, the Government did not inquire on the topic, and no witness testified on direct or re-direct examination about his perception of Demos's status as an agent or fiduciary. Instead, on cross examination, the defense asked Edward Cong about the legal obligations running from Demos to his victims, to which he responded that "I don't know what the obligations of a broker-dealer are to the buyer and seller legally." Rather than accept the witness's lack of competency on this point, the defense returned to the subject repeatedly, managing only to elicit Mr. Cong's view that the real parties in the negotiation were himself and the seller. Importantly, Mr. Cong did not refer to Demos as either his agent or fiduciary.

Having failed to develop any evidence that put the agent/fiduciary issue before the jury, Demos now asks the Court to instruct the jury on the irrelevant distinction between an agent and a principal. While the requested instruction would be helpful to the defense's argument—that the absence of a fiduciary duty makes Demos's lies legal—it would not be helpful to the jurors.

If the Court were to give the requested instruction, it would introduce confusion as to the legal significance of the fact that Demos had no fiduciary duty. To remedy that confusion, the Court would have to add curative language to the requested instruction, as follows: "However, I instruct you it is not an element of the charged crime whether the defendant was an agent or had a fiduciary duty. Even someone who is not an agent and does not have a fiduciary duty can be guilty of securities fraud."

## VI. The Proposed Defense Theory Is Inappropriate

Demos's proposed defense theory asks the Court to marshal certain favorable evidence (inaccurately) and is not a legally cognizable defense.

The Court "enjoys broad discretion in crafting its instructions[,] which is only circumscribed by the requirement that the charge be fair to both sides." *United States v. Brand*, 467 F.3d 179, 205 (2d Cir. 2006) (quotation marks omitted). A defendant challenging a refusal to give a requested jury instruction carries the "heavy burden…[of showing] that his proposed charge accurately represented the law in every respect, and that the charge actually given, viewed as a whole, prejudiced him." *United States v. Feliciano*, 223 F.3d 102, 116 (2d Cir. 2000) (internal quotation marks omitted). Although a defendant is "entitled to have the court charge the jury on any defense theory for which a foundation existed in the record, he [is] not necessarily entitled to have that instruction communicated to the jury in the language of his choice." *Brand*, 467 F.3d at 205 (quotation marks omitted) (alteration in original). The Second Circuit will not disturb a district court's refusal to present a defense theory unless "(1) the requested instruction was legally correct; (2) it represents a theory of defense with basis in the record that would lead to acquittal; and (3) the theory is not effectively presented elsewhere in the charge." *United States v. Coplan*, 703 F.3d 46, 87 (2d Cir. 2012).

First, Demos's requested defense theory is largely a factual instruction, rather than a legal one. Nearly every sentence intrudes on the jury's role as the sole finder of facts. Moreover, many sentences contain editorial comment on what the defendant hopes the jury will find to be the evidence in the case. To take one example, Demos requests the Court deliver this comment on certain evidence: "While trading in this <u>unique</u> RMBS market, David engaged in <u>negotiation tactics</u>, <u>quite common to the industry</u>, which included lying about his company's acquisition prices of the securities at issue." Each of the underlined phrases is argumentative or unsupported by the

evidence. As a factual commentary, Demos's proposal fails the basic requirement that it must "accurately represented the law in every respect." *Feliciano*, 223 F.3d at 116.

Second, Demos's requested defense theory is legally defective. Demos asks the Court to instruct that, "[n]either David nor anyone in the RMBS market knew or had reason to know that these negotiation tactics were unlawful until January of 2013, when, for the first time in the history of the RMBS market, a trader was arrested for lying about his acquisition costs." The first clause of this sentence is not supported by the evidence. But even if it were, Demos's failure to recognize the illegality of his conduct is legally irrelevant. *Kaiser*, 609 F.3d at 568 (willfulness for securities fraud "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct."). Thus, Demos's proposal does not "represent[] a theory of defense with basis in the record that would lead to acquittal." *Coplan*, 703 F.3d 46 at 87.

Instead, the Government suggests that the Court deliver an even-handed explanation of the defense's actual theory, such as the following:

> The defendant does not dispute that, while trading in the non-agency RMBS market for Cantor Fitzgerald, he lied about his company's acquisition prices of the securities at issue. However, he contends that the Government has failed to prove he acted with criminal intent. The defendant also contends that lying about price or acquisition costs is not a material misrepresentation in the RMBS market.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY